UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

SIDNEY MANES, administrator of the estate of

HECTOR RIVAS,

Plaintiff,

***ANSWER TO THE AMENDED***

***COMPLAINT***

vs.

Civil Action No. 5:19-cv-844 (BKS/TWD)

ONONDAGA COUNTY, CITY OF SYRACUSE,

WILLIAM FITZPATRICK, DR. ERIK MITCHELL, AND

*Jury Trial Demanded*

"JOHN DOES 1-10",

Defendants.

Defendant WILLIAM FITZPATRICK, for his Answer to Plaintiff's Amended Complaint

(EFC Doc. 16) (hereinafter referred to as the "Amended Complaint") and through the undersigned

attorney of record, alleges as follows responding to the Preliminary Statement of the Amended

Complaint admitting paragraph 2 thereunder, denying paragraph 3 thereunder and lacking

knowledge and information sufficient to form a belief as to paragraphs 1, 4 and 5 thereunder and

thereafter answering the remainder of the Amended Complaint as follows:

1.    ADMITS the allegations under those paragraphs marked and numbered: 1., 2., 5,
6, 8, 10, 11, 12, 16, 17, 18, 19, 30, 31, 32, 33, 34, 35, 36, 37, 38, 40, 41, 44, 45,
48, 60, 62, 63, 81, 84, 88, 89, 91, 92, 93, 94, 100, 103, 104, 105, 106, 107, 108,
110, 111, 112, 113, 120, 121, 123, 124, 125, 140, 141, 142, 143, 144, 145, 150,
151, 153, 157, 161, 163, 169, 170 177, and 184.

2.    DENIES the allegations under those paragraphs marked and numbered: 3, 4, 7,
42, 43, 46, 49, 50, 57, 58, 59, 64, 65, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78,

1

79, 80, 82, 83, 85, 86, 87, 90, 95, 96, 102, 117, 118, 122, 129, 130, 133, 134, 135, 136, 137, 155, 156, 158, 159, 160, 162, 165, 166, 167, 171, 172, 174, 175, 176, 179, 180, 181, 182, 183, 185, 186, 187, 188, 189, 190, 191, 193, 194, 195, 196, 197, 198, 199, 201, 202, 204, 205, 206, 207, 208, 210, 211, 212, 213, 214, 215, 216, 217, 219, 220, 221, 223, 224, 225, 226, 227, 228, 229, 230, 231, 232, 233, 234, 235, 236, 237, 239 and 240.

3. The Defendant lacks knowledge and information sufficient to form a belief and thus denies the allegations contained in paragraphs marked and numbered: 1, 4, 13, 14, 15, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 51, 52, 53, 54, 55, 56, 88. 97, 98, 119, 126, 127, 128, 131, 132, 138, 139, 146, 147, 148, 149, 152, 154, 164, 168, 178, 192, 200, 203, 209, 218, 222, 238 and 241.

4. The Defendant Fitzpatrick ADMITS all of paragraph 9 with the exception that he was not responsible for policies in place prior to 1992 or the practices and customs and that this allegation is relevant only as of 1992 and thereafter.

5. As to paragraph 39, the Defendant Fitzpatrick ADMITS all of the paragraph except for "but was cooperative" which he lacks knowledge and information sufficient to form a belief.

6. As to paragraph 47, the Defendant ADMITS that part of the paragraph that states "this case encountered a tremendous amount of media publicity in Syracuse" but DENIES the remainder of the paragraph.

7. As to paragraph 61, the Defendant Fitzpatrick ADMITS that he campaigned but alleges that he was unopposed and contemplated reopening cold cases at it was

part of the responsibility of the District Attorney, but DENIES any specific contemplation of the Valerie Hill Murder case.

8. As to paragraph 66, the Defendant DENIES the following part of the sentence "at the time of this request was made, Mitchell was under criminal investigation by Fitzpatrick's office" and  upon lack of knowledge and information sufficient to form a belief as to the remainder of the paragraph.

9. As to paragraph 99, the Defendant Fitzpatrick ADMITS that Mitchell testified as set forth in this paragraph, except DENIES that Mitchel testified that he reviewed the "sectional" slides.

10. As to paragraph 101, the Defendant ADMITS that the Joe Morgan affidavit was disclosed but DENIES the remainder of the paragraph.

11. As to paragraph 109, the Defendant Fitzpatrick ADMITS the allegations in this paragraph except he DENIES "suggesting that Hill (the most likely person to have returned it) was alive at least as late as Saturday afternoon."

12. As to paragraph 114, the Defendant Fitzpatrick DENIES that "Rivas' attorney did not explicitly challenge Mitchell's credibility" and lacks knowledge and information sufficient to form a belief regarding the remainder of this paragraph.

