UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

SIDNEY MANES, administrator of the estate of

HECTOR RIVAS,

<table>
<tr><td>Plaintiff,</td><td>**ANSWER TO AMENDED COMPLAINT**</td></tr>
<tr><td>vs.</td><td>Civil Action No. 5:19-cv-844 (BKS/TWD)</td></tr>
<tr><td>ONONDAGA COUNTY, CITY OF SYRACUSE,</td><td>JURY TRIAL DEMANDED</td></tr>
</table>

WILLIAM FITZPATRICK, DR. ERIK MITCHELL, AND

"JOHN DOES 1-10",

Defendants.

Defendant ERIK MITCHELL for his Answer to the Plaintiff's Amended Complaint (EFC Doc. 16) (hereinafter referred to as the "Amended Complaint") and through the undersigned attorney of record alleges as follows in responding to the Preliminary Statement, admitting paragraph 2, denying paragraph 3, and lacking knowledge and information to form a belief as to paragraphs 1, 4, and 5, and answering the remainder of the Amended Complaint as follows:

1. ADMITS the allegations under those paragraphs marked and numbered: 1, 8, 10, 15, 16, 18, 19, 48 and 60.

2. DENIES the allegations under those paragraphs set forth after "The Parties" marked and numbered: 14, 27, 28, 54, 55, 56, 57, 58, 59, 65, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 130, 187, 188, 190, 191, 193, 194, 195, 196, 197, 198, 199, 201, 202, 204, 206, 207, 208, 210, 211, 212, 213, 214, 215, 216,

1

217, 218, 219, 220, 221, 223, 224, 225, 226, 227, 228, 229, 230, 231, 232, 233, 234, 235, 236, 237, 239, and 240.

3. The Defendant lacks knowledge and information sufficient to form a belief and thus DENIES the allegations contained in paragraphs marked and numbered: 2, 3, 4, 5, 6, 7, 9, 11, 12, 13, 20, 21, 22, 23, 24, 25, 26, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 49, 50, 52, 53, 61, 62, 63, 64, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 123, 124, 125, 126, 127, 128, 129, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 189, 190, 192, 198, 200, 203, 204, 205, 206, 209, 215, 219, 222, 230, 231, 238 and 241.

4. Any allegation not referenced in the above paragraphs is DENIED.

5. The Defendant Mitchell as to paragraph 17, ADMITS that he was employed by Onondaga County through 1993 and DENIES he was so employed thereafter.

6. As to paragraph 51, Defendant admits that Dr. Sawyer worked under Defendant Mitchell's direct supervision and denies knowledge sufficient to form a belief as to the remainder of paragraph 51.

7. As to paragraph 66, Defendant DENIES that he was under investigation by Defendant Fitzpatrick's office at the time referenced in this paragraph, and

DENIES knowledge sufficient to form a belief as to the remainder of paragraph 66.

8. As to paragraph 99, the Defendant Mitchell ADMITS, he testified that he reviewed slides for the purpose of his testimony, but did not testify he reviewed "sectional" slides. He cannot recall if he reviewed coda chrome slides of the brain, microscopic slides or physical sections of the brain or any combinations thereof.

9. As to paragraph 122, the Defendant admits that he resigned from his position as Onondaga County Medical Examiner, and denies knowledge sufficient to form a belief as to the remainder of paragraph 122.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

10. The claims and causes of action set forth herein are barred by the applicable statute of limitations.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

11. At all times, the Defendant acted within the scope of his duties and within the scope of his duties and with a good faith and is, therefore, entitled to official and qualified immunity from liability and suit.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

12. The Complaint herein fails to set forth a claim upon which relief may be granted.

3

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

13. All or part of the malicious prosecution claim under 42 U.S.C. § 1983 is barred by the applicable statute of limitations.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

14. All or part of the malicious prosecution is barred by the doctrine of *Res Judicata* based on the Decision in Manes v. State of New York, Claim No. 131715. Each and every claim as set forth in paragraphs 91-231 of the Complaint is similarly barred.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

15. The claim for malicious prosecution is barred by the doctrine of *Res Judicata* based on Manes v. State of New York, Claim No. 131715. Each and every claim as set forth in paragraphs 191-231of the Complaint is similarly barred.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

16. The claims set forth in paragraphs 188-231 of the Complaint are barred by the applicable statute of limitations. Any 42 U.S.C. § 1983 claim of Plaintiff against Defendant accrued more than three years before the date of commencement of this action. Any 42 U.S.C. § 1983 claim of Plaintiff has not been timely interposed against Defendant. Any 42 U.S.C. § 1983 claim of Plaintiff against Defendant is barred and may not be prosecuted or maintained because of statute of limitations.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

17. Any state false imprisonment or arrest, malicious prosecution, libel, slander, abuse of process, conspiracy, or other intentional tort claim of Plaintiff against the

4

Defendant herein accrued more than one year before commencement of this action. Any state false imprisonment or arrest, malicious prosecution, libel, slander, abuse of process, conspiracy, or other intentional tort claim of Plaintiff against the Defendant has not been timely interposed. Any state false imprisonment or arrest, malicious prosecution, libel, slander, abuse of process, conspiracy, or other intentional tort claim of the Plaintiff against this Defendant may not be prosecuted or maintained because of statute of limitations.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

18. Any state negligence claim of Plaintiff against the Defendant accrued more than three years before the commencement of this action. Any state negligence claim of Plaintiff against Defendant has not been timely interposed. Any state negligence claim of Plaintiff against defendant may not be prosecuted or maintained because of statute of limitations.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

19. Any detention, arrest, or imprisonment of Plaintiff was privileged and justified by probable cause to believe that Plaintiff committed the crime for which Plaintiff was detained, arrested, or imprisoned.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

20. Any criminal prosecution of Plaintiff was privileged and justified by probable cause to believe that Plaintiff committed the crime for which Plaintiff was prosecuted.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

5

21. Any act or omission of Defendant was an act or omission of Defendant in furtherance of the criminal prosecution of Plaintiff.

22. Defendant has absolute immunity from Plaintiff's claims arising out of any act or omission of Defendant in furtherance of criminal prosecution of Plaintiff.

### *AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE*

23. Any act or omission of Defendant was a reasonable, in good faith, and discretionary act or omission of the Defendant in the performance of a governmental function.

24. Defendant has immunity from Plaintiff's claims arising out of any reasonable, in good faith, and discretionary act or omission of the Defendant in the performance of a governmental function.

**WHEREFORE,** the Defendant prays that all claims asserted in the Complaint be dismissed with prejudice with all applicable costs and disbursements.

Dated: September 16, 2019

Respectfully submitted,

Robert F. Julian, Esq.
Bar Roll Number: 601157
ROBERT F. JULIAN, P.C.
*Attorney for Defendant*
Dr. Erik Mitchell
2037 Genesee St
Utica, NY 13501
315-797-5610
Email: contact@rfjulian.com

TO:

6

Ameer Benno, Esq.
BLOCK, O'TOOLE & MURPHY, LLP
One Penn Plaza, Suite 5315
New York, NY 10119