United States District Court
Northern District of New York

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

Sidney Manes,

|  |  |
|---|---|
| Plaintiff, | Case No. 5:19-cv-00844-BKS-TWD |
| V | Answer to Amended Complaint |
| Onondaga County et al., | Demand for Jury Trial |
| Defendants. | |

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

Onondaga County (defendant), as an answer to the amended complaint [Dkt. No. 16] of Sidney Manes (plaintiff), states:

1. Defendant admits the allegations of the first paragraph numbered 2, the second paragraph numbered 3, the second paragraph numbered 6, and paragraphs numbered 7, 8, 9, 17, 48, 60, 120, 122, 123, 124, 125, 137, 138, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 154, 155, 156, 157, and 184 of the amended complaint.

2. Defendant denies the allegations of the second paragraph numbered 4, the second paragraph numbered 5, and paragraphs numbered 10, 11, 14, 15, 54, 55, 56, 57, 58, 59, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 83, 86, 87, 117, 118, 130, 134, 135, 187, 188, 189, 224, 225, 226, 227, 228, 229, 230, 231, 232, 233, 234, 235, 236, and 237 of the amended complaint.

3. Defendant lacks knowledge or information sufficient to form a belief about the truth of all allegations of the amended complaint not admitted or denied by defendant in paragraphs numbered 1 and 2 of this answer to the amended complaint.

First Defense

4.  Defendant was a public corporation performing a governmental function.

5.  William Fitzpatrick (Fitzpatrick) and Erik Mitchell (Mitchell) were employees of defendant performing a governmental function.

6.   Defendant has a statutory obligation to indemnify Fitzpatrick and Mitchell while acting in good faith within the scope of their public employment or duties.

7.  Any act or omission of defendant, Fitzpatrick, or Mitchell was a reasonable, in good faith, and discretionary act or omission in the performance of a governmental function.

8.  Defendant, Fitzpatrick, and Mitchell have immunity from plaintiff's claims arising out of defendant's, Fitzpatrick's, or Mitchell's reasonable, in good faith, and discretionary act or omission in the performance of a governmental function.

9.  Such claims may not be prosecuted or maintained.

Second Defense

10.  Fitzpatrick and Mitchell in their official capacities had not a legal identity different from defendant.

11. Plaintiff's claims against Fitzpatrick and Mitchell in their official capacities are duplicative of plaintiff's claims against defendant.

12.  Plaintiff's claims against Fitzpatrick and Mitchell in their official capacities may not be prosecuted or maintained.

### Third Defense

13. Fitzpatrick was the district attorney for the County of Onondaga with the duty to conduct the criminal prosecution of Hector Rivas (Rivas).

14. Any act or omission of Fitzpatrick was an act or omission of Fitzpatrick in furtherance of the criminal prosecution of Rivas.

15. Defendant and Fitzpatrick have absolute immunity from plaintiff's claims arising out of Fitzpatrick's act or omission in furtherance of the criminal prosecution of Rivas.

16. Such claims may not be prosecuted or maintained.

### Fourth Defense

17. A notice of plaintiff's claims of personal injury or damage to property by reason of the negligence or wrongful act of defendant, Fitzpatrick, or Mitchell has not been made and served in compliance with General Municipal Law § 50-e.

18. A condition precedent to the prosecution and maintenance of such claims has not been performed.

19. Such claims may not be prosecuted or maintained.

3

Fifth Defense

20. A notice of plaintiff's claims of damage, injury, invasion of personal or property rights, casual or continuing trespass, nuisance, or other claims for damages arising at law or in equity alleged to have been caused or sustained in whole or in part by or because of any misfeasance, omission of duty, negligence or wrongful act on the part of defendant, Fitzpatrick, or Mitchell has not been made and served in compliance with County Law § 52.

21. A condition precedent to the prosecution and maintenance of such claims has not been performed.

22. Such claims may not be prosecuted or maintained.

Sixth Defense

23. It does not appear by and as an allegation of the amended complaint that at least 30 days have elapsed since the service of a notice of plaintiff's claims of personal injury or damage to personal property by reason of the negligence or wrongful act of defendant, Fitzpatrick, or Mitchell in compliance with General Municipal Law § 50-e, and that adjustment or payment thereof has been neglected or refused.

24. A condition precedent to the prosecution and maintenance of such claims has not been performed.

25. Such claims may not be prosecuted or maintained.

Seventh Defense

26. It does not appear by and as an allegation of the amended complaint that at least 30 days have elapsed since the service of a notice of plaintiff's claims of damage, injury, invasion of personal or property rights, casual or continuing trespass, nuisance, or other claims for damages arising at law or in equity alleged to have been caused or sustained in whole or in part by or because of any misfeasance, omission of duty, negligence or wrongful act on the part of defendant, Fitzpatrick, or Mitchell, and that adjustment or payment thereof has been neglected or refused.

27. A condition precedent to the prosecution and maintenance of such claims has not been performed.

28. Such claims may not be prosecuted or maintained.

Eighth Defense

29. The amended complaint fails to state a claim of personal injury or damage to personal property by reason of the negligence or wrongful act of defendant, Fitzpatrick, or Mitchell upon which relief can be granted.

Ninth Defense

30. The amended complaint fails to state a claim of damage, injury, invasion of personal or property rights, casual or continuing trespass, nuisance, or other claims for damages arising at law or in equity alleged to have been caused or sustained in whole or in part by or because of any misfeasance, omission of duty, negligence or wrongful act on the part of defendant, Fitzpatrick, or Mitchell upon which relief can be granted.

Tenth Defense

31. Any detention, arrest, or imprisonment of Rivas was privileged and justified by probable cause to believe that Rivas committed the crime for which Rivas was detained, arrested, or imprisoned.

Eleventh Defense

32. Any criminal prosecution of Rivas was privileged and justified by probable cause to believe that Rivas committed the crime for which Rivas was prosecuted.

Twelfth Defense

33. Rivas was guilty of the crime for which Rivas was prosecuted.

Thirteenth Defense

34. Plaintiff's claims of damages from injury to the person and property of Rivas, by reason of defendant's, Fitzpatrick's, or Mitchell's negligence or acts of false arrest, false imprisonment, malicious prosecution, abuse of process, or conspiracy, accrued more than 1 year and 90 days before 13 July 2019.

35. Such claims were interposed 13 July 2019.

36. Such claims were untimely interposed and may not be prosecuted or maintained because of statute of limitations.

Fourteenth Defense

37. Plaintiff's claims of damages from injury to Rivas, by reason of defendant's, Fitzpatrick's, or Mitchell's depriving Rivas of rights, privileges, or immunities secured by the US Constitution and laws and the NY Constitution and laws, accrued more than three years before 13 July 2019.

38. Such claims were interposed 13 July 2019.

39. Such claims were untimely interposed and may not be prosecuted or maintained because of statute of limitations.

Fifteenth Defense

40. Defendant and Fitzpatrick and Mitchell in their official capacities have immunity from plaintiff's claims for punitive damages.

41. Punitive damages may not be assessed against defendant or Fitzpatrick or Mitchell in their official capacities.

Demand for Relief

42. Defendant demands a judgment dismissing the amended complaint.

43. Defendant demands costs, including a reasonable attorney's fee.

Dated:  27 September 2019

s/ John E. Heisler Jr.
Bar Number: 301476
Attorney for Defendant
County of Onondaga Department of Law
John H. Mulroy Civic Center, 10th Floor
421 Montgomery Street
Syracuse, NY 13202
Telephone: (315) 435-2170
Fax: (315) 435-5729
Email: johnheislerjr@ongov.net

7