The Law Offices of
# Scott A. Korenbaum
14 Wall Street, Suite 1603
New York, New York 10005
Tel: (212) 587-0018          Fax: (212) 587-0018

February 18, 2022

BY ECF

Hon. Therese Wiley Dancks
United States District Court
Northern District of New York
100 S. Clinton Street
Syracuse, New York 13261

        Re:   *Manes, etc. v. Onondaga County, et al.*
                  19 CV 844 (BKS) (TWD)

Dear Judge Dancks:

      I am one of the attorneys for plaintiff. I write, pursuant to Local Civil Rule 37.1(c), to request a conference to address the matters raised in plaintiff's February 7, 2022, letter. In his February 7th letter, plaintiff identified the parties' (and non-party) efforts to resolve their differences.

      Plaintiff detailed a number of deficiencies regarding the County defendant's discovery responses (or lack thereof), and requested that the Court, among other things, direct the County to respond to his document demands and, regarding the requests for admissions, deem them admitted. The County has not responded to the letter to advise the Court of its positions. Nor has the County produced additional information or otherwise informed plaintiff if and when it intends to respond. As such, plaintiff requests that the Court schedule a conference to address these matters or, alternatively, issue an Order directing the County to produce the requested information and/or deem admitted the requests for admissions.

      I also write to request a conference to address the subpoenas served upon the New York State Department of Health and Office of Profession Medical Conduct. By letter dated February 10, 2022, Todd M. Sardella, Senior Attorney for DOH, raised a host of substantive arguments regarding why the Court should quash the subpoenas. But as plaintiff noted in his February 7th status report, Rob Rickner, Esq. spoke with Mr. Sardella, who did not raise any of the issues contained in his February 10th letter. Rather, he noted that DOH needed a court ordered subpoena to comply. Regardless, the Court should reject DOH's efforts to shield defendant Mitchell's wrongdoing from disclosure.

      DOH claims that the subpoenas are "unduly burdensome, overly broad and unspecific, and requests disclosure of privileged or other protected matter." They are not. The subpoenas seek specific information relating to complaints about Mitchell. As the moving party, DOH

Hon. Therese Wiley Dancks
February 18, 2022
Page 2

shoulders the burden of establishing that it would be too burdensome to comply.  Here, DOH simply makes this argument in conclusory fashion, which is insufficient.  *See In re Vale S.A.*, 20 MC 199, 2021 U.S. Dist. LEXIS 18657, *6-7 & n.8 (S.D.N.Y. Jan. 29, 2021).  *See Harris v. Bronx Parent Hous. Network, Inc.*, 18 CV 11681, 2020 U.S. Dist. LEXIS 26566, *12 (S.D.N.Y. Feb. 14, 2020) (party objecting on grounds of overly burdensome needs to make a specific showing).  *Cf. PPC Broadband, Inc. v. Transformix Eng'g, Inc.*, 14 CV 315, 2015 U.S. Dist. LEXIS 8343, *50 (N.D.N.Y. Jan. 26, 2015) (in moving to dismiss on *forum non conveniens* grounds, conclusory allegations of it being unduly burdensome to litigate in New York insufficient).

      Regarding DOH's claim of privilege, there is no dispute that the privilege afforded the requested records by N.Y. Pub. Health L. §230(10)(a)(v) yields to overriding federal concerns.  *King v. Conde*, 121 F.R.D. 180 (E.D.N.Y. 1988).  Plaintiff articulated the reasons why the Court should reject DOH's claim of privilege in the February 7th letter, including, among other things, plaintiff's need for these materials to establish his fabrication of evidence claims.  In contrast, Mr. Sardella does not identify an overriding state interest against disclosure.  The case law Mr. Sardella cites pre-date *King*.  The primary interest he identifies, to protect complainants and witnesses, is easily addressed by subjecting the materials to a protective order, which plaintiff is willing to enter.  And it bears repeating that defendant Mitchell has not objected to the production of these materials.

      For the foregoing reasons, we request that the Court schedule a conference to address these matters.

                                      Respectfully submitted,

*Scott A. Korenbaum*

                                      Scott A. Korenbaum

SAK:sak

cc:     All parties (by ECF)
        Todd M. Sardella, Esq. (by email)