# ROBERT F. JULIAN, P.C.
## ATTORNEY AT LAW
2037 Genesee St.
Utica, New York 13501-5951

Phone: 315-797-5610  
Toll Free: 855-735-5291

Fax: 877-292-2037  
www.rfjulian.com

Robert F. Julian

Richard Pertz, Of Counsel

Stephanie A. Palmer

February 22, 2022

VIA E-FILING

Hon. Therese Wiley Dancks  
United States District Court  
Northern District of New York  
100 S. Clinton Street  
Syracuse, NY   13261

RE:   Manes, Administrator of Estate of Rivas v. Onondaga County, et al  
Civil Action No.: 5:19-cv-844

Dear Judge Dancks:

Dr. Mitchell joins with the New York Department of Health and Office of Professional Medical Conduct in opposing the release of his file with that agency. We agree with the position of Mr. Sardella by letter of February 10, 2022 to this Court.

The Plaintiff seeks by subpoena the release of the OPMC file regarding Dr. Mitchell in the hope that they will find complaints or detail about that that will allow them to attack the doctor's character regarding issues that are irrelevant to this case. Dr. Mitchell was never charged with professional misconduct by the New York State Office of Professional Medical Conduct and was certainly not held by that agency as having committed misconduct in the Rivas case. The findings of the New York State Department of Environmental Conservation were never the basis of any finding of misconduct against Dr. Mitchell by the OPMC nor do they in any way relate to the Rivas case.

This Court is respectfully directed to the decision of Judge Peebles, who held a evidentiary hearing in this matter. Judge Peebles found that Dr. Mitchell on the day of Valerie Hill being discovered opined in writing that she had been dead for two to three days, which is entirely consistent with his testimony in the Rivas trial. That opinion is a part of the Medical Examiner's record. This utterly refutes the Plaintiff's theory that six years later Dr. Mitchell was coerced by DA Fitzpatrick to expand the date of death of Ms. Hill because he was under investigation. There was no coercion in 1987, there was no knowledge about Rivas' alibi and Bill Fitzpatrick was not District Attorney of Onondaga County on that date. Therefore we ask the Court not to sanction this fishing expedition.

Hon. Dancks
February 22, 2022
Page 2

Regarding discovery:

1. Counsel agreed that subject to the Court's permission, the Defendant Fitzpatrick would have until February 28, 2022 to produce the requests made in Plaintiff's January 7, 2022 letter to wit, Boxes 1-4, Box 6, Box 7 and Box 10 that were inspected by Plaintiff's counsel in October 2021.

2. I advise the Court that:
   a) Our interrogatory demands and discovery demands were interposed on October 20, 2020 with responses in July 2021 and January 2022.
   b) The Plaintiff's interrogatory demands and discovery demands were served on or about July 25, 2021 with responses on August 22, 2021.
   c) I served objections on behalf of both of my clients on August 5, 2021 to your July 21, 2021 responses. There was no attempt to remediate by the Plaintiff until January 7, 2022 immediately prior to our report to the Court.
   d) The Plaintiff's counsel agreed to review the files instant in the District Attorney's Office in the summer of 2021 and did so in October. I was engaged in a trial in Rome, NY when they did so.
   e) They identified a request for the medical examiner's file in October 2021 which is not in the possession of either of my clients, but was produced by the County.
   f) There was an additional box found after their visit that was disclosed.
   g) On January 7, 2022 Plaintiff for the first time sent a letter asking for the complete contents of certain boxes and asking for:
      - Handwritten notes and communications between Fitzpatrick and his staff regarding past convictions claims by Rivas. Those are being reviewed to determine if there is attorney client privilege in any of the communications.
   h) They raised objections in the letter regarding our responses to Nos. 13, 14, 19, 25-26, 29-32, 33, and 34-38.
   We will respond by February 28 to their objections but as to 14 the production of tissue samples or slides, the Defendant's office has slides, the tissue samples would likely be at the ME's office. I am not certain how to manage transferring these to the Plaintiff. I will note there are no tissue samples of the brain, only photo slides which have already been provided but we will provide again

The Plaintiff verbally expanded their request for record production to include a request for all e-mail or electronic communications authored by Mitchell regarding any complaints regarding his professional conduct not just during his time as a Onondaga County Employee but thereafter as well. This is overly broad and we object for that reason as well as its relevance.

Hon. Dancks
February 22, 2022
Page 3

3. I raised with Plaintiff's counsel the following during our conference:

   A. Notwithstanding the serious allegations raised by Mr. Manes, he has not seen fit to comply with the Federal Rules and swear to the interrogatories. We object to this and I am not aware that he has complied.
   B. I raised my concern that in their responsive interrogatories and documents they have offered no factual basis for the claims that Fitzpatrick asked Mitchell to revise his opinion paragraphs 65 & 66 of the Complaint, our interrogatory request paragraphs 6, 7, 8 and 9. They have responded with no factual basis, simply providing newspaper articles including articles quoting Dr. Sawyer and Dr. Rigle, but not about this topic. I asked the Plaintiff if they had a affidavit or writing from either Dr. Sawyer and/or Dr. Rigle. They responded that they believe they were disclosed, but in fact they provided the same only last week. There is reference by the Plaintiff to a report by Dr. Sawyer but I do not find that the same has been disclosed, only a affidavit.
   C. The Plaintiff has not responded to our second request for the production of documents served by e-mail on January 21, 2022.

I apologize for the delay in my response as I was out of town for vacation for several weeks.

Respectfully,

Robert F. Julian, Esq.
RFJ/ls

cc:   Scott Korenbaum, Esq.
      Joshua S. Moskovitz, Esq.
      Danielle Pires, Esq.
      Danielle Smith, Esq.
      John Heisler, Jr., Esq.
      Todd M. Sardella, Esq.