

| | | |
|---|---|---|
| **KATHY HOCHUL**<br>Governor | **MARY T. BASSETT, M.D., M.P.H.**<br>Commissioner | **KRISTIN M. PROUD**<br>Acting Executive Deputy Commissioner |

February 10, 2022

**Via Regular Mail**
Hon. Thérèse Wiley Dancks
United States Magistrate Judge
United States District Court
100 S. Clinton Street
Syracuse, New York 13261

Re: Manes v. Onondaga County et al.
No. 5:19-cv-00844 (BKS/TWD)

Dear Hon. Magistrate Dancks:

    I am a Senior Attorney with the New York State Department of Health, a non-party in the above referenced matter.

    This letter is in response to the letter motion from Plaintiff which was dated and provided via electronic mail to the New York State Department of Health (the "Department") on February 7, 2022. Among other things, Plaintiff requests that the Court endorse its proposed "Subpoena To Produce Documents, Information, Or Objects Or To Permit Inspection Of Premises In a Civil Action" (Exhibit 7), which seeks disclosure of statutorily confidential and protected documents from the non-party Department. The Department respectfully requests the Court to deny the motion for issuance of the subpoena, because it would require production of confidential professional medical conduct disciplinary investigation files that are protected from disclosure by express provisions of the New York State Public Health Law ("PHL").

    The motion seeks issuance of a non-party subpoena for "all records" in the possession of the Department of Health and the Department's Office of Professional Medical Conduct ("OPMC"). Specifically, Plaintiff seeks the following:

1. "**All documents concerning Dr. Erik Mitchell** (*emphasis added*). This includes, but is not limited to, personnel records, records concerning complaints, records concerning investigations (criminal or civil), records concerning discipline or allegations of misconduct, etc.
2. All communications with the Onondaga County District Attorney or any official or employee of the Onondaga County District Attorney's Office concerning Dr. Erik Mitchell.

5. All documents concerning Dr. Erik Mitchell's resignation from the Onondaga County Medical Examiner's Office. This includes, but is not limited to, any statements made by Dr. Mitchell or anyone else concerning Dr. Mitchell's resignation from the Onondaga County Medical Examiner's Office.
6. All statements concerning Dr. Erik Mitchell's work as a county medical examiner, coroner, or any work in a similar capacity, whether in public service, private practice, on contract, or otherwise.
7. All documents filed in any legal proceeding, civil or criminal, concerning Dr. Erik Mitchell's work as a county medical examiner, coroner, or any work in a similar capacity, whether in public service, private practice, on contract, or otherwise."

First and foremost, the above request is unduly burdensome, overly broad and unspecific, and requests disclosure of privileged or other protected matter. *See* Fed. Rules Civ. Proc 45(c)(3)(A). The various requests do not state a time period[1] and appear to casting an overly wide net in order to find redundant material in addition to that which is publicly available.[2] The demand for "all records," without clarification, is, on its face, unduly burdensome and overly broad.

Pursuant to New York State Public Health Law, records regarding investigations and findings in professional medical conduct disciplinary matters are confidential and are not subject to release. Specifically, Section 230(10)(a)(v) provides that "[the] files of the office of professional conduct relating to the investigation of possible instances of professional misconduct shall be confidential and not subject to disclosure at the request of any person, except as provided by law in a pending disciplinary action or proceeding." The only exceptions to this provision are: 1) permitting the OPMC to share information to others in the Department concerning investigations within the Department; 2) pursuant to a subpoena from "other duly authorized public agencies responsible for professional regulation or criminal prosecution"; or 3) by the Commissioner to "avert or minimize a public health threat." PHL Section 230(11)(a) also provides that a complaint (or "report") to the Board of Professional Medical Conduct ("BPMC"), "shall remain confidential and shall not be admitted into evidence in any administrative or judicial proceeding except that the [BPMC] . . . may begin investigations on the basis of such reports and may use them to develop further information." Accordingly, the records sought by the proposed non-party subpoena are unequivocally statutorily confidential and protected from disclosure by New York state law.

