UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SIDNEY MANES, *administrator of the Estate of Hector Rivas*,

                                          Plaintiff,

v.                                                         5:19-cv-00844
                                                         (BKS/TWD)

ONONDAGA COUNTY, *et al.*,

                                          Defendants.
_____

APPEARANCES:

JOSHUA S. MOSKOVITZ, ESQ.
Hamilton Clarke, LLP Counsel for Plaintiffs

JOHN HEISLER, JR., ESQ.
Onondaga County Department of Law
Counsel for Defendant Onondaga County

ROBERT F. JULIAN, ESQ.
Office of Robert F. Julian
Counsel for Defendants Fitzpatrick and Mitchell

TODD M. SARDELLA, ESQ.
Counsel for Non-Party New York State Department of Health

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## **ORDER**

      Presently before the Court in this civil rights action brought under 42 U.S.C. §§ 1983 and 1988 is a dispute regarding proposed subpoenas Plaintiff seeks for records from the New York State Department of Health ("DOH") concerning Defendant Dr. Erik Mitchell ("Mitchell"). (Dkt. No.

74.) Before the subpoenas were issued, the DOH sought the Court's intervention regarding the proposed subpoenas and essentially asserting a preemptive objection to their issuance. (Dkt. No. 79.) The records sought by Plaintiff include personnel records and discipline or misconduct records regarding Mitchell, statements about Mitchell's work as a medical examiner or coroner for Defendant Onondaga County ("County"), and any communications with the County's Office of the District Attorney and the DOH Office of Professional Medical Conduct regarding Mitchell. (Dkt. No. 74-5.) After a conference with the Court, which included the parties and counsel for the DOH, to discuss the proposed subpoenas among other discovery issues, the Court directed the DOH to submit the relevant documents to the Court for an in camera review. (Dkt. No. 83.)

The Court completed the in camera review and finds the records relevant and not unduly burdensome for the DOH to produce. While the documents sought are privileged under New York State Public Health Law § 230(10), the Court finds state privilege laws do not govern in this federal question case, and certain safeguards can be employed to protect the privacy interests and state interests at stake. Thus, the DOH shall produce the records for the following reasons and in accordance with this Order.

I. **LEGAL STANDARDS**

Under Federal Rule of Civil Procedure 26(b) ("Rule 26(b)"), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). To evaluate what information is discoverable, the court "consider[s] the importance of the issues at stake in the action, the amount in controversy,

the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* District courts have broad discretion to manage the scope of discovery. *See Mason Tenders Dist. Council of Greater N.Y. v. Phase Constr. Servs., Inc.*, 318 F.R.D. 28, 36 (S.D.N.Y. 2016); *see also Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 488 (2d Cir. 1999).

Furthermore, where, as here, there is federal question jurisdiction, "courts consistently have held that [any] asserted privileges are governed by the principles of federal law." *See von Bulow by Auersperg v. von Bulow*, 811 F.2d 136, 141 (2d Cir. 1987), *cert. denied sub. nom.*, *Reynolds v. von Bulow by Auersperg*, 481 U.S. 1015 (1987); *see also In re Zyprexa Prod. Liab. Litig.*, 254 F.R.D. 50, 52 (E.D.N.Y. 2008), *aff'd*, 2008 WL 4682311 (E.D.N.Y. Oct. 21, 2008) ("It is axiomatic that state privilege laws do not govern in federal question cases."); Fed. R. Evid. 501. In situations where there is no comparable privilege under federal law, in the interest of comity, the court may consider state-created privileges, as long as the interests they protect "do not conflict with the interests of the federal court." *Bianchi v. Green*, Civ. No. 1:18-CV-619 (GLS/DJS), 2018 WL 10667434, at *3 (N.D.N.Y. Oct. 4, 2018).

