UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SIDNEY MANES, Administrator of the Estate of HECTOR RIVAS,<br><br>      Plaintiff,<br><br>    v.<br><br>ONONDAGA COUNTY, CITY OF SYRACUSE, WILLIAM FITZPATRICK, DR. ERIK MITCHELL, and "JOHN DOES 1-10,"<br><br>      Defendants. | Civil Action No.<br>5:19-cv-00844-BKS-TWD<br><br>**AFFIRMATION OF<br>MARK A. VENTRONE** |

MARK A. VENTRONE, being duly sworn, states as follows:

  1.  I am an attorney licensed to practice in the United States District Court for the Northern District of New York and am a Deputy County Attorney for the County of Onondaga.

  2.  I am counsel for Defendant County of Onondaga ("County") in the above-captioned matter. As such, I am fully familiar with the facts and circumstances herein. All statements contained herein are true to the best of my knowledge.

  3.  The County hereby joins the Motion for Summary Judgment made by co-defendants William Fitzpatrick and Dr. Erik Mitchell in this matter.

  4.  I further submit this Affirmation in support of the County's Motion to Dismiss Plaintiff's claim of municipal liability ("Monell claim") under 42 U.S.C, § 1983 and dismiss Plaintiff's Complaint.

  5.  Essentially Plaintiff's attempted Monell Claim consists of unsupported, overly broad, vague allegations predominately as against the City of Syracuse and Syracuse Police Department. Plaintiff stipulated out against the City of Syracuse in this action.

6. Plaintiff has wholly failed to demonstrate the elements of a Monell Claim or any manner as against the County of Onondaga J.K.J. v. City of San Diego, 17 F.4th 11247 (9th Cir. 2021).

7. Plaintiff has failed to demonstrate any harmful, unconstitutional practices that were in place, attributed to Defendant County of Onondaga and furthermore showing with specificality how such practice was violated and how same allegedly caused Plaintiff damage.

8. The cause of action consists of overly broad, vague, unproved and unsupported allegations. Furthermore, any such claim attributed to the Defendant through and by the allege actions of the co-defendants William Fitzpatrick and Erik Mitchell should fail due to their absolute and/or qualified immunity.

9. Plaintiff has failed to show that some person acting on behalf of the Defendant deprived him of a federal constitutional or statutory right and that person was acting under color of state law.

10. In our case at bar, Plaintiff has failed to show in any manner short of vague allegations that Plaintiff was deprived of constitutional rights and the Defendant had a specific policy and that the policy amounted to deliberate indifference to the rights of Hector Rivas' constitutional right and that the alleged policy was the moving force behind the constitutional violation pursuant to Dean v. Wexford, 18 F. 4th 214 (7th Cir. 2021) and J.K.J. v. City of San Diego, 17 F. 4th (9th Cir. 2021).

11. In the case of Monell v. Department of Social Services, the United States Supreme Court expressly held that governmental entities could not be held for violating Section 1983 based on the doctrine of respondeat superior or in other words, automatically liable for the actions of its officials or agents, 436 U.S. 658 (1978).

12.     Onondaga county is not liable in the case at bar because a county is not liable for the prosecutorial actions of a District Attorney within that county McKeow v. Hennessy, 853 F.2d 73 (2nd Cir. 1988). Vicarious liability applies to individual misconduct by prosecutors so long as it is not undertaken in the course of prosecution of a criminal action Claude H. v. County of Oneida, 636 N.Y.S. 2d 933 (App. Div. 1995).

13.     When prosecuting a criminal matter, a district attorney acting in a quasi-judicial capacity, represents the state, not the county Baez v. Hennessy, 853 F.2d 73 (2nd Cir. 1988). Therefore, the defendant county cannot be held legally responsible for injuries that the prosecutor had caused in the context of a Section 1983 Monell Claim, as adopted by the Second Circuit Bellamy v. City of New York, 914 F.3d 727 (2nd Cir. 2019), McLaurin v. New Rochelle Police Officers, 368 F. Supp 2d 289 (S.D.N.Y. 2005).

14.     Furthermore, in regard to Defendant Medical Examiner Erik Mitchell, Plaintiff's expert Dr. Spitz testified that Mitchell did not deviate from the standard of care either in the performance of his conducted autopsy nor in his testimony with regard to time of death. The doctrine of sovereign or official immunity has protected medical examiners. Apart from the testimony of Plaintiff Maines, there is no evidence of conspiracy between defendants Mitchell and Fitzpatrick.

15.     In our case at bar, Defendant County argues that Plaintiff has wholly failed to prove the elements of a Monell Claim and more particularly a deprivation of federal right. Action by the County traced to the deprivation, policy or custom demonstrating the County's fault and municipal action that was the moving force behind the federal violation Dean v. Wexford, 18 F.4th 214 (7th Cir. 2021).

16.     As stated in Monell, the Defendant County cannot be held liable for violation Section 1983 based upon the doctrine of respondeat superior, or in other words, automatically liable for the actions of its official or agents, Monell v. Dept. of Soc. Servs., 436 U.S. 658 (1978).

17.     Defendant County argues herein that Plaintiff does not have a Monell claim in this matter, that Plaintiff has no viable cause of action as set forth in its Complaint against the County of Onondaga.

WHEREFORE, Defendant Onondaga County respectfully requests that this Court grant the County's motion to dismiss Plaintiff's Complaint with prejudice, or in the alternative the dismissal of Plaintiff's Seventh Claim against Defendants; Municipal Liability Monell Claim under 42 U.S.C. §1983 with prejudice, together with such other relief as this Court deems just and proper.

Dated: October 31, 2024
       Syracuse, New York

_____
Mark A. Ventrone
Deputy County Attorney
Bar Roll Number: 1027677
*Attorney for Defendant Onondaga County*
Onondaga County Department of Law
John H. Mulroy Civic Center, 10th Floor
421 Montgomery Street
Syracuse, New York 13202
Telephone: (315) 435-2170
Email: markventrone@ongov.net