# EXHIBIT "S-1"

```
 1   STATE OF NEW YORK

 2   COUNTY OF ONONDAGA:   COUNTY COURT

 3   _____x

 4   THE PEOPLE OF THE STATE OF NEW YORK,      Indict. #92-1114-1

 5                         Plaintiff,

 6        -against-                            NYSID #1375082H

 7   HECTOR RIVAS,

 8                         Defendant.     Report
     _____x
 9

10                               Criminal Courts Building
                                 505 South State Street
11                               Syracuse, New York  13202
                                 March 25, 2015
12

13
     Before:
14
            HONORABLE THOMAS J. MILLER
15          County Court Judge

16

17   Appearances:

18        William Fitzpatrick, Esq.
          Onondaga County District Attorney
19        By:  ROBERT MORAN, Esq.
               Assistant District Attorney
20
          RICHARD M. LANGONE, Esq.
21             Attorney for Defendant

22        SIDNEY L. MANES, Esq.
               Attorney for Defendant
23

24

25   Defendant present
```

Valerie Waite, Senior Court Reporter

People v. Rivas 2

1  (March 25th, 20142015, Judge Miller, calendar proceedings)
2
3         THE CLERK: Hector Rivas.
4         THE COURT: Could the attorneys approach,
5  please?
6         (Discussion off the record at the bench)
7         THE COURT: Mr. Langone, Mr. Manes, do you
8  represent Hector Rivas?
9         Mr. LANGONE: Yes, your Honor.
10        Mr. MANES: Yes, your Honor.
11        THE COURT: Gentlemen, this is Hector Rivas
12 that's here with you this morning?
13        Mr. MANES: Yes.
14        THE COURT: Good morning, Mr. Rivas.
15        Mr. RIVAS: Good morning, Judge.
16        THE COURT: Assistant District Attorney Rob
17 Moran appears on behalf of the People. We have had the
18 benefit of a brief conference here at the bench.
19        This matter comes to this court following a
20 decision by the United States Court of Appeals for the
21 Second Circuit, decision March 11, 2015.
22        Gentlemen, I failed to ask you at the bench, I
23 have an application from the news media today, News
24 Channel 9, regarding coverage of today's proceedings.
25 What is your position?

Valerie Waite, Senior Court Reporter

P011358

Case 5:19-cv-00844-BKS-TWD   Document 142-31   Filed 10/31/24   Page 4 of 15
Case 13-2974, Document 179, 08/08/2013, 1600780, Page26 of 118

People v. Rivas                                                    3

          1           Mr. LANGONE: Your Honor, since this is not a
          2    trial, I have no objection.
          3           THE COURT: No objection to coverage today?
          4           Mr. MANES: No objection.
          5           THE COURT: I will allow it then. In the
          6    Court's decision, the United States Court of Appeals
          7    Second Circuit, it's indicated that on remand that
          8    District Court shall issue a writ of habeas corpus to Mr.
          9    Rivas on the sixtieth calendar day after issuance of their
         10    mandate unless the State of New York has by that time
         11    taken concrete and substantial steps expeditiously to
         12    retry Mr. Rivas.
         13           So I'll start with asking the People, are you
         14    announcing ready for trial at this point?
         15           Mr. MORAN: We are, your Honor.
         16           THE COURT: Now, Mr. Langone, Mr. Manes, has a
         17    determination been yet made, gentlemen, as to whether or
         18    not you will be the attorneys to try this case?
         19           Mr. LANGONE: Not at this point, your Honor.
         20    We're still trying to figure out the logistics of how that
         21    would work.
         22           THE COURT: I understand. How long until you
         23    will be able to make that determination, Mr. Langone?
         24    What's your thoughts?
         25           Mr. LANGONE: Within thirty days, your Honor.

                    Valerie Waite, Senior Court Reporter

1    Mr. MANES: I will remain as pro bono counsel,
2    your Honor.
3    THE COURT: Thank you, Sidney.
4    Mr. LANGONE: I would just say, your Honor, the
5    last week in April, I'll be out of town.
6    THE COURT: Thank you. Mr. Moran, let me stay
7    with you for a minute, if I could, Rob. What are, if you
8    know at this point, the People's intentions with regard to
9    filing an appeal of the Second Circuit's decision?
10   Mr. MORAN: Judge, I think that we have had some
11   discussion with the Attorney General's Office and there is
12   no plan to file an appeal of the Second Circuit's decision
13   in this case.
14   THE COURT: And the People have announced ready
15   for trial. My plan is, after discussions here today, to
16   adjourn this matter for a further pretrial conference in
17   thirty days where we can resolve some of these
18   housekeeping issues and in particular the issue of
19   representation, gentlemen.
20   Mr. Langone, you have indicated here at the
21   bench that you wanted to be heard with regard to the issue
22   of bail, among other things. So I'll turn it over to you.
23   Mr. LANGONE: Thank you very much.
24   Judge, the Second Circuit in its decision ruled
25   that there was a serious breakdown in the criminal justice

Valerie Waite, Senior Court Reporter

People v. Rivas                                                     5

1   process with respect to this case.

