# EXHIBIT "S-3"

```
                                                                    1

 1    COUNTY COURT OF THE STATE OF NEW YORK
      COUNTY OF ONONDAGA
 2    - - - - - - - - - - - - - - - - - - - - - X
      THE PEOPLE OF THE STATE OF NEW YORK,
 3
                -against-
 4                                     CALENDAR
      HECTOR RIVAS,
 5
                     Defendant.
 6    - - - - - - - - - - - - - - - - - - - - - X

 7                              Indictment No.: 92-1114-1
                                NYSID No.: 1375082H
 8                              505 South State Street
                                Syracuse, New York 13202
 9                              January 5, 2016

10    B E F O R E:

11           HONORABLE THOMAS J. MILLER, Justice.

12
      A P P E A R A N C E S:
13
             WILLIAM J. FITZPATRICK, ESQ.
14           District Attorney
             505 South State Street
15           Syracuse, New York 13202
             BY: ROBERT MORAN, ESQ.
16               Assistant District Attorney

17           EDWARD KLEIN, ESQ.
             SIDNEY MANES, ESQ.
18           Attorneys for the Defendant

19
                                Adam H. Alweis, RPR
20                              Senior Court Reporter

21

22

23

24

25

              Adam H. Alweis, RPR  - Senior Court Reporter
```

P012425

Case 5:19-cv-00844-BKS-TWD  Document 142-33  Filed 10/31/24  Page 3 of 20
Case 5:19-cv-00844-BKS-TWD  Document 209-2, 01/03/2025, 16799473, Page2 of 19

2

Proceedings

1       THE CLERK: Hector Rivas.

2       (The defendant was present for the
3    following.)

4       THE COURT: You can be seated, sir. You can
5    be seated.

6       Okay. This is the matter of the People of
7    the State of New York v. Hector Rivas.

8       Ed Klein as well as Sidney Manes appear along
9    with Hector Rivas. ADA Rob Moran appears on behalf of
10   the People.

11      Thank you all for appearing today on short
12   notice.

13      Let's do some housekeeping. Let me see if I
14   can put this into some perspective.

15      I recently received the December 23rd, 2015
16   order of the Second Circuit Court of Appeals with
17   regard to this matter and I've added this case to the
18   calendar this morning in order to address the Second
19   Circuit's concerns.

20      The Second Circuit's order stated that unless
21   a retrial has commenced on or before February 1st,
22   2016, the State of New York would have to show cause
23   why the defendant should not be released from custody
24   pending a retrial.

25      The Second Circuit has further indicated its

Adam H. Alweis, RPR  -  Senior Court Reporter

Proceedings

1  expectation that Mr. Richard Langone would be ready to
2  proceed as trial counsel by that date.
3      I would like to briefly note the unusual
4  procedural history of this case.
5      On March 11th, 2015, the Second Circuit
6  issued a decision directing the Federal District Court
7  to issue a Writ of Habeas Corpus to the defendant
8  within 60 days unless the State had taken concrete and
9  substantial steps expeditiously to retry the defendant.
10     On March 25th, 2015, Mr. Rivas initially
11 appeared before this Court with his appellate attorney,
12 Richard Langone, as well as Mr. Manes, who has been
13 assisting the defendant pro bono.
14     Senior ADA Rob Moran also appeared on behalf
15 of the People.
16     I did not set a trial date at that time only
17 because Mr. Langone had indicated that he was unsure if
18 he would be representing the defendant at trial.
19 Nevertheless, Mr. Langone indicated that he would be
20 filing a motion to vacate the defendant's judgment of
21 conviction pursuant to Criminal Procedure Law 440.10.
22 I set a motion return date of April 20th, 2015 and
23 Mr. Langone subsequently filed a motion to vacate the
24 judgment of conviction.
25     On April 20th, 2015, I granted the

