# EXHIBIT "S-4"

1

```
 1   COUNTY COURT OF THE STATE OF NEW YORK

 2   COUNTY OF ONONDAGA    :   CRIMINAL TERM

 3   - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

 4   THE PEOPLE OF THE STATE OF NEW YORK,

 5                                Indict. No. 92-1114-1

 6        vs.

 7                                CALENDAR PROCEEDING

 8   HECTOR RIVAS,

 9

10                Defendant.

11   - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

12                       Onondaga County Criminal Court Bldg.
                         505 South State Street
13                       Syracuse, New York  13202
                         March 18, 2016
14
     B e f o r e:
15
                    HONORABLE THOMAS J. MILLER,
16
                            Judge
17
     A p p e a r a n c e s:
18
        WILLIAM J. FITZPATRICK, ESQ.
19        Onondaga County District Attorney
          BY:  ROBERT MORAN, ESQ.
20        Assistant District Attorney

21      EDWARD KLEIN, ESQ.
        KIM ZIMMER, ESQ.
22      SIDNEY MANES, ESQ.
        CASEY JOHNSON, ESQ.
23        Attorneys for the Defendant

24

25
```

2

1           THE CLERK:  Hector Rivas.

2           MR. KLEIN:  Hector isn't here because he

3    is hospitalized, Judge.

4           THE COURT:  Yes.  I heard that.

5           MR. KLEIN:  If we can approach, I can tell

6    you about that.  I don't want to do that on the

7    record.

8           THE COURT:  Yes, please.

9           (Whereupon, a discussion was had at the

10   Bench)

11          THE COURT:  Mr. Klein, Ms. Zimmer, Mr.

12   Manes.

13          I'm sorry, sir.  We haven't met.

14          MR. JOHNSON:  Casey Johnson.

15          THE COURT:  Mr. Johnson.  You each

16   represent Hector Rivas, is that true?

17          MR. KLEIN:  Ms. Zimmer and I are assigned

18   by the court to represent Mr. Rivas.  Mr. Manes

19   has represented him as counsel for years and

20   through his efforts overturned his conviction.

21   Mr. Johnson is an associate of Bousquet Holstein

22   where Mr. Manes is a partner.

23          THE COURT:  Thank you for coming over.

24   Thank you.

25          Rob Moran appears on behalf of the

3

1    district attorney's office.

2            For reasons discussed here at the Bench,

3    Mr. Rivas is not present.

4            Mr. Moran, on Thursday of this week, I

5    believe, yesterday, you provided this court with

6    a copy of an order from the United States Court

7    of Appeals for the Second Circuit and you asked

8    that this matter be placed on the court's

9    calendar as soon as I was able.  I'm in the

10   middle, as I indicated to you at the Bench, of a

11   non-jury trial, but if the People would like to

12   be heard and the defense as well, I'm certainly

13   here to listen.  Go ahead.

14           MR. MORAN:  Judge, one of the things I'm

15   concerned about, I think the court has a copy of

16   the submission made on Mr. Rivas's behalf by

17   Mr. Manes to the Second Circuit.  It contains a

18   letter from Mr. Manes with a cover letter and

19   then a letter signed by Mr. Rivas.  It's kind of

20   going through his version of the procedural

21   history of this case; and throughout it, he

22   complains about obstacles placed in the

23   petition's way impeding them from retrying this

24   case.  On the one hand, I think Mr. Rivas is

25   complaining about the bail status, which I

4

1   understand he has every right to complain about,

2   I suppose, but I don't know that there aren't

3   other things that he's complaining about.  I'm

4   not sure what that means.  I would like some

5   clarification on what exactly I've done to impede

6   them from filing motions for a year.  I simply

7   have my hands tied.  There's nothing I can do,

8   except wait for motions.  And up here in Syracuse

9   I'm waiting for motions and hearing that we need

10  more time, there's too much to go through, there

11  are other reasons why this can't get done.

12          THE COURT:  Let me interrupt you,

13  Mr. Moran, because, as I said, I am involved in

14  this trial.

15          Mr. Klein, what obstacles have been placed

16  in your way by the People?

17          MR. KLEIN:  The only obstacle -- Mr. Moran

18  has been cooperative throughout.  As we have

19  needed things, I let him know.  He's checked for

20  them.  They either exist or don't exist.  He

21  informs me of that.  The obstacle is the nature

22  of the case.  The obstacle is the history of the

23  case and the material that has to have been gone

24  through.

25          I want to note that Mr. Fitzpatrick,

DEBORAH A. DLUGOLECKI, C.M.

Senior Court Reporter

P012447

5

1   during the trial when there was the Brady problem

2   that became an issue on appeal and the 440, the

3   late provision of material at the time of trial,

4   Mr. Fitzpatrick on the record said that he was

5   frustrated because every time a police officer

6   came over, they came over with new reports that

7   he had never seen.  That has continued.  There

8   are reports that Mr. Moran hasn't seen.  There

9   are reports that we know are out there that

10  haven't been provided to Mr. Moran.  We keep

11  coming across things and partly because the files

12  are paper files.  I don't know what manner they

13  kept records in those days, but it wasn't

14  computerized, and so we continue to learn things

15  and get things.  Also complicated by the fact

16  that we now have modern technology.  We have DNA.

