United States District Court
Northern District of New York

_____

Sidney Manes,

                                Plaintiff,             Case No. 5:19-cv-00844-BKS-TWD

             V                                    Onondaga County's Response to
                                                     Plaintiff's Rule 36 Requests for

Onondaga County et al.,                          Admission

                               Defendants.

_____

       Onondaga County (County), as a response to the 25 June 2021 Federal Rules of Civil Procedure rule 36 requests for admission of Sidney Manes, sets forth:

Request 1

       Admit that from 1987 through May 1993, Defendant Erik Mitchell was the Chief Medical Examiner of the Onondaga County Medical Examiner's Office.

Response 1

       County admits.

Request 2

       Admit that as the Chief Medical Examiner, Defendant Erik Mitchell was the final policymaker of the Onondaga County Medical Examiner's Office.

Response 2

       County admits.

Request 3

       Admit that as the Chief Medical Examiner, Defendant Erik Mitchell was the final policymaker of the Onondaga County Medical Examiner's Office for policies or procedures concerning making determinations about the time of death.

Response 3

       County admits.

Request 4

Admit that Defendant Erik Mitchell resigned as the Chief Medical Examiner of the Onondaga County Medical Examiner's Office in 1993.

Response 4

County admits that Mitchell resigned. County's records show Mitchell resigned effective 15 January 1994, so County cannot truthfully admit or deny that Mitchell resigned in 1993.

Request 5

Admit that Defendant Erik Mitchell resigned as the Chief Medical Examiner of the Onondaga County Medical Examiner's Office to avoid being dismissed from the position.

Response 5

County admits that Mitchell resigned. County's records show that the termination of Mitchell's employment by County was voluntary and that no reason for it was given, so County cannot truthfully admit or deny that Mitchell resigned to avoid being dismissed.

Request 6

Admit that, at the time Defendant Erik Mitchell resigned as the Chief Medical Examiner of the Onondaga County Medical Examiner's Office, an investigation of Defendant Mitchell's conduct as Chief Medical Examiner was underway by the Onondaga County District Attorney's Office.

Response 6

County has made reasonable inquiry and the information it knows or can reasonably obtain is insufficient to enable County to truthfully admit or deny, save admit an investigation of Mitchell by the DA's office began in July 1993.

Request 7

Admit that prior to Defendant Erik Mitchell's resignation as Chief Medical Examiner of the Onondaga County Medical Examiner's Office, the Onondaga County District Attorney's Office was investigating potential criminal wrongdoing by Defendant Mitchell.

Response 7

County has made reasonable inquiry and the information it knows or can reasonably obtain is insufficient to enable County to truthfully admit or deny, save admit an investigation of Mitchell by the DA's office began in July 1993.

Request 8

Admit that the Onondaga County District Attorney's Office's investigation of potential criminal wrongdoing by Defendant Erik Mitchel corroborated allegations of wrongdoing by Defendant Mitchell.

Response 8

County has made reasonable inquiry and the information it knows or can reasonably obtain is insufficient to enable County to truthfully admit or deny.

Request 9

Admit that the Onondaga County District Attorney's Office determined that Defendant Erik Mitchell violated public health statutes.

Response 9

County has made reasonable inquiry and the information it knows or can reasonably obtain is insufficient to enable County to truthfully admit or deny.

Request 10

Admit that Defendant William Fitzpatrick recommended to Onondaga County Executive Nicholas Pirro that Defendant Erik Mitchell resign as the Chief Medical Examiner of the Onondaga County Medical Examiner's Office.

Response 10

County has made reasonable inquiry and the information it knows or can reasonably obtain is insufficient to enable County to truthfully admit or deny.

Request 11

Admit that during his election campaign for the office of Onondaga County District Attorney, Defendant William Fitzpatrick said he would solve Valerie Hill's murderer or bring her killer to justice or words to that effect.

Response 11

County has made reasonable inquiry and the information it knows or can reasonably obtain is insufficient to enable County to truthfully admit or deny.

Request 12

      Admit that Defendant William Fitzpatrick has been the duly-elected Onondaga County District Attorney since 1992.

Response 12

      County admits.

Request 13

      Admit that as the duly-elected Onondaga County District Attorney, Defendant William Fitzpatrick is the final policy-maker for the Onondaga County District Attorney's Office.

Response 13

      County admits.

Request 14

      Admit that Defendant Erik Mitchell told Defendant William Fitzpatrick that he had changed his opinion about the time of Valerie Hill's death.

Response 14

      County denies.

Request 15

      Admit that Defendant Erik Mitchell told Defendant William Fitzpatrick that his opinion about the time of Valerie Hill's death was based in part on his review of autopsy sectional slides of Ms. Hill's brain.

Response 15

      County denies.

Request 16

      Admit that Defendant William Fitzpatrick did not disclose the affidavit of Joe Morgan to Hector Rivas or Rivas' attorney until the close of the prosecution's case in the 1993 trial against Hector Rivas.

Response 16

      County denies.

Request 17

Admit that Defendant William Fitzpatrick did not disclose exculpatory material to Hector Rivas or Rivas' attorney before Rivas was convicted of the murder of Valerie Hill.

Response 17

County denies.

Request 18

Admit that Defendant William Fitzpatrick did not disclose to Hector Rivas or Rivas' attorney the existence of an affidavit of Mary Lazarski before Rivas was convicted of the murder of Valerie Hill.

Response 18

County denies.

Request 19

Admit that Defendant William Fitzpatrick did not disclose to Hector Rivas or Rivas' attorney the existence of an affidavit of Mary Lazarski's husband before Rivas was convicted of the murder of Valerie Hill.

Response 19

County denies.

Request 20

Admit that in *Rivas v Fischer*, 780 F.3d 529 (2d Cir. 2015), the Second Circuit ordered the district court to "issue a writ of habeas corpus to Rivas by the sixtieth calendar day after the issuance of our mandate unless the state has, by that time, taken concrete and substantial steps expeditiously to retry Rivas."

Response 20

County admits.

Request 21

    Admit that the Second Circuit issued its mandate in *Rivas v Fischer*, 780 F.3d 529 (2d Cir. 2015), on March 11, 2015.

Response 21

    County admits.

Request 22

    Admit that Defendant William Fitzpatrick learned of the Second Circuit's decision in *Rivas v Fischer*, 780 F.3d 529 (2d Cir. 2015), soon after it was issued.

Response 22

    County has made reasonable inquiry and the information it knows or can reasonably obtain is insufficient to enable County to truthfully admit or deny.

Request 23

    Admit that between March 11, 2015, and May 11, 2015, the Onondaga County District Attorney's Office did not take concrete and substantial steps to retry Rivas.

Response 23

    County denies.

Dated: 30 March 2022

s/ John E. Heisler Jr.
Bar Number: 301476
Attorney for Onondaga County
County of Onondaga Department of Law
John H. Mulroy Civic Center, 10th Floor
421 Montgomery Street
Syracuse, NY 13202
Telephone: (315) 435-2170
Fax: (315) 435-5729
Email: johnheislerjr@ongov.net