

**MARY L. D'AGOSTINO**
(315) 565-4550
*mdagostino@hancocklaw.com*

May 19, 2026

**VIA ELECTRONIC FILING**

Hon. Brenda K. Sannes, Chief U.S. District Judge
United States District Court for the Northern District of New York
James M. Hanley Federal Building & U.S. Courthouse
100 South Clinton Street
Syracuse, New York 13261

      Re:    *Manes o/b/o v. Onondaga County, et al.*, No.: 5:19-cv-844 (BKS/CBF)
             **Request for Leave to Provide Additional Briefing to the Court Prior to Trial**

Dear Chief Judge Sannes,

      Our office represents Defendant Onondaga County in connection with the above-referenced matter. In advance of the telephone conference scheduled before the Court on May 20, 2026, we respectfully submit this letter to identify three issues that the County requests be discussed at conference. These issues bear directly on the scope of the claims to be tried, the scope and extent of parties' evidentiary presentations, as well as the anticipated length of the trial.

    (1) **Additional Briefing on the applicable *mens rea* for the Fair Trial claim.** In addressing the parties' summary judgment briefing on Plaintiff's fabrication-of-evidence claim, the Court observed that it "need not, and does not, definitively decide" whether recklessness alone is sufficient to satisfy the *mens rea* requirement for such a claim, but stated that it would "permit further briefing on this issue before trial." Dkt. No. 165, pp. 23–26.

        "The mere fact that the parties present conflicting evidence does not mean that one side's evidence was fabricated." *Davis-Guider v. City of Troy*, No. 23-589, 2024 WL 5199294, at *3 (2d Cir. Dec. 23, 2024). Instead, in addition to establishing that the evidence is wrong or mistaken, a plaintiff must also offer "proof of *scienter*"[1] *i.e.*, that the evidence was "*knowingly* fabricated."[2] *Id.* ("Because Davis-Guider has adduced no evidence that Defendants knowingly fabricated evidence, the district court properly granted Defendants' motion for summary judgment on Davis-Guider's fair trial claims."). The Second Circuit's

---

[1] (emphasis in original)
[2] (emphasis added).

decision in *Davis*, together with other circuit precedent[3], suggest that recklessness is not sufficient as reckless and knowing are two entirely different scienter standards.

The County respectfully requests that the Court and the parties discuss a briefing schedule to present the Court with adequate case law to decide this issue. The outcome of this issue will impact the parties' presentation of evidence, the nature and disposition of any motion under Fed. R. Civ. 50, and potentially the Court's jury instructions. The issue has the potential to be dispositive relative to the Fair Trial claim given that there does not appear to be any evidence that Dr. Mitchell's time of death opinion was intentionally false.  As a result, the County respectfully submits that briefing on these issues, together with the Court's resolution thereof, would materially assist both the Court and the parties in efficiently preparing for trial and, potentially, narrowing the issues to be tried. If the Court is amenable, we would like to discuss a briefing schedule at the upcoming conference.

(2) **Statute of Limitations.** As the Court is aware, this lawsuit was commenced on July 13, 2019, exactly three years after the posthumous dismissal of the indictment against Hector Rivas on July 14, 2016. *See* Dkt. No. 1, ¶ 182. As a result, this action is timely *only if* Mr. Rivas's claims against the County accrued upon that dismissal of the indictment—rather than on an earlier date, such as the earlier *vacatur* of his first conviction by the Second Circuit[4] or upon his death several days before the indictment was dismissed.[5]

The County has pleaded the failure to satisfy the statute of limitations as an affirmative defense in this action, *see* Dkt. No. 22, ¶¶ 34-39, and intends to assert this defense at trial. Because the proper accrual date may result in a determination that the remaining claims against the County are time-barred, this statute-of-limitations issue is potentially dispositive. As a result, the County respectfully submits that briefing on this issue would materially assist both the Court and the parties in efficiently preparing for trial. If the Court is amenable, we would like to discuss a briefing schedule at the upcoming conference.

(3) **Length and Scope of Trial**. Consistent with the elements of a fair trial claim, the County intends to establish at trial that the alleged fabrication was not material to the outcome of the criminal trial and/or did not cause Mr. Rivas's deprivation of liberty because the volume

---

[3] *See, e.g.*, *Lalonde v. City of Ogdensburg*, No. 8:22-CV-00164 (LEK/DJS), 2026 WL 879705, at *15 (N.D.N.Y. Mar. 31, 2026) ("[p]laintiffs have presented no evidence of intentional fabrication that would meet the scienter requirement of their claim").

[4] *See generally Smith v. Gonzales*, 222 F.3d 1220 (10th Cir. 2000).

[5] *See, e.g.*, *People v. Cruciani*, 238 A.D.3d 462, 462 (1st Dep't 2025) ("Under this doctrine, the death of a defendant whose conviction has not become final through the appellate process results in the abatement of not only any pending appeal but also all proceedings from the case's inception."); *see also People v. Mintz*, 20 N.Y.2d 770, 771 (1967) ("The appeal to this court from the Appellate Division's order should likewise be dismissed for the reason that the entire criminal prosecution has abated by reason of his death.").

of untainted evidence presented to the criminal jury independently supported his conviction.[6]

Although this standard is clearly established, the law is not entirely clear on whether the evidence from the original criminal trial on the issues of materiality and causation can and should be presented anew, directly from the prior transcript, or both. We wanted to alert the Court to this evidentiary issue, which will affect the length of the trial. We will provide further briefing on this issue in the County's pretrial submissions.

Respectfully submitted,

HANCOCK ESTABROOK, LLP

Mary L. D'Agostino

cc:    all counsel of record (*via electronic filing*)

---

[6] *See e.g., Garnett v. Undercover Officer C0039,* 838 F.3d 265, 272 (2d Cir. 2016) (a plaintiff pursuing a fabricated evidence claim must demonstrate "that the fabricated evidence of a material nature was likely to influence [the] jury's decision"); *see also Rentas v. Ruffin*, 816 F.3d 214, 224 (2d Cir. 2016) ("even if Rentas suffered a loss of liberty due to the 'criminal prosecution,' the jury reasonably could have found that the loss of liberty was not caused by the defendants' alleged fabrication of evidence, but rather by whatever independent, untainted evidence supported probable cause").