13. As to paragraph 115, the Defendant Fitzpatrick DENIES that he defended Mitchell's placing the time of death on Friday, March 27, 1987 and he admits that he argued that the temperature in Hill's home was between 62 and 64 degrees and therefore that the process of rigor mortis was slowed.

3

14.     As to paragraph 116, the Defendant Fitzpatrick ADMITS that he argued that Mitchell "had a chance to review autopsy sectional slides of the brain" but denies the remainder of the paragraph.

15.     As to paragraph 129, the Defendant Fitzpatrick ADMITS that he characterized the slides in his summation as "autopsy sectional slides" and DENIES the remainder of the paragraph.

16.     As to paragraph 173, the Defendant Fitzpatrick DENIES "next, in late April 2016, Fitzpatrick office for the first time" and ADMITS the remainder except for the quotation of which he denies.

17.     Any paragraph not specifically pled above is DENIED.

### *AS AND FOR A FIRST AFFIRMATIVE DEFENSE*

18.     The claims and causes of action set forth herein are barred by the applicable statute of limitations.

### *AS AND FOR A SECOND AFFIRMATIVE DEFENSE*

19.     All or part of the malicious prosecution claim under 42 U.S.C. § 1983 is barred by the applicable statute of limitations.

### *AS AND FOR A THIRD AFFIRMATIVE DEFENSE*

20.     All or part of the malicious prosecution is barred by the doctrine of *Res Judicata* based on the Decision in Manes v. State of New York, Claim No. 131715. Each and every claim as set forth in paragraphs 91-231 of the Complaint is similarly barred.

### *AS AND FOR A FOURTH AFFIRMATIVE DEFENSE*

4

21.    The claim for malicious prosecution is barred by the doctrine of *Res Judicata* based on Manes v. State of New York, Claim No. 131715. Each and every claim as set forth in paragraphs 191-231of the Complaint is similarly barred.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

22.    The claims set forth in paragraphs 188-231 of the Complaint are barred by the applicable statute of limitations. Any 42 U.S.C. § 1983 claim of Plaintiff against Defendant accrued more than three years before the date of the commencement of this action. Any 42 U.S.C. § 1983 claim of Plaintiff has not been timely interposed against Defendant. Any 42 U.S.C. § 1983 claim of Plaintiff against Defendant is barred and may not be prosecuted or maintained because of statute of limitations.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

23.    Any state false imprisonment or arrest, malicious prosecution, libel, slander, abuse of process, conspiracy, or other intentional tort claim of Plaintiff against the Defendant herein accrued more than one year before commencement of this action. Any state false imprisonment or arrest, malicious prosecution, abuse of process, conspiracy, or other intentional tort claim of Plaintiff against the Defendant has not been timely interposed. Any state false imprisonment or arrest, malicious prosecution, abuse of process, conspiracy, or other intentional tort claim of the Plaintiff against this Defendant may not be prosecuted or maintained because of statute of limitations.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

5

24.   Any state negligence claim of Plaintiff against the Defendant accrued more than three years before the commencement of this action.  Any state negligence claim of Plaintiff against Defendant has not been timely interposed. Any state negligence claim of Plaintiff against defendant may not be prosecuted or maintained because of statute of limitations.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

25.   Any detention, arrest, or imprisonment of Plaintiff was privileged and justified by probable cause to believe that Plaintiff committed the crime for which Plaintiff was detained, arrested, or imprisoned.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

26.   Any criminal prosecution of Plaintiff's Decedent was privileged and justified by probable cause to believe that Plaintiff's Decedent committed the crime for which Plaintiff was prosecuted.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

27.   Any act or omission of Defendant was an act or omission of Defendant in furtherance of the criminal prosecution of Plaintiff's Decedent.

28.   Defendant has absolute immunity from Plaintiff's claims arising out of any act or omission of Defendant in furtherance of criminal prosecution of Plaintiff.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

29.  Any act or omission of Defendant was a reasonable, in good faith, and discretionary act or omission of the Defendant in the performance of a governmental function.

30.  Defendant has immunity from Plaintiff's claims arising out of any reasonable, in good faith, and discretionary act or omission of the Defendant in the performance of a governmental function.

*WHEREFORE*, the Defendant prays that the Plaintiff's claims be dismissed with prejudice with all applicable costs and disbursements.


Dated: September ⟋16, 2019                Respectfully submitted,

Robert F. Julian, Esq.
Bar Roll Number: 601157
ROBERT F. JULIAN, P.C.
*Attorney for Defendant*
William Fitzpatrick
2037 Genesee St
Utica, NY  13501
315-797-5610
Email: contact@rfjulian.com

TO:

Ameer Benno, Esq.
BLOCK, O'TOOLE & MURPHY, LLP
One Penn Plaza, Suite 5315
New York, NY  10119

7