For clear guidance as to the balancing test required by federal law, we look to a series of controlling decisions from District Judge Weinstein. In Plaintiff's own cited case, *King v. Conde*, 121 F.R.D. 180 (E.D.N.Y. 1988), Judge Weinstein discusses the balancing test that must be applied when deciding if state privilege, in a federal case,

---

[1] According to the Plaintff's own Exhibit 4, Dr. Mitchell's issues date back to, at least, 1993.
[2] For example, a subpoena to the Department of Health requesting "all documents concerning Dr. (Mitchell)" could conceivably reveal the entirety of a disciplinary history, patient protected health information, and other privileged information which is not remotely relevant to the substance of the instant matter.

should attach: "[t]he court should consider the policies underlying the state law and weigh those policies just as any other factors disfavoring disclosure, keeping in mind that state laws may work to protect state officials against the enforcement of federal rights." *King v. Conde, supra*, 121 F.R.D. 180, 194. Within the *King v. Conde* decision, Judge Weinstein cites to his own edict in a prior case, that "[i]f the state holds out the expectation of protection to its citizens, they should not be disappointed by a mechanical and unnecessary application of the federal rule." *Lora v. Board of Education*, 74. F.R.D. 565 (E.D.N.Y. 1977). And in *Lora*, Judge Weinstein cites to himself in yet another prior matter, providing that "[a] strong policy of comity between state and federal sovereignties impels federal courts to recognize state privileges where this can be accomplished at no substantial cost to federal substantive and procedural policy." *United States v. King*, 73 F.R.D. 103, 105 (E.D.N.Y.1976). It is therefore entirely within the province of the Court to provide deference to the confidentiality and privilege asserted by the State.

It is important to note that the OPMC has the mission of protecting public health. Further, the confidentiality provisions in Section 230 exist to protect the complainant as well as the witnesses and medical experts who participate in the investigation and opine as to whether deviations from acceptable standards of care and professional medical misconduct have occurred. Confidential investigations are more effective because they protect complainants, who otherwise would not provide information out of fear of retaliation, from retaliatory acts from the licensee who is the subject of the complaint and the subsequent investigation. Without the confidentiality provisions, witnesses to instances of professional misconduct, on whom the OPMC relies in its mission to protect the public, would be reluctant to report the misconduct to the OPMC. *See, Doe v. Riback*, 14 Misc.3d 385, 388 (2006) (holding that "one of the purposes of confidentiality is to promote the effectiveness of investigations by ensuring that witnesses will be willing openly to discuss possible instances of misconduct based upon assurances that the investigations will remain confidential.").

It should also be considered that the material requested is unreasonably cumulative or duplicative, and burdensome pursuant to Fed.R.Civ.P. 26(b)(2)(C)(i)-(iii). Plaintiff has included a variety of publicly available material (Exhibit 4) in its letter motion, confirming the fact that the issues of Dr. Mitchell's practices, credibility, and career have all been in the public domain – and known to Plaintiff – for an extended period of time.

In light of the foregoing, the Department respectfully requests that the Court deny the motion for issuance of the non-party subpoena. The potential danger to the public health mission of the Department and the integrity of its OPMC investigations is not outweighed by any potential relevance the records may have in this proceeding, especially in light of that which has already been disclosed. Alternatively, if the Court finds that the material requested is relevant to the instant matter and is not unduly burdensome, the Department respectfully requests that the Court issue a protective order accordingly and provide a sufficient length of time to undertake the response.

Sincerely,

*Todd M. Sardella*

Todd M. Sardella
Senior Attorney, Bureau of Litigation
New York State Department of Health
Division of Legal Affairs
Empire State Plaza, Corning Tower
Room 2438
Albany, New York 12237
(518) 473-4631
todd.sardella@health.ny.gov

Enclosure

cc: Danielle B. Pires, Esq.
Assistant Corporation Counsel
300 City Hall
233 E. Washington Street
Syracuse, New York 13202
dpires@syrgov.com

John E. Heisler, Jr., Esq.
Onondaga County Department of Law
John H. Mulroy Civic Center
421 Montgomery Street, 10th Floor
Syracuse, New York 13202
johnheislerjr@ongov.net

Robert F. Julian, Esq.
Office of Robert F. Julian
2037 Genesee Street
Utica, New York 13501
robert@rfjulian.com

Joshua S. Moskovitz, Esq.
The Law Office of Joshua Moskovitz, P.C.
392 Central Avenue # 7803
Jersey City, New Jersey 07307
josh@moskovitzlaw.com