While "state privilege laws do not govern" in this federal question case, *see Moroughan v. Cty. of Suffolk*, CV 12-512 (JFB)(AKT), 2013 WL 12458177, at *6 (E.D.N.Y. Aug. 13, 2013) (*quoting Bruno v. CSC Transp., Inc.*, 262 F.R.D. 131, 133 (N.D.N.Y. 2009)) (internal quotations omitted), it is well-settled that "state laws may underscore important privacy interests that the Court

3

should consider." *See Sparks v. Seltzer*, No. 05-CV-1061 (NG)(KAM), 2006 WL 2358157, at *5 (E.D.N.Y. Aug. 14, 2006); *see also Unger v. Cohen*, 125 F.R.D. 67, 69 (S.D.N.Y. 1989); *King v. Conde*, 121 F.R.D. 180, 187 (E.D.N.Y. 1988). Indeed, "the unnecessary disclosure of private and personal information is a concern that runs with equal strength through the federal system." *Benacquista v. Spratt*, Civ. No. 1:16-CV-0581 (DNH/DJS), 2017 WL 11286310, at *3 (N.D.N.Y. Mar. 7, 2017) (*citing S.E.C. v. Rajaratnam*, 622 F.3d 159 (2d Cir. 2010)).

## II. DISCUSSION

### A. Relevance

Upon the Court's review in camera of the documents received from the DOH, the Court finds the documents relevant to Plaintiff's constitutional claims. Plaintiff's Amended Complaint (Dkt. No. 16) alleges that Plaintiff's decedent's Fourth and Fourteenth Amendment rights were violated, and asserts claims against defendants Mitchell and William Fitzpatrick ("Fitzpatrick") under 42 U.S.C. § 1983 sounding malicious prosecution, abuse of process, failure to intervene, unreasonably prolonged detention, due process, *Brady* violations, and conspiracy. *See generally,* Amended Complaint (Dkt. No. 16). Plaintiff claims that prior to the prosecution of the decedent, Mitchell was known to Defendants County and Fitzpatrick for committing misconduct in his position as the County medical examiner. *Id.* at ¶¶ 49-59. Plaintiff also alleges that while Mitchell was under investigation for misconduct by the County District Attorney's Office, the DOH, and the New York State Department of Conservation, Fitzpatrick requested that Mitchell revise the autopsy report regarding the time of death of the victim Plaintiff's decedent allegedly murdered in exchange

4

for making "the investigations into Mitchell's conduct go away" and "Mitchell complied with this request." *Id.* at ¶¶ 67, 68. It is further alleged that Defendants Mitchell and Fitzpatrick knew the expansion of the time of death "was a lie, and was baseless, fabricated, and entirely contrary to science."

Given these allegations, and after the in camera review, the Court finds the DOH documents are relevant to Plaintiff's claims. Information is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevance is a matter of degree, and the standard is applied more liberally in discovery than it is at trial. "'[I]t is well established that relevance for the purpose of discovery is broader in scope than relevance for the purpose of the trial itself.'" *Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P.*, 13 Civ. 1654 (RA)(HBP), 2014 WL 5420225 at *7 (S.D.N.Y. Oct. 24, 2014) (brackets in original), *quoting Arch Assocs., Inc. v. HuAmerica Int'l, Inc.*, 93 Civ. 2168 (PKL), 1994 WL 30487 at *1 (S.D.N.Y. Jan. 28, 1994); *see Degulis v. LXR Biotechnology, Inc.,* 176 F.R.D. 123, 125 (S.D.N.Y.1997); *Quaker Chair Corp. v. Litton Bus. Sys., Inc.*, 71 F.R.D. 527, 530–31 (S.D.N.Y.1976). The documents concern the DOH investigation into Mitchell's alleged misconduct which is central to Plaintiff's allegations against Defendants Mitchell and Fitzpatrick. Thus, the documents are relevant. The Court also finds they are not unduly burdensome for the DOH to produce, especially since the documents have already been produced to the Court for in camera review. However, the DOH should produce copies of those documents with redactions and pursuant to a protective order as set forth below.

### B. Confidentiality and Privacy Concerns

DOH raises the issue that the confidentiality provisions of New York State Public Health Law § 230(10) "exist to protect the complainant as well as the witnesses and medical experts who participate in the investigation and opine as to whether deviations from acceptable standards of care and professional medical misconduct have occurred." (Dkt. No. 79 at 3.) Upon review of the documents, the Court notes that the documents contain private information involving non-parties and other professionals.