2   The mandate of the Court to take steps to retry
3   this in sixty days imposed upon the Court an obligation to
4   vacate the conviction under CPL 440.10(h) on the grounds
5   that Mr. Rivas's federal constitutional rights were
6   violated.

7   It's my position we can't do anything further,
8   absent a vacatur of the conviction. We can't go forward
9   with pretrial proceedings, et cetera, unless there's the
10  finding of vacatur of the conviction. That's number one.

11  THE COURT: I think -- pardon me, Richard. With
12  regard to that issue, I think your application on the 440
13  should be made in writing.

14  Mr. LANGONE: I can do that, your Honor.

15  THE COURT: Please.

16  Mr. LANGONE: I can absolutely do that, your
17  Honor.

18  But why I do it at this moment is Mr. Rivas has
19  been in custody for 22 years. Remember, this is the
20  second -- this is actually the third appeal to the United
21  States Court of Appeals' prior decision in which the Court
22  found that but for the fabricated evidence of Dr. Erik
23  Mitchell, it's more likely than not that a reasonable jury
24  would have found Mr. Rivas not guilty.

25  The prosecution's case -- this crime occurs in

Valerie Waite, Senior Court Reporter

Case 5:19-cv-00844-BKS-TWD    Document 142-31    Filed 10/31/24    Page 7 of 15
Case 13-2974, Document 179, 09/03/2015, 1600780, Page29 of 118

People v. Rivas                                                            6

1    1997. Mr. Rivas is unindicted for five years. He's

2    indicted five years later because during that five-year

3    period the medical examiner in this case had opined that

4    the death occurred between Saturday and Sunday. The

5    District Attorney -- Mr. Rivas had an air-tight alibi for

6    Saturday night which was acknowledged by District Attorney

7    Fitzpatrick in the trial.

8         It was only after Dr. Mitchell was under an

9    investigation himself for a variety of sordid activities,

10   including disposal of body parts, selling them, whatever

11   he was doing, that he went back into the old cases and

12   came up with brain slides or sectional slides or -- brain

13   slides that he said changed his or solidified his opinion

14   with respect to the date, the death having occurred on

15   Friday.

16        Mr. Fitzpatrick always believed that because

17   there was evidence of Mr. Rivas being around the

18   decedent's apartment on Friday night, that if we can get

19   the time of death to Friday, open that window by one day,

20   that, in fact, he would be able to convict.

21        So 22 years later, I'm not sure if the People's

22   position is still that it was a Friday, but I will tell

23   you this: The evidence according to the Second Circuit is

24   paper-thin because, but for the Friday analysis, it would

25   have been pure speculation to convict Mr. Rivas over the

People v. Rivas                                                    7

1    weekend, if the crime had occurred over the weekend.
2    Under the law of New York and the circumstantial evidence
3    rules with respect to the two inferences -- an inference
4    of innocence, an inference of guilt -- the defendant is
5    entitled to the benefit of the doubt. Under New York
6    State law, a conviction predicated on Saturday/Sunday
7    would be impermissible.
8            There's irreparable harm here. This man has
9    been in custody for 22 years. He was out on bail
10   previously. He has no prior felony convictions. His ties
11   are here. His family is here. He's married, has a wife,
12   Marilyn Rivas, who lives in the Bronx at 795 Saint Anns
13   Avenue in the Bronx. I want to take him home to his
14   family so that -- there is a tremendous amount of
15   discovery that's been acquired over the years that has to
16   be perused.
17           The Supreme Court of the United States in
18   Salerno v. United States specifically recognized that it
19   really is an impediment to the ability to defend if an
20   individual is incarcerated; it impedes the ability.
21   Especially if we're going forward, we don't want a
22   situation -- because I'm long distance at this point, and
23   I'm not sure, again, if I'm going to try the case, but
24   whatever. Until then, for pretrial purposes, I need Mr.
25   Rivas to go through this material and let's get it right.

Valerie Waite, Senior Court Reporter

People v. Rivas                                                        8

1      We certainly have no objection to an electronic
2  monitoring, if that's the Court's preference, but because
3  of the fact that there's irreparable harm -- you know,
4  murder convictions, you can get 15 to 25 to life. Under
5  People v. Montgomery, when you get a reversal and you go
6  back down for purposes of sentencing, a court can consider
7  what you've done in prison, and Mr. Rivas has been
8  blemish-free. He's been an exemplary inmate during this
9  time, which goes toward -- my point being, which God
10 forbid, if he was convicted again, he would have already
11 served the minimum sentence on a murder conviction.
12 There's no reason for him to flee; there's no incentive
13 for him to flee. He didn't do so in the first trial; he's
14 certainly not going to do so now, 22 years later.
15          THE COURT: I understand your position.
16          Mr. LANGONE: The only way to do that is to
17 vacate the conviction. Otherwise, he has to stay in jail.
18 I don't think you can grant bail with him convicted
19 because under the murder statute you can't get bail on a
20 conviction of murder.
21          THE COURT: That's my understanding, too.
22          Mr. Moran, do you want to be heard?
23          Mr. MORAN: Judge, I think that last point makes
24 some of the bail application moot at this point. Until we
25 have had a chance to see the 440 motion and respond to it,

Valerie Waite, Senior Court Reporter

P011364

People v. Rivas                                                9

1   whether or not you are going to set bail today I think is
2   academic.
3           With that said, Mr. Rivas' conviction was
4   overturned because of ineffective assistance, not because
5   of anything the prosecution did in this case, and all
6   we're asking today is that the Court set a motion
7   schedule, set a trial date, so that we can demonstrate to
8   the District Court that we have taken substantial steps to
9   try Mr. Rivas, and we are standing here ready to do that,
10  Judge.
11          THE COURT: Richard, what I'm going to do at
12  this point -- a couple of things.
13          First of all, the 440 application, if you would
14  get that to me in writing, I'll adjourn this case for
15  thirty days to -- how's April 20th for you?
16          Mr. LANGONE: Okay.
17          THE COURT: April 20. I'm going to give you a
18  motion schedule now. Again, I know you may or may not be
19  the trial attorneys in this matter, but I'll give you a
20  motion schedule now.
21          If in this thirty-day window you can make that
22  determination as to whether or not you're going to be the
23  trial counsel -- if you are, wonderful. If you're not, I
24  would like to know that so that I can get a lawyer
25  assigned, in place for Mr. Rivas, if that's what he is

Valerie Waite, Senior Court Reporter

People v. Rivas                                                    10

1    looking for is an assigned attorney.

2                Mr. LANGONE: Yes, your Honor.

3                THE COURT: The motion -- pardon me, Richard.
4    The motion schedule at this point would be, if there are
5    going to be motions filed, you should have them filed on
6    or before May 8th. The People's response, May 15. We'll
7    argue motions here in Court on April 23rd. (Sic)

8                With respect to bail at this point, I am not
9    going to do anything with regard to the issue of bail. I
10   will adjourn this case until that April -- what was the
11   date, Pat?

12               THE CLERK: Twenty.

13               THE COURT: April 20. I am not going to
14   schedule a trial date, Mr. Moran, at this point, and the
15   reason for that is at this point, I'm not sure who the
16   trial counsel is. I've listened to Mr. Langone here in
17   open court as well as at the bench. I know there's a
18   great deal of paperwork and things that need to be
19   reviewed.

20               I'm not prepared at this point to give a trial
21   date since we have not yet resolved the issue of counsel.
22   At our adjourn date, my plan is that I will then give you
23   a trial date then.

24               Mr. MORAN: Thank you, your Honor.

25               THE COURT: Anything further? Sidney?

Valerie Waite, Senior Court Reporter

Case 5:19-cv-00844-BKS-TWD   Document 142-31   Filed 10/31/24   Page 12 of 15
Case 13-2914, Document 173, 09/03/2013, 1060780, Page34 of 135

People v. Rivas                                                      11

1       Mr. MANES: One second, please?
2       THE COURT: Yes.
3       (Discussion off the record)
4       Mr. MANES: Nothing further.
5       THE COURT: Richard, when can you get the 440
6  papers in?
7       Mr. LANGONE: I'll get them in within the week,
8  and in terms of the 440 motion, Judge --
9       THE COURT: Yes.
10      Mr. LANGONE: Are you going to give fast track
11 to the People in responding to it so we can get a quick
12 resolution of it? It's a very narrow, narrow issue that
13 the Court should be able to decide promptly.
14      THE COURT: I'm wondering whether or not we
15 could -- pardon me.
16      Mr. LANGONE: Sure.
17      (Discussion off the record)
18      THE COURT: My plan would be to issue a decision
19 regarding your 440 application on that April 20 return
20 date.
21      Mr. Moran, if you could get your responding
22 papers in within two weeks of your receipt of the
23 paperwork from Mr. Langone, I could keep that schedule as
24 well.
25      Mr. MORAN: I'll do that, Judge.

Valerie Waite, Senior Court Reporter

Case 5:19-cv-00844-BKS-TWD   Document 142-31   Filed 10/31/24   Page 13 of 15
Case 18-2514, Document 173, 09/03/2018, 1660780, Page35 of 105

People v. Rivas                                                    12

1            THE COURT: I'll see you back here on April
2    20th, gentlemen.
3            Mr. Langone, if there's to be a change of
4    counsel, if you would please let me know that, sir.
5            Mr. LANGONE: Yes, your Honor.
6            And just for the record, for the purposes of the
7    record, again, it's our position we may make a motion to
8    dismiss. We request permission to -- all motions start
9    anew. The lower case shouldn't apply because there was
10   ineffective counsel; there was perjury or fabrication by a
11   state medical examiner.
12           Even though the Circuit Court did not rule on
13   the prosecutorial misconduct claim, it made several
14   references to the fact that, although it was not ruling on
15   it, it acknowledged that there were a couple of instances
16   where things were not done correctly. For instance, Mr.
17   Fitzpatrick saying to the jury in summation there were
18   sectional slides reviewed when there were in fact no
19   sectional slides.
20           He said he just happened to find the statement
21   that Patsy Barricella -- Barricella, Barricella had
22   admitted to the murder and he gives that to Mr. Rivas's
23   counsel at the time the District Attorney rests, when in
24   fact the Circuit specifically says there's evidence in the
25   record that he knew about -- Fitzpatrick, that he knew --

Valerie Waite, Senior Court Reporter

Case 5:19-cv-00844-BKS-TWD Document 142-31 Filed 10/31/24 Page 14 of 15
Case 13-2514, Document 173, 09/03/2013, 1050780, Page236 of 245

People v. Rivas                                                    13

1  Fitzpatrick knew about Barricella before.
2         There's reference -- it's in this decision, the
3  most recent decision.
4         THE COURT: I have reviewed the decision,
5  Richard. I have given you a motion schedule. If you
6  believe motions should be filed, please do so, and please
7  let me know.
8         I am anxious to move this case along and take
9  the substantial and concrete steps referred to by the
10 Court of Appeals, but I think the first thing I need to
11 resolve is who is going to be representing Mr. Rivas. I
12 respect your position regarding that.
13        Please let me know. I'll see you back here on
14 April 20.
15        Mr. LANGONE: Yes, your Honor.
16        THE COURT: Thank you, gentlemen.
17        Mr. MANES: Are they going to transport Mr.
18 Rivas back right now?
19        THE COURT: Deputy, how does that work?
20        THE DEPUTY: Back to the jail, yes. Back to
21 Sing Sing, no.
22        (Discussion off the record)
23        THE COURT: Apparently he's going to be held
24 here.
25        THE DEPUTY: At least for today. To get him

Valerie Waite, Senior Court Reporter

Case 5:19-cv-00844-BKS-TWD    Document 142-31    Filed 10/31/24    Page 15 of 15
Case 18-2514, Document 173, 09/03/2019, 2650780, Page237 of 246

People v. Rivas                                                              14

1   back, I'm not sure when that will be.

2   THE COURT: He'll be here today, Mr. Manes, and
3   then --

4   Mr. MANES: He has no medication with him.

5   Mr. RIVAS: Your Honor, if you could do
6   something for me to expedite these deputies to return me
7   back to my prison, I would really appreciate that.

8   THE COURT: As soon as possible, deputies,
9   please.

10   (Conclusion of proceedings)

11   *    *    *

13   CERTIFICATE

15   I, VALERIE WAITE, an Official Court Reporter
16   in and for the State of New York, Fifth Judicial District,
17   do hereby certify that I recorded stenographically the
18   foregoing proceedings, at the time and place noted in the
19   heading hereof, and that it is a true and correct
20   transcript of the proceedings therein to the best of my
21   ability.

Valerie Waite,
Senior Court Reporter

Dated:  June 12, 2015

Valerie Waite, Senior Court Reporter