Adam H. Alweis, RPR  - Senior Court Reporter

Proceedings

1    defendant's motion to vacate his judgment of conviction
2    based upon a determination that the defendant had been
3    deprived of the effective assistance of counsel at his
4    original trial in 1993.
5             The People also re-announced their readiness
6    for trial on the indictment because Mr. Langone
7    indicated that he would like to remain involved in this
8    case through motion practice, but was still unsure if
9    he would be involved in a retrial.
10            I assigned Attorney Edward Klein to represent
11   the defendant at taxpayer expense.
12            After a bail hearing, I also made a
13   determination regarding that issue. Based upon the
14   consent of all parties, I set a motion schedule and set
15   a date for retrial upon the consent of all of the
16   attorneys on December 7th, 2015.
17            Mr. Langone subsequently advised the Court
18   that he would not be participating in the retrial.
19   Moreover, Mr. Klein asked for additional time in which
20   to file motions and requested an adjournment of the
21   trial in order to retain the services of an expert
22   witness who would testify regarding the time of death
23   of the decedent.
24            It's my recollection that Mr. Klein indicated
25   that the expert witness in question would not be

Adam H. Alweis, RPR  - Senior Court Reporter

5

Proceedings

1  available for trial in December.  Accordingly, I
2  granted Mr. Klein's request to reschedule the trial for
3  a new agreed upon date of March 21st, 2016.
4         As I previously have noted, the Second
5  Circuit subsequently issued its December 23rd, 2015
6  order.
7         With all due respect to the Second Circuit, I
8  was somewhat confused at the language of the order
9  suggesting that Mr. Langone would be able to try this
10 case by February 1st, 2016 in light of his previous
11 statement in this Court that he would not be involved
12 in the retrial of this case.
13        My chambers subsequently reached out to
14 Mr. Langone and advised him of today's Court
15 appearance.  Mr. Langone was unable to appear today,
16 which is most certainly understandable given the fact
17 that his law office is several hundred miles away.
18 Nevertheless, Mr. Langone submitted a letter to the
19 Second Circuit and provided a copy to my chambers.
20        In pertinent part, that letter reads as
21 follows:
22        "Dear Your Honors.  I received the Court's
23 order to show cause directing me to be ready to
24 represent Mr. Rivas at a retrial in the event the State
25 is ready to proceed by February 1st, 2016."

Adam H. Alweis, RPR  - Senior Court Reporter

Case 5:19-cv-00844-BKS-TWD    Document 142-33    Filed 10/31/24    Page 7 of 20
Case 15-2914, Document 209-2, 01/08/2016, 1679973, Page6 of 19

6

Proceedings

1       And Mr. Langone then indicates (ECFDKT 204).

2       "I have spoken to Edward Klein, Esquire, who
3 was appointed by the State to represent Mr. Rivas.
4 Mr. Klein does not know if the State is actually ready
5 to retry Mr. Rivas, but Mr. Klein is not ready as he
6 has not -- as he still has not filed motions and has
7 another trial scheduled to begin the end of January,
8 2016.

9       "Mr. Klein told me that Mr. Rivas' case is on
10 the trial calendar for the end of March, 2016. In my
11 professional opinion, the Rivas case requires
12 substantial motion practice given the 30 years that
13 have elapsed since the crime was committed and the
14 current impediments to him receiving a fair trial at
15 this late date.

16       "While I am willing to represent Mr. Rivas at
17 the retrial, the earliest I can try his case would be
18 at the end of March, 2016, as my case load is simply
19 too congested to try it earlier.

20       "I have a reply brief due in this Court on
21 January 7th at a massive civil rights case, in re
22 Restivo, R-E-S-T-I-V-O, versus County of Nassau, Docket
23 46462. I have a murder case in Richmond County Supreme
24 Court that is tentatively scheduled for trial
25 February 21st, 2015, People v. Thomas Spagnulo,

    Adam H. Alweis, RPR   - Senior Court Reporter

Case 5:19-cv-00844-BKS-TWD    Document 142-33    Filed 10/31/24    Page 8 of 20
Case 16-2974, Document 209-2, 01/06/2018, 1679975, Page7 of 130

7

Proceedings

1   S-P-A-G-N-U-L-O, 2015-R1003100.  I have appeals in two
2   criminal cases that are overdue, People v. L.,
3   Appellate Division Second Department, filed 2014-07882,
4   and People v. Robert Cassandro, C-A-S-S-A-N-D-R-O,
5   First Department, New York County, Indictment Number
6   10362-12.
7            "The last thing I ever want to do is
8   disappoint the Court.  I can promise to have all
9   pretrial motions filed and the case prepped for trial
10  by April 1st, 2016, but to force me to try it sooner
11  would not be in the best interests of justice."
12           And it is signed, "Respectfully yours,
13  Richard M. Langone."
14           I'm unclear as to whether the Second Circuit
15  is aware of my effort to get this case retried.
16  Frankly, I find it hard to believe that they do.  I am
17  willing to readjust my trial calendar and schedule this
18  matter for trial on February 1st, 2016, but, it is
19  clear that Mr. Langone would not be able to try this
20  case on that day.
21           I've spoken with our Commissioner of Jurors
22  and I can try this case and jurors would be available
23  as of February 1.
24           Would the People be ready to try this case on
25  February 1?

Adam H. Alweis, RPR  -  Senior Court Reporter

P012431

Proceedings

1      MR. MORAN: Absolutely.
2      THE COURT: Mr. Klein, what would your
3  position be with regard to a February 1st trial date?
4      MR. KLEIN: Your Honor, we appeared in this
5  Court on November 18th and had lengthy discussions
6  about where I was at in the case, and, excuse me, where
7  I was at in the case in terms of preparation and what I
8  would need to be doing, and I had concerns about the
9  March trial date and was requesting the Court consider
10 adjourning it until later, possibly May or June.
11     For various reasons, we left it on that date.
12 We adjusted the motion date, which I think is
13 January 21st, that it's on the calendar right now.
14 Nothing has changed for me since that November 18th
15 date.
16     There are items I asked this morning, I think
17 I put on the record the issue having to do with
18 marijuana pipes, and on the November 18th appearance,
19 there were marijuana pipes or piping found in the
20 vicinity of the body 28 years ago that were never
21 tested. They were never -- it was never looked at by
22 Mr. Cali. It was never thought of by Mr. Cali.
23     I didn't know about that until September when
24 I received the same video and I believe 17 photographs
25 and then I understood the importance of the marijuana

Adam H. Alweis, RPR  - Senior Court Reporter

Proceedings

1   pipe.

2              Also, looking through the police reports, I
3   had clear that there is evidence that Mr. Rivas did not
4   smoke marijuana.  So, it becomes a significant piece of
5   evidence that needs to be explored.

6              I asked Mr. Moran, the pipe had been at the
7   lab, was not tested.  I asked for it to be tested for
8   DNA.

9              Speaking with him this morning, my
10  understanding is, he did request the lab do that and
11  they are going to issue a report sometime next week,
12  apparently.

13             So, things have been going on that need to be
14  done to be properly prepared for trial.  Those things
15  have been going on and will continue to go on until we
16  are ready for trial, but it wouldn't be in Mr. Rivas'
17  best interests from the defense standpoint in January
18  and there is no way that it can be fairly tried in
19  January even if the People are theoretically ready and
20  able to call and proceed with their testimony.

21             So, nothing has changed since November.  I
22  can try for the March date, but I again caution the
23  Court that I don't know that we are going to be ready.

24             THE COURT: So, the first trial date, you
25  would not be ready to proceed is, at that point, at --

Adam H. Alweis, RPR  - Senior Court Reporter

Proceedings

1     MR. KLEIN: No, nor would Mr. Langone, even if
2  he were free.
3         There are things that need to be done that
4  cannot be done in that time frame. And I understand,
5  to a certain extent, the Second Circuit's frustration.
6  They may be able to view, if it was going to take this
7  long, Mr. Rivas, under the circumstances, that they
8  found or they found potential for actual innocence
9  based on the record they had before them, that he
10 should not still be in custody, but, if it's going to
11 be retried, and I'm retrying it, it can't be done in
12 January, consistent with Mr. Rivas' best interests, and
13 it would be an effort to get it ready by March 21st.
14    THE COURT: Okay. Thank you.
15    MR. KLEIN: And just the reference to the
16 marijuana pipe is just one example. There are many
17 others that I could give the Court, but that, in and of
18 itself, is enough, waiting for that report, not knowing
19 what the report is going to say and the possibility of
20 the need to go retain our own DNA expert, and we are
21 talking -- we are already in the middle of January by
22 that point. So, it would be an impossible task to try
23 this case by then.
24    THE COURT: Mr. Moran, did you want to be
25 heard any further, sir?

Adam H. Alweis, RPR - Senior Court Reporter

Proceedings

1    MR. MORAN: One of the reasons, Judge, that
2    it's taken so long to get those DNA reports finished is
3    that we had to get Mr. Rivas' DNA in order to compare
4    them to whatever may be generated from the items of
5    evidence he wants tested.
6        That wasn't accomplished until we asked the
7    Court for an order, and the Court granted that in
8    November. I had asked earlier if Mr. Rivas would be
9    willing to voluntarily give over a sample, and up until
10   that point, he was saying, "No, we are not going to
11   voluntarily give over a sample."
12       One of the reasons for any delay in those DNA
13   reports is Mr. Rivas' unwillingness to voluntarily give
14   over a sample, which meant we had to wait until we had
15   something to compare it to, which takes some time.
16       THE COURT: Mr. Rivas, it's a difficult and a
17   frustrating position for me to be in.
18       First of all, Mr. Klein is an experienced and
19   an excellent trial attorney. I did not assign him to
20   this case, which is a critically important case, case
21   of this magnitude, without careful consideration. But,
22   under the circumstances, I cannot conclude that it
23   would be prudent to require Mr. Klein to try this case
24   on February 1st. It doesn't sound like that's in
25   anyone's best interests.

Adam H. Alweis, RPR - Senior Court Reporter

Case 5:19-cv-00844-BKS-TWD Document 142-33, Filed 10/31/24 Page 13 of 20
Case 13-2974, Document 209-2, 01/08/2015, 1679973, Page12 of 19

12

Proceedings

1   Indeed, if I were to do that, I would be
2   virtually insuring that if there were a conviction and
3   a retrial, that this case would come back following an
4   Appellate review.
5   The People have been ready for trial. They
6   indicated again today that they are available for trial
7   on that February 1st basis. I have no basis to
8   conclude that this announcement is an illusionary one
9   by the People.
10  In light of the fact that neither Mr. Langone
11  nor Mr. Klein would be ready to try this case by
12  February 1st, despite the fact that I've contacted our
13  Commissioner of Jurors and I could have a jury panel
14  ready for you, I cannot in good conscience force either
15  of the attorneys to try this case by that date.
16  I previously gave Mr. Klein a trial date of
17  March 21st. I'll keep this matter scheduled for trial
18  on that date.
19  We talked about the filing of motions,
20  Mr. Klein. You indicated, in your review, there were
21  some unique issues for motion practice. Why don't you
22  tell me when you can get your motions in and I'll give
23  you -- I will give you a date regarding filing an
24  argument.
25  MR. KLEIN: I'd like to leave the 21st date on

Adam H. Alweis, RPR  - Senior Court Reporter

Case 5:19-cv-00844-BKS-TWD   Document 142-33   Filed 10/31/24   Page 14 of 20
Case 15-2974, Document 209-2, 01/06/2016, 1679975, Page13 of 19

13

Proceedings

1  for me to have a date that I'm aiming at, Judge, 21st
2  of January for filing, and I'd really like to keep that
3  on.  It will be an effort.
4       And as things continue to evolve, as I learn
5  more about the case, and I won't burden you with
6  details, but, it's a complex case because of how badly
7  Mr. Rivas was represented in 1993 from his arrest in
8  November of '92, to a trial in March of '93, and the
9  passage of time.  It's a complex situation and can't be
10 done quickly.
11      I'm going to try to have them in by the 21st.
12      THE COURT: I just honestly don't recall.  Did
13 I give you a motion argument date?
14      MR. KLEIN: I think it was the 21st.
15      THE COURT: Is the argument date, Ed?
16      MR. KLEIN: Yes.  So, we can leave that on as
17 a court date for either me to file motions or appear;
18 that sort of thing.  I'd like to keep a target so that
19 I keep focused on it.
20      THE COURT: So, January 21st, 2016, is for the
21 argument of motions.
22      Anything further, Mr. Klein, Mr. Manes,
23 anything?
24      MR. KLEIN: Couple of things.
25      One, I note for the record that Mr. Langone

Adam H. Alweis, RPR  - Senior Court Reporter

Proceedings

1   has not entered an appearance here. He's not counsel
2   of record for Mr. Rivas.
3          THE COURT: He told me on the record here
4   previously that he would not be. That's one of the
5   reasons I was confused by the Second Circuit's letter
6   decision.
7          MR. KLEIN: And I'm not sure, first of all,
8   it's Mr. Rivas' choice to a certain extent and that
9   decision has been made and I'm not sure that Mr. Rivas
10  would accept Mr. Langone being forced on him, as
11  Mr. Langone uses that term, by the Second Circuit.
12         So, it is my case and the decision about
13  whether we are ready or not is my decision based on my
14  knowledge of the case, not Mr. Langone.
15         THE COURT: I understand.
16         Sidney?
17         MR. MANES: Judge, may I be heard for just one
18  second?
19         THE COURT: Please.
20         MR. MANES: I've been involved in this case,
21  as the Court knows, for 19 years.
22         THE COURT: Yes.
23         MR. MANES: I just want to emphasize to the
24  Court that this is a 30 year old case, Number 1.
25  Mr. Rivas has served 24 years in a minimum sentence of

Adam H. Alweis, RPR  - Senior Court Reporter

P012438

Proceedings

1   25 to life.

2       I just wonder if this Court can have the
3   benefit of reducing bail to a dollar so Mr. Rivas, as
4   the Court has indicated, while this is all pending, let
5   Mr. Rivas go home.

6       He's not going to go anywhere, Judge. He has
7   family in the Bronx. He has lived here all his life.
8   He has not run. He didn't run when he was indicted.
9   He didn't run.

10      So, I'm asking the Court, under the
11  circumstances, with all that's going on between the
12  District Attorney and Mr. Klein and all that's being
13  discovered, let Mr. Rivas go home.

14      The Court has indicated very clearly in the
15  Second Circuit that had Mr. Cali been the minimum
16  efficient, the jury would not have convicted him and
17  then they said, on top of that, "actual innocence."

18      Judge -- Judge Miller, I've known Mr. Rivas
19  all these years. I've known his family, his children,
20  his wife. He ought to go home to the Bronx and not
21  continue to sit here in jail under the circumstances of
22  what the Second Circuit found, without question, and I
23  would ask the Court to please consider that.

24      THE COURT: Thank you, Mr. Manes. I
25  appreciate that.

Adam H. Alweis, RPR - Senior Court Reporter

Case 5:19-cv-00844-BKS-TWD Document 142-33 Filed 10/31/24 Page 17 of 20
Case 15-2974, Document 209-2, 03/20/23, 167631, Page46 of 79

16

Proceedings

1  Mr. Moran, would you like to be heard?
2  MR. MORAN: Judge, I've said all I've said
3  about bail. I think this might be the fifth or sixth
4  different bail application that Mr. Rivas or various
5  attorneys have made. I don't have anything to add to
6  what I've already said before. I think bail is
7  appropriate to what it is.
8  THE COURT: Despite Mr. Manes' excellent
9  arguments on your behalf, Mr. Rivas, I am not going to
10 change the bail.
11 What the Second Circuit may do is up to the
12 Second Circuit, but I am not going to change your bail
13 here in this Court.
14 I'll see you back here for the argument of
15 motions, hopefully, on that January -- January 20 --
16 MR. KLEIN: May we approach?
17 THE COURT: -- January 21 date.
18 MR. MORAN: Judge, in anticipation of that, I
19 will provide the Court with the Grand Jury minutes, if
20 I haven't already done that, so you can review those.
21 I believe that's part of the motions, anyway. It will
22 expedite matters.
23 THE COURT: Thanks.
24 MR. KLEIN: May we approach?
25 THE COURT: Sure.

Adam H. Alweis, RPR - Senior Court Reporter

P012440

Case 5:19-cv-00844-BKS-TWD   Document 142-36   Filed 10/31/24   Page 18 of 20
Case 23-2974, Document 209-2, 01/08/2026, 3767301, Page47 of 247

17

Proceedings

```
 1        (Bench conference.)
 2        THE COURT: All right.  Mr. Klein, did you
 3   want to be heard any further?
 4        MR. KLEIN: Well, in thinking about it
 5   further, Judge, with the DNA report coming in sometime
 6   next week and the Second Circuit response to this not
 7   being scheduled for trial, happily, around the 1st, I
 8   think it makes sense to adjourn the motion argument
 9   date.
10        So, I would request that be adjourned to
11   February 5th, so we don't lose too much time, but still
12   have those things accomplished.
13        I also say, as part of that request, and we
14   discussed this up at the bench, and I thought I made
15   this clear, but I am the attorney of record for
16   Mr. Rivas now and Mr. Langone is not.  He has not
17   entered an appearance.
18        As the Court has indicated, he was asked
19   about that and indicated that he would not be
20   representing Mr. Rivas.  I think that was during
21   sometime during the summer and that has stayed
22   unchanged until the order of the Second Circuit,
23   December 23rd, which suggested that somehow Mr. Langone
24   would be able -- would be representing -- would be able
25   to represent Mr. Rivas in the trial of this matter.
```

Adam H. Alweis, RPR  - Senior Court Reporter

Case 5:19-cv-00844-BKS-TWD Document 142-33 Filed 10/31/24 Page 19 of 20
Case 15-2974, Document 209-2, 01/06/2016, 1675975, Page18 of 19

18

Proceedings

1   As we stand here today, I am Mr. Rivas'
2   attorney.  He wants me to be his trial attorney and not
3   Mr. Langone.
4       THE COURT:  You've heard what your attorney
5   has said, Mr. Rivas.  Is that true, sir?
6       THE DEFENDANT:  Very clear, Judge Miller.
7       THE COURT:  And that is true?
8       THE DEFENDANT:  Yes.
9       THE COURT:  Very good.
10      Okay.  I'll see you back here on February 5th
11  for the argument of motions.
12      MR. KLEIN:  Thank you, Your Honor.
13      THE COURT:  Thank you all.
14              *       *       *

Adam H. Alweis, RPR  -  Senior Court Reporter

Case 5:19-cv-00844-BKS-TWD   Document 142-33   Filed 10/31/24   Page 20 of 20
Case 18-2974, Document 209-2, 01/08/2020, 1676573, Page19 of 20

19

Proceedings

1  CERTIFICATE
2      I, Adam H. Alweis, RPR, Senior Court
3  Reporter, Fifth Judicial District, State of New
4  York, do hereby certify that the foregoing is a true
5  and accurate transcript of my stenographic notes
6  from the proceedings had therein.
7
8                              [signature]
9                          Adam H. Alweis, RPR
10                         Senior Court Reporter
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Adam H. Alweis, RPR  -  Senior Court Reporter