17  We have better laboratory procedures.  So there

18  are tests that have been done.  There are tests

19  that we're requesting be done.  That all takes

20  time.  And against that is the background of the

21  case.  It was indicted in late November of 1992

22  and tried in March of 1993 by an attorney from

23  out of the area who lacked skills to try any

24  criminal case, let alone a homicide case, and who

25  had asked for an adjournment of that trial and

6

1    Judge Mulroy denied it.  Even though at that

2    point he had asked for an adjournment, he had not

3    had his investigator come to Syracuse.  His

4    investigator spent two days here in early March

5    with a trial of two weeks and saw maybe five

6    people and went back to New York City.  That's

7    what -- you know, we're retrying a case that was

8    so screwed up in the beginning that it's taking

9    longer now to get it in shape to be tried.

10    Mr. Moran is not part of that and he's not being

11    an obstacle.  The obstacle is the history of the

12    case, and I really think the Second Circuit is

13    taking another look at that because I don't think

14    they were aware of that when they issued a

15    mandate last spring.  So maybe they're

16    re-thinking it, but it has nothing to do with you

17    or the court.  You offered trial dates that were

18    speedy and would have allowed the case to be

19    tried, but it couldn't have been tried by any

20    competent defense team before now and we're

21    trying, as we talked about that, to have it ready

22    for June.  And that is going to be difficult, but

23    we're committed to do that.  But any competent

24    defense counsel team would be in the same

25    position where we are given the history of the

DEBORAH A. DLUGOLECKI, C.M.

Senior Court Reporter

P012449

7

1    case and what has to be done.

2              THE COURT:  Mr. Moran, anything else?

3              MR. MORAN:  No, your Honor.

4              THE COURT:  Mr. Klein, anything else?

5              MR. KLEIN:  No, your Honor.  Thank you.

6              THE COURT:  Let me vent a little bit

7    today, please.  You're right.  We have attempted

8    to schedule this case for trial on many

9    occasions, and I've known most of you for a very

10   long time.  I know you're all very competent

11   attorneys, and it will be a pleasure, if we ever

12   get to this stage, to have a trial with all of

13   you.

14             But having reviewed the submission of the

15   Second Circuit and now looking at their order

16   this morning, it's ironic, I would say, if not

17   disingenuous, to be complaining in correspondence

18   about the scheduling of this case for trial when

19   no motions have been filed by the defense.

20   Discovery issues, if they exist, don't prevent

21   filing some of these motions.  I have none at

22   this point.  I've attempted from the first

23   appearance date to give you a trial date, and

24   each time I've been told the defense isn't ready,

25   for whatever reason.  The March trial date has

8

1    been moved yet again at the defense request now

2    to June.  Initially you were given a December

3    trial date.  I was told that was too soon.  The

4    Second Circuit is free to do whatever they see is

5    justice, but I am at a complete loss as to what

6    I'm to do or what they would do if they were in

7    my shoes to move this case along.  This trial is

8    scheduled now for June.  If I have to be here by

9    myself with twelve jurors, then I'll be here by

10   myself.  Don't come to me looking for any further

11   adjournments.  I will not grant them.  It is

12   intellectually inconsistent that on the one hand

13   the defendant, through Mr. Manes, is saying to

14   the Second Circuit I want my trial now, and on

15   the other hand Mr. Klein is telling me he's not

16   ready to go to trial and I need more time for

17   motions.

18        June 13th is our trial date.  That's a

19   date certain whether this defendant is in or out

20   of custody.  I will be here with a jury.  I hope

21   you'll all join me.  There are too many people

22   involved in this case, and, frankly, there are

23   too many courts involved in this case.

24        Mr. Langone told me he was not involved in

25   this case.  However, the Second Circuit has

9

1    indicated their expectation he should be here

2    ready to try this case back on February 1st.

3    Frankly, as I indicated to you all at the Bench,

4    I don't get it.

5            June 13 trial date certain.  Thank you.

6            MR. KLEIN:  Thank you, your Honor.

7            (Whereupon, the proceeding was adjourned)

8

9                    *     *     *     *

10                C E R T I F I C A T E

11

12       This is to certify that I am a Senior Court

13   Reporter of the Fifth Judicial District; that I

14   attended and reported the above-entitled proceedings;

15   that I have compared the foregoing with my original

16   minutes taken therein, and that it is a true and

17   correct transcript thereof and all of the proceedings

18   had therein.

19

20   _____
     Deborah A. Dlugolecki, C.M.

21

22

23

24

25

DEBORAH A. DLUGOLECKI, C.M.

Senior Court Reporter

P012452