In balancing the alleged harm of disclosing the privileged documents against "the purposes of federal discovery and privilege law," *see King*, 121 F.R.D. at 187, the Court notes that, as a general matter, federal law encourages disclosure of relevant information in light of the broad scope of discovery and truth-seeking purpose of Rule 26(b). *See id.*; *see also* Fed. R. Civ. P. 26(b). This policy is paramount in Section 1983 cases, and especially those alleging government wrongdoing, because the purpose of that statute is to protect citizens' civil rights and prevent abuses of power by state and local governments and their officials. *See King*, 121 F.R.D. at 187-88; *see, e.g., Moroughan*, 2013 WL 12458177, at *8. Indeed, summary application of state confidentiality laws without accounting for this purpose could permit government actors to "effectively insulate themselves from constitutional norms simply by developing privilege doctrines that ma[k]e it virtually impossible for plaintiffs to develop the kind of information they need to prosecute their federal claims." *King*, 121 F.R.D. at 188 (citation omitted). When balancing these considerations, "courts have considered the parties' need for the materials at issue and whether a protective order by the court can address the purposes underlying the confidentiality statute." *Steinberg v. Mount Sinai*

6

*Med. Ctr., Inc.*, No. 12 Civ. 51(SLT)(VMS), 2014 WL 1311572, at *3 (E.D.N.Y. Mar. 31, 2014). In addition, Rule 26(c) specifically authorizes courts to enter protective orders prohibiting or specifying the terms of discovery to prevent or limit oppression or unduly burdensome disclosure. *See* Fed. R. Civ. P. 26(c)(1); *see also Benacquista*, 2017 WL 11286310, at *2. Thus, courts should consider whether such an order can address the concerns underlying state confidentiality statutes while supporting the federal policy leaning towards disclosure. *See Steinberg*, 2014 WL 1311572, at *3.

In consideration of the above principles, and the underlying concerns of the confidentiality statute at issue, the DOH shall produce a copy of the file the Court has reviewed in camera to Plaintiff with all personally identifying information of non-parties, including but not limited to complainants, investigators, witnesses, and medical experts, redacted. The records shall also be produced subject to a protective order that provides for the documents to be deemed "highly confidential, for attorney's eyes only." The parties and counsel for DOH are to confer in good faith regarding the contents of such a protective order, and Plaintiff shall submit a proposed stipulated protective order for the Court's review and issuance prior to the production of the documents. Such a proposed stipulated protective order shall also provide that the parties will follow N.D.N.Y. Local Rule 5.3 before filing any such documents under seal, if necessary, in the future.

### C. Discovery Schedule

The Court has received and reviewed the joint letter motion (Dkt. No. 106) for an extension of the current discovery deadlines which is granted for the reasons stated. Discovery deadlines are extended as set forth below.

Accordingly, it is hereby,

**ORDERED**, that the Plaintiff shall submit a proposed stipulated protective order (electronic signatures are acceptable) as directed herein for the Court's review by 2/6/2023; and it is further

**ORDERED**, that the DOH documents reviewed by the Court in camera shall be produced to Plaintiff in redacted form as directed herein, and pursuant to the forthcoming protective order, within twenty (20) days of the Court's issuance of the protective order; and it is further

**ORDERED**, that Plaintiff shall provide all parties with a copy of the DOH documents as redacted and pursuant to the forthcoming protective order to Defendants within three (3) days of receipt of the documents from the DOH; and it is further

**ORDERED**, that the joint letter request (Dkt. No. 106) is **GRANTED**, and discovery deadlines are reset as follows: Fact discovery including depositions due 5/26/2023; Fact discovery motions due 6/9/2023; Plaintiff's Expert Disclosure Deadline is 7/14/2023; Defendants' Expert Disclosure Deadline is 8/28/2023; Rebuttal Expert Disclosure Deadline is 9/18/2023; Discovery including expert depositions due by 10/13/2023; Discovery motions including expert discovery motions due 10/27/2023; and Dispositive Motions to be filed by 12/29/2023; and it is further

**ORDERED**, that the shall Clerk forward a copy of this Order to non-party New York State DOH, Todd M. Sardella, Esq., of counsel, at the address set forth in Dkt. No. 79.

SO ORDERED.

Dated: January 27, 2023
       Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge