# Exhibit C

**Wallie Howard, Jr.**
**Center for Forensic Sciences**
100 ELIZABETH BLACKWELL ST.
SYRACUSE, NY 13210
PHONE 315-435-3800 FAX 315-435-5048

**REPORT OF LABORATORY ANALYSIS**
**Report #6**

**FORENSIC BIOLOGY/DNA SECTION**

J. RYAN MCMAHON II
County Executive

INDU GUPTA, MD, MPH
Commissioner of Health

KATHLEEN CORRADO, PhD
Director of Laboratories

**LABORATORY #:** L15-0654
**AGENCY CASE #:** 87-037611

**INVESTIGATING AGENCY:** Syracuse Police Department
511 South State Street
Syracuse, NY 13202

**ITEMS FOR EXAMINATION:**

| ITEM # | RECEIVED | ITEM DESCRIPTION |
|---|---|---|
| 21.2.1 | 06/10/2015 | Swabbings from pipe 2 |
| 25.1 | 06/10/2015 | Swabbings from belt ends |
| 32.1 | 11/18/2015 | Known oral standard from Hector Rivas |

**RESULTS:**

DNA was extracted from the swabbings from pipe 2 (Item 21.2.1) and belt ends (Item 25.1) using the DNA IQ Casework Pro Kit with the Maxwell 16 and quantified using the PowerQuant® System. The DNA from the swabbings from pipe 2 (Item 21.2.1) and belt ends (Item 25.1) and the known oral standard from Hector Rivas (Item 32.1) was amplified by the Polymerase Chain Reaction (PCR) utilizing the Investigator® 24Plex kit for the following loci: the gender marker Amelogenin (AMEL), TH01, D3S1358, vWA, D21S11, TPOX, DYS391, D1S1656, D12S391, SE33, D10S1248, D22S1045, D19S433, D8S1179, D2S1338, D2S441, D18S51, FGA, D16S539, CSF1PO, D13S317, D5S818 and D7S820. Separation and visualization of the Short Tandem Repeat (STR) fragments was achieved using a 3500 Genetic Analyzer. STRmix™, a probabilistic genotyping software application, was utilized in the analysis of the generated DNA profiles suitable for comparison.

The DNA profiles obtained from the swabbings from pipe 2 (Item 21.2.1) and the belt ends (Item 25.1) are indicative of mixtures of 3 contributors and are suitable for comparison to known standards.

The mixture DNA profile obtained from the swabbing from pipe 2 (Item 21.2.1) is at least 10.9 times more likely if it originated from Hector Rivas and 2 unknown individuals than if it originated from 3 unknown individuals. This likelihood ratio is associated with an inconclusive result based on the laboratory's internal validation; therefore, no conclusion may be made as to whether Hector Rivas is a contributor to the DNA profile obtained.

The major component of the DNA profile obtained from the swabbing from the belt ends (Item 25.1) was contributed by a female donor.

The mixture DNA profile obtained from the swabbing from the belt ends (Item 25.1) is at least 24.3 times more likely if it originated from Hector Rivas and 2 unknown individuals than if it originated from 3 unknown individuals. This likelihood ratio is associated with an inconclusive result based on the laboratory's internal validation; therefore, no conclusion may be made as to whether Hector Rivas is a contributor to the DNA profile obtained.

**LABORATORY #:** L15-0654 Report #6
**AGENCY CASE #:** 87-037611

None of the DNA profiles generated are eligible for entry into the CODIS database.

**If further analysis is desired, please contact the Forensic Biology/DNA section at 435-3800. Please allow a minimum of 12 weeks from the submission of additional evidence for DNA analysis.**

**REMARKS:**

The propositions were formed from the information available at the time of analysis. If this information changes or if other propositions should be considered, please contact the laboratory with sufficient time for additional analysis.

Given the propositions stated, the most conservative likelihood ratio was reported using the lower bound 99% interval accounting for both related and unrelated individuals in the U.S. Caucasian, African American and Hispanic population groups. The population allele frequencies were obtained from the "U.S. population data for 29 autosomal STR loci" and "Corrigendum to 'U.S. Population Data for 29 Autosomal STR Loci'" Forensic Science International:Genetics, Volume 31, November 2017, e36-e40.

**DISPOSITION OF EVIDENCE:** The remaining DNA extracts will be retained at the laboratory. The evidence, including any remaining swabbings from the evidence, will be returned to the submitting agency.

Please see www.criminaljustice.ny.gov/forensic/labreportstandards.htm for definitions of significant terms used in this report. This report contains the conclusions, opinions and interpretations of the certifying examiner whose signature appears on the report. The results of analysis relate only to the items tested and apply to the items as received. This report does not constitute the entire case record. The case record may be comprised of worksheets, images, analytical data, and other documents. I certify that this report accurately reflects the results of an examination, comparison, or test performed by me. False statements made herein are punishable as a class A misdemeanor pursuant to Section 210.45 of the Penal Law of the State of New York.

AFFIRMED UNDER PENALTY OF PERJURY

**Results Certified By:** [signature] **Date:** 12/10/2019

Daniel Cowen, MFS
Forensic Scientist-Forensic Biology/DNA

Wallie Howard, Jr.
Center for Forensic Sciences
100 ELIZABETH BLACKWELL ST.
SYRACUSE, NY 13210
PHONE 315-435-3800 FAX 315-435-5048

**REPORT OF LABORATORY ANALYSIS**
**Report #1**

**FORENSIC BIOLOGY/DNA SECTION**

JOANNE M. MAHONEY
County Executive

INDU GUPTA, MD, MPH
Commissioner of Health

KATHLEEN CORRADO, PhD
Director of Laboratories

**LABORATORY #:** L15-0654
**AGENCY CASE #:** 87-037611

**INVESTIGATING AGENCY:** Syracuse Police Department
511 South State Street
Syracuse, NY 13202

## ITEMS FOR EXAMINATION:

| ITEM # | RECEIVED | ITEM DESCRIPTION |
|---|---|---|
| 2 | 06/10/2015 | Pubic Hair Exemplar from Valerie Hill |
| 3 | 06/10/2015 | Personal Papers |
| 4 | 06/10/2015 | Drinking Glass (Broken) |
| 7 | 06/10/2015 | Rum Bottle |
| 9 | 06/10/2015 | Drinking Glass |
| 11 | 06/10/2015 | Drinking Glass |
| 12 | 06/10/2015 | Underwear |
| 13 | 06/10/2015 | Wine Bottle |
| 15 | 06/10/2015 | Personal Papers |
| 16 | 06/10/2015 | Personal Papers |
| 17 | 06/10/2015 | Personal Papers |
| 18 | 06/10/2015 | Personal Papers |
| 19 | 06/10/2015 | Personal Papers |
| 20 | 06/10/2015 | Sexual Offense Evidence Collection Kit from Valerie Hill Containing Cervical, Rectal and Oral Swabs, Red Liquid, Perianal Fecal Matter, Head Hair Standard, Pubic Hair Standard, Pubic Hair Tape Lift, Tape Lt. Front Leg, Tapings Front Rt Leg, Tampon, Paper Bag Labeled "Trace Evidence" (appears empty), Microscope Slide Holder Labeled "Slide Oral, Rectal, Cervical, Vaginal" and 11 Hairs Mounted on Microscope Slides |
| 21 | 06/10/2015 | Miscellaneous Items Including Pipe and Film Canister |
| 22 | 06/10/2015 | Red Blanket |
| 23 | 06/10/2015 | Blue Robe |
| 24 | 06/10/2015 | Lab Slides |
| 25 | 06/10/2015 | Blue Robe Belt |
| 26 | 07/20/2015 | Cigarette Butts (7) |
| 27 | 07/24/2015 | Known Oral Standard from Icie Hill |

## RESULTS:

Using the presumptive phenolphthalein test, blood was not detected on the wine bottle (Item 13). The pubic hair exemplar from Valerie Hill (Item 2), personal papers (Item 3, 15, 16, 17, 18 and 19), underwear (Item 12), sexual offense evidence collection kit from Valerie Hill containing cervical, rectal and oral swabs, red liquid, perianal fecal matter, head hair standard, pubic hair standard, pubic hair tape lift, tape lt. front leg, tapings front RT leg, tampon, paper bag labeled "trace evidence" (appears empty), microscope slide holder labeled "slide oral, rectal, cervical, vaginal" and 11 hairs mounted on microscope slides (Item 20), miscellaneous items including pipe and film canister (Item 21), red blanket (Item 22), blue robe (Item 23), lab slides (Item 24), blue robe belt (Item 25) and known oral standard from Icie Hill (Item 27) were not analyzed.

DNA was extracted from the rims of the drinking glasses (items 4, 9 and 11), rum bottle (item 7) and wine bottle (item 13) and the cigarette butts (item 26) using a QIAamp kit and quantified using a Plexor HY Human and Male DNA Quantification Kit. The DNA from 5 of the cigarette butts (from item 26) was amplified by the Polymerase Chain Reaction (PCR) utilizing the AmpFlSTR Identifiler Plus kit for the following loci: D8S1179, D21S11, D7S820, CSF1PO, D3S1358, TH01, D13S317, D16S539, D2S1338, D19S433, vWA, TPOX, D18S51, D5S818, FGA and the gender marker Amelogenin (AMEL). Separation and visualization of the Short Tandem Repeat (STR) fragments was achieved using an ABI 3130 Genetic Analyzer unit.

The DNA profiles obtained from the three of the cigarette butts (from item 26) were contributed by the same male donor (Unknown Male 1).

The DNA profile obtained from the one of the cigarette butts (from item 26) was contributed by a single female donor.

The DNA profile obtained from the one of the cigarette butts (from item 26) was contributed by a single male donor (Unknown Male 2).

Due to an insufficient amount of human DNA for PCR analysis, the drinking glasses (items 4, 9 and 11), rum bottle (item 7) and two of the cigarette butts (from item 26) were not profiled.

No DNA was detected on the wine bottle (item 13); therefore the wine bottle was not profiled.

The DNA profiles obtained from 2 of the cigarette butts (from item 26) will be entered into the local, state, and/or national CODIS databases. Your agency will be informed if a significant match is obtained.

**If further analysis is desired, please contact the Forensic Biology/DNA section at 435-3800. Please allow a minimum of 12 weeks from the submission of additional evidence for DNA analysis.**

**LABORATORY #:** L15-0654 Report #1
**AGENCY CASE #:** 87-037611

**DISPOSITION OF EVIDENCE:** The swabbings from the drinking glasses (items 4, 9 and 11), rum bottle (item 7) and wine bottle (item 13), cigarette butts (item 26), cervical, rectal and oral swabs (from item 20) and remaining DNA extracts will be retained at the laboratory. The remaining evidence will be returned to the submitting agency.

Please see www.criminaljustice.ny.gov/forensic/labreportstandards.htm for definitions of significant terms used in this report.

This report contains the conclusions, opinions and interpretations of the certifying examiner whose signature appears on the report. This report does not constitute the entire case record. The case record may be comprised of worksheets, images, analytical data, and other documents. I certify that this report accurately reflects the results of an examination, comparison, or test performed by me. False statements made herein are punishable as a class A misdemeanor pursuant to Section 210.45 of the Penal Law of the State of New York.

AFFIRMED UNDER PENALTY OF PERJURY

**Results Certified By:** [signature] **Date:** 08/28/2015

Daniel Cowen, MFS
Forensic Scientist-Forensic Biology/DNA

**Wallie Howard, Jr.**
**Center for Forensic Sciences**
100 ELIZABETH BLACKWELL ST.
SYRACUSE, NY 13210
PHONE 315-435-3800 FAX 315-435-5048

**REPORT OF LABORATORY ANALYSIS**
**Report #2**

**FORENSIC BIOLOGY/DNA SECTION**

JOANNE M. MAHONEY
County Executive

INDU GUPTA, MD, MPH
Commissioner of Health

KATHLEEN CORRADO, PhD
Director of Laboratories

**LABORATORY #:** L15-0654
**AGENCY CASE #:** 87-037611

**INVESTIGATING AGENCY:** Syracuse Police Department
511 South State Street
Syracuse, NY 13202

**ITEMS FOR EXAMINATION:**

| ITEM # | RECEIVED | ITEM DESCRIPTION |
|---|---|---|
| 20.2 | 06/10/2015 | Cervical Swab |
| 20.3 | 06/10/2015 | Rectal Swab |
| 20.4 | 06/10/2015 | Oral Swab |
| 20.5 | 06/10/2015 | Tampon |
| 25 | 06/10/2015 | Robe Belt |
| 27 | 07/24/2015 | Known Oral Standard from Icie Hill |
| 28 | 10/13/2015 | Roach Clip |
| 29 | 10/20/2015 | Bottle |
| 30 | 10/27/2015 | Cigarette Butt |
| 31 | 10/27/2015 | Known Oral Standard from David Hill |
| 32 | 11/18/2015 | Known Oral Standard from Hector Rivas |

**RESULTS:**
A presumptive phenolphthalein test for the presence of blood was positive on a stain from the robe belt (Item 25). No spermatozoa were identified by microscopic analysis on the cervical swab (Item 20.2), rectal swab (Item 20.3), oral swab (Item 20.4) or tampon (Item 20.5). Trace evidence was collected from the robe belt (Item 25). The collected trace evidence was retained with the original item.

DNA was extracted from a stain from the robe belt (Item 25) and from the cervical swab (Item 20.2), rectal swab (Item 20.3), oral swab (Item 20.4), tampon (Item 20.5), ends of the robe belt (Item 25), known oral standard from Icie Hill (Item 27), roach clip (Item 28), opening of the bottle (Item 29), cigarette butt (Item 30), known oral standard from David Hill (Item 31) and known oral standard from Hector Rivas (Item 32) using the DNA IQ Casework Pro Kit with the Maxwell 16 and quantified using a Plexor HY Human and Male DNA Quantification Kit. The DNA from oral swab from Valerie Hill (Item 20.4), stain from the robe belt (Item 25), known oral standard from Icie Hill (Item 27), known oral standard from David Hill (Item 31) and known oral standard from Hector Rivas (Item 32) was amplified by the Polymerase Chain Reaction (PCR) utilizing the AmpFlSTR Identifiler Plus kit for the following loci: D8S1179, D21S11, D7S820, CSF1PO, D3S1358, TH01, D13S317, D16S539, D2S1338, D19S433, vWA, TPOX, D18S51, D5S818, FGA and the gender marker Amelogenin (AMEL). Separation and visualization of the Short Tandem Repeat (STR) fragments was achieved using an ABI 3130 Genetic Analyzer unit.

The DNA profile obtained from the cigarette butt (from Item 26, see report #1) was contributed by a single male donor. The DNA profile obtained from the cigarette butt (from Item 26, see report #1) matches, at 13 STR loci, the DNA profile of Hector Rivas (Item 32). The profile at the remaining loci is consistent with Hector Rivas (Item 32) being a contributor of the DNA obtained from the cigarette butt (from Item 26, see report #1), but is not suitable for use in the statistical interpretation. The probability of an unrelated individual having an STR profile matching the obtained DNA profile at the D8S1179, D21S11, D3S1358, TH01, D13S317, D16S539, D2S1338, D19S433, vWA, TPOX, D18S51, D5S818 and FGA loci is less than 1 in 127 trillion. It can be concluded that Hector Rivas (Item 32) is the source of the DNA from the cigarette butt (from Item 26, see report #1) (excluding identical siblings).

The DNA profile obtained from the cigarette butt (from Item 26, see report #1) was contributed by a single male donor. The DNA profile obtained from the cigarette butt (from Item 26, see report #1) matches, at 10 STR loci, the DNA profile of Hector Rivas (Item 32). The profile at the remaining loci is consistent with Hector Rivas (Item 32) being a contributor of the DNA obtained from the cigarette butt (from Item 26, see report #1), but is not suitable for use in the statistical interpretation. The probability of an unrelated individual having an STR profile matching the obtained DNA profile at the D8S1179, D21S11, D3S1358, TH01, D13S317, D16S539, D19S433, vWA, D5S818 and FGA loci is less than 1 in 70.4 billion.

The DNA profile obtained from the cigarette butt (from Item 26, see report #1) was contributed by a single male donor. The DNA profile obtained from the cigarette butt (from Item 26, see report #1) matches, at 5 STR loci, the DNA profile of Hector Rivas (Item 32). The profile at D21S11, D7S820, TH01, D13S317, vWA and TPOX loci is consistent with Hector Rivas (Item 32) being a contributor of the DNA obtained from the cigarette butt (from Item 26, see report #1), but is not suitable for use in the statistical interpretation. No interpretable DNA profile was obtained at the CSF1PO, D16S539, D2S1338 or D18S51 loci. The probability of an unrelated individual having an STR profile matching the obtained DNA profile at the D8S1179, D3S1358, D19S433, D5S818 and FGA loci is less than 1 in 320 thousand.

The DNA profiles obtained from the cigarette butts (from Item 26, see report #1) do not match the DNA profiles obtained from Valerie Hill (Item 20.4), David Hill (Item 31) or Icie Hill (Item 27). Therefore, Valerie Hill (Item 20.4), David Hill (Item 31) and Icie Hill (Item 27) are excluded as possible donors of the DNA profiles obtained from the cigarette butts (from Item 26, see report #1).

The DNA profile obtained from the cigarette butt (from Item 26, see report #1) was contributed by a single female donor. The DNA profile obtained from the cigarette butt (from Item 26, see report #1) matches, at 4 STR loci, the DNA profile of Valerie Hill (Item 20.4). The profile at D8S1179, TH01, D16S539, TPOX, D18S51 and D5S818 loci is consistent with Valerie Hill (Item 20.4) being a contributor of the DNA obtained from the cigarette butt (from Item 26, see report #1), but is not suitable for use in the statistical interpretation. No interpretable DNA profile was obtained at the D21S11, D7S820, CSF1PO, D13S317 or D2S1338 loci. The probability of an unrelated individual having an STR profile matching the obtained DNA profile at the D3S1358, D19S433, vWA and FGA loci is less than 1 in 12.4 thousand.

The DNA profile obtained from the robe belt stain (Item 25) was contributed by a single female donor. The DNA profile obtained from the robe belt stain (Item 25) matches, at 13 STR loci, the DNA profile of Valerie Hill (Item 20.4). The profile at the remaining loci is consistent with Valerie Hill (Item 20.4) being a contributor of the DNA obtained from the robe belt stain (Item 25), but is not suitable for use in the statistical interpretation. The probability of an unrelated individual having an STR profile matching the obtained DNA profile at the D8S1179, D21S11, D7S820, CSF1PO, D3S1358, TH01, D13S317, D16S539, D19S433, vWA, TPOX, D5S818 and FGA loci is less than 1 in 8.31 trillion. It can be concluded that Valerie Hill (Item 20.4) is the source of the DNA from the robe belt stain (Item 25) (excluding identical siblings).

The DNA profiles obtained from the cigarette butt (from Item 26, see report #1) and robe belt stain (Item 25) do not match the DNA profiles obtained from Icie Hill (Item 27), David Hill (Item 31) or Hector Rivas (Item 32). Therefore, Icie Hill (Item 27), David Hill (Item 31) and Hector Rivas (Item 32) are excluded as possible donors of the DNA profiles obtained from cigarette butt (from Item 26, see report #1) and robe belt stain (Item 25).

Due to an insufficient amount of human DNA for PCR analysis, the cigarette butt (Item 30) was not profiled.

Due to the low quantity of male DNA, the sperm fraction of the rectal swab (Item 20.3) was not profiled with the AmpFlSTR Identifiler Plus kit.

No male DNA was detected on the non-sperm fraction of the cervical swab (Item 20.2), the sperm fraction of the oral swab (Item 20.4) or the non-sperm fraction or sperm fraction of the tampon (Item 20.5), therefore the non-sperm fraction of the cervical swab (Item 20.2), the sperm fraction of the oral swab (Item 20.4) and the non-sperm fraction and sperm fraction of the tampon (Item 20.5) were not profiled.

No DNA was detected on the sperm fraction of the cervical swab (Item 20.2), non-sperm fraction of the rectal swab (Item 20.3), roach clip (Item 28) or bottle (Item 29); therefore the sperm fraction of the cervical swab (Item 20.2), non-sperm fraction of the rectal swab (Item 20.3), roach clip (Item 28) and opening of the bottle (Item 29) were not profiled.

Analysis of the swabbings from the robe belt ends (Item 25) will be the subject of a future report.

Based on the observation that the donor of the DNA profile obtained from the cigarette butt (from Item 26, see report #1) shares an allele, at 13 STR loci, with David Hill (Item 31), the donor of the DNA profile obtained from the cigarette butt (from Item 26, see report #1) cannot be excluded as the biological father of David Hill (Item 31). No interpretable DNA profile was obtained from the cigarette butt (from Item 26, see report #1) at the CSF1PO or D2S1338 loci, therefore these loci will not be used for statistical interpretation. It is 384 thousand times more likely that the genotype of David Hill (Item 31) would be observed if the donor of the DNA profile obtained from the cigarette butt (from Item 26, see report #1) is the biological father, than if a random, unrelated male in the Caucasian population is the biological father of David Hill (Item 31).

The DNA profile obtained from the robe belt stain (Item 25) is not eligible for entry into the CODIS database.

**If further analysis is desired, please contact the Forensic Biology/DNA section at 435-3800. Please allow a minimum of 12 weeks from the submission of additional evidence for DNA analysis.**

**DISPOSITION OF EVIDENCE:** The cervical swab (Item 20.2), rectal swab (Item 20.3), oral swab (Item 20.4), tampon (Item 20.5), swabbings from the robe belt (Item 25), known oral standard from Icie Hill (Item 27), swabbings from the roach clip (Item 28), swabbings from the opening of the bottle (Item 29), cigarette butt (Item 30), known oral standard from David Hill (Item 31) and known oral standard from Hector Rivas (Item 32) and remaining DNA extracts will be retained at the laboratory. The remaining evidence will be returned to the submitting agency.

Please see www.criminaljustice.ny.gov/forensic/labreportstandards.htm for definitions of significant terms used in this report.

This report contains the conclusions, opinions and interpretations of the certifying examiner whose signature appears on the report. This report does not constitute the entire case record. The case record may be comprised of worksheets, images, analytical data, and other documents. I certify that this report accurately reflects the results of an examination, comparison, or test performed by me. False statements made herein are punishable as a class A misdemeanor pursuant to Section 210.45 of the Penal Law of the State of New York.

AFFIRMED UNDER PENALTY OF PERJURY

**Results Certified By:** [signature] **Date:** 01/19/2016

Daniel Cowen, MFS
Forensic Scientist-Forensic Biology/DNA

Wallie Howard, Jr.
Center for Forensic Sciences
100 ELIZABETH BLACKWELL ST.
SYRACUSE, NY 13210
PHONE 315-435-3800 FAX 315-435-5048

# REPORT OF LABORATORY ANALYSIS
## Report #3

## LATENT PRINT SECTION

JOANNE M. MAHONEY
County Executive

INDU GUPTA, MD, MPH
Commissioner of Health

KATHLEEN CORRADO, PhD
Director of Laboratories

---

**LABORATORY #:** L15-0654
**AGENCY CASE #:** 87-037611

**INVESTIGATING AGENCY:** Syracuse Police Department
511 South State Street
Syracuse, NY 13202

---

**ITEMS FOR EXAMINATION:**

| ITEM # | RECEIVED | ITEM DESCRIPTION |
|---|---|---|
| 3 | 06/10/2015 | One key ring containing seven keys and one paper keychain labeled "5", five Post-it notes with handwriting, one torn piece of white paper with handwriting, one torn piece of blank white paper, one purple envelope addressed to "Ms. Valerie Hill", and ten pages of handwritten letters |
| 4 | 06/10/2015 | One broken drinking glass and two paper towels |
| 5 | 06/10/2015 | Two BENNIGAN'S matchbooks containing matches |
| 6 | 06/10/2015 | One BENNIGAN'S matchbook containing matches |
| 7 | 06/10/2015 | One BACARDI Superior Rum glass bottle received with one piece of lift tape adhered to side |
| 7.2 | 06/10/2015 | One latent print lift card containing the lift tape removed from the BACARDI Superior Rum glass bottle |
| 8 | 06/10/2015 | One blue CRICKET lighter |
| 9 | 06/10/2015 | One clear drinking glass |
| 10 | 06/10/2015 | One Stephen King "The Dark Tower: The Gunslinger" book, one clear plastic book jacket, two brown paper book covers, one pink Mid-York library card, one piece of paper with handwriting, and one brown envelope addressed to the Cazenovia Library |
| 11 | 06/10/2015 | One clear drinking glass |
| 13 | 06/10/2015 | One empty BLUE NUN White Wine glass bottle received with four pieces of lift tape adhered to side |
| 13.2 | 06/10/2015 | One latent print lift card containing one piece of lift tape removed from the BLUE NUN White Wine glass bottle |
| 13.3 | 06/10/2015 | One latent print lift card containing one piece of lift tape removed from the BLUE NUN White Wine glass bottle |
| 13.4 | 06/10/2015 | One latent print lift card containing one piece of lift tape removed from the BLUE NUN White Wine glass bottle |
| 13.5 | 06/10/2015 | One latent print lift card containing one piece of lift tape removed from the BLUE NUN White Wine glass bottle |
| 15 | 06/10/2015 | Two sheets of blank white paper |
| 16 | 06/10/2015 | Two yellow pieces of paper with handwriting |
| 17 | 06/10/2015 | One yellow Post-it note with handwriting |
| 18 | 06/10/2015 | One white sheet of paper with handwriting |
| 19 | 06/10/2015 | One lined sheet of paper with handwriting |
| 21 | 06/10/2015 | One plastic "AQUA PIPE", one black film canister with a blue plastic cover, one black film canister, one metal pipe, and one pleated sandwich bag |
| 29 | 10/20/2015 | One empty 16oz glass PEPSI-COLA bottle |
| 33 | 12/14/2015 | One inked fingerprint card and two inked palmprint cards bearing the name Hector M. Rivas (DOB 2/20/1952, date printed 11/25/1992) |

**LABORATORY #:** L15-0654 Report #3
**AGENCY CASE #:** 87-037611

Two live-scan fingerprint cards bearing the name Hector Rivas (NYSID #01375082H, DOB 02/20/1952, dates fingerprinted 03/24/2015 and 04/17/2015) obtained at the CFS Laboratories via the OCSO RICI System

One live-scan fingerprint card and two live-scan palmprint cards bearing the name John N. Cassano, Jr. (DOB 04/08/1963) obtained at the CFS Laboratories via the OCSO RICI System

**RESULTS:**

Items 3 (excluding purple envelope), 4, 5, 6, 7, 8, 9, 10 (including clear plastic jacket, paper book covers, and glossy book cover/pages only), 11, 13, 15, 16, 17, 18, 19, 21, and 29 were examined for the presence of latent prints utilizing visual, physical, and chemical methods. Item 10 (including non-glossy pages, library card, piece of paper with handwriting, and brown envelope only) was visually examined for the presence of latent prints.

One hundred-thirteen latent prints were digitally captured from Items 3, 4, 5, 7, 9, 10, 11, 13, 16, 17, 18, 19, and 21 and labeled as followed:

- Item 4 (broken drinking glass) – Latent prints 4L1 through 4L8, 4L42 through 4L44, 4L49
- Item 7 (BACARDI bottle) – Latent prints 7L9 through 7L13, 7L38, and 7L51
- Item 9 (drinking glass) – Latent prints 9L14 through 9L21, 9L45 through 9L48, 9L50, and 9L55
- Item 11 (drinking glass) – Latent prints 11L22 through 11L30
- Item 13 (BLUE NUN bottle) – Latent prints 13L31 through 13L37, 13L39 through 13L41
- Item 21 (film canister and blue film canister cover) – Latent prints 21L52 through 21L54
- Item 5 (BENNIGAN'S matchbook) – Latent print 5L56
- Item 17 (Post-it note with handwriting) – Latent print 17L57
- Item 18 (paper with handwriting) – Latent print 18L58
- Item 19 (lined paper with handwriting) – Latent print 19L59
- Item 10 (Stephen King book pages) – Latent prints 10L60 through 10L67
- Item 10 (clear plastic book jacket) – Latent prints 10L68 through 10L83
- Item 16 (two yellow pieces of paper with handwriting) – Latent prints 16L84 through 16L88
- Item 3 (miscellaneous personal papers) – Latent prints 3L89 through 3L113

No latent prints suitable for identification were observed or developed from the keys in Item 3, the glossy pages in Item 10, or from Items 6, 8, 15 or 29. No latent prints were observed or developed from the paper towels in Item 4, the "AQUA PIPE", metal pipe, or sandwich bag in Item 21, or the paper book cover, library card, brown envelope, or piece of paper with handwriting in Item 10.

Examinations of the latent prints were conducted using the Analysis, Comparison, Evaluation, and Verification (ACE-V) process with the results indicated in the following tables on pages 3 through 6.

**LABORATORY #:** L15-0654 Report #3
**AGENCY CASE #:** 87-037611

| Latent Print # | **Analysis:** Suitable for Identification (Yes/No) | **Comparison and Evaluation Results:** Key: IDENT - compared, subject identified as source of the latent print *- see SABIS statement in report; EXC - compared, subject excluded as source of the latent print; INC - inconclusive comparison, subject neither identified nor excluded as source of the latent print (area of additional known prints required for conclusive comparison indicated); NC - subject not compared. The latent print(s) were compared to the following known prints bearing the name(s): | |
|---|---|---|---|
| | | **Hector Rivas** | **John N. Cassano, Jr.** |
| 4L1 (broken drink glass) | Yes | EXC | NC |
| 4L2 (broken drink glass) | No | ---------------------------- | ---------------------------- |
| 4L3 (broken drink glass) | Yes | EXC | NC |
| 4L4 (broken drink glass) | Yes | EXC | NC |
| 4L5 (broken drink glass) | Yes | INC (need fully recorded tips and joints of fingers) | NC |
| 4L6 (broken drink glass) | Yes | EXC | NC |
| 4L7 (broken drink glass) | No | ---------------------------- | ---------------------------- |
| 4L8 (broken drink glass) | No | ---------------------------- | ---------------------------- |
| 7L9 (Bacardi bottle) | No | ---------------------------- | ---------------------------- |
| 7L10 (Bacardi bottle) | Yes | INC (need major case prints) | INC (need major case prints) |
| 7L11 (Bacardi bottle) | Yes | EXC | EXC |
| 7L12 (Bacardi bottle) | Yes | EXC | EXC |
| 7L13 (Bacardi bottle) | Yes | EXC | EXC |
| 9L14 (drink glass) | Yes | EXC | NC |
| 9L15 (drink glass) | Yes | EXC | NC |
| 9L16 (drink glass) | Yes | EXC | NC |
| 9L17 (drink glass) | No | ---------------------------- | ---------------------------- |
| 9L18 (drink glass) | Yes | EXC | NC |
| 9L19 (drink glass) | No | ---------------------------- | ---------------------------- |
| 9L20 (drink glass) | Yes | EXC | NC |
| 9L21 (drink glass) | Yes | EXC | NC |
| 11L22 (drink glass) | No | ---------------------------- | ---------------------------- |
| 11L23 (drink glass) | No | ---------------------------- | ---------------------------- |

**LABORATORY #:** L15-0654 Report #3
**AGENCY CASE #:** 87-037611

| Latent Print # | Analysis: Suitable for Identification (Yes/No) | Comparison and Evaluation Results: Key: IDENT - compared, subject identified as source of the latent print *- see SABIS statement in report; EXC - compared, subject excluded as source of the latent print; INC - inconclusive comparison, subject neither identified nor excluded as source of the latent print (area of additional known prints required for conclusive comparison indicated); NC - subject not compared. The latent print(s) were compared to the following known prints bearing the name(s): | |
|---|---|---|---|
| | | **Hector Rivas** | **John N. Cassano, Jr.** |
| 11L24 (drink glass) | No | ---------------------------- | ---------------------------- |
| 11L25 (drink glass) | No | ---------------------------- | ---------------------------- |
| 11L26 (drink glass) | Yes | EXC | NC |
| 11L27 (drink glass) | Yes | INC (need fully recorded right index finger) | NC |
| 11L28 (drink glass) | Yes | EXC | NC |
| 11L29 (drink glass) | Yes | EXC | NC |
| 11L30 (drink glass) | Yes | EXC | NC |
| 13L31 (Blue Nun bottle) | Yes | **IDENT** | NC |
| 13L32 (Blue Nun bottle) | Yes | **IDENT** | NC |
| 13L33 (Blue Nun bottle) | Yes | **IDENT** | NC |
| 13L34 (Blue Nun bottle) | Yes | INC (need fully recorded tips of fingers) | INC (need fully recorded tips of fingers) |
| 13L35 (Blue Nun bottle) | Yes | **IDENT** | NC |
| 13L36 (Blue Nun bottle) | Yes | **IDENT** | NC |
| 13L37 (Blue Nun bottle) | No | ---------------------------- | ---------------------------- |
| 7L38 (Bacardi bottle) | Yes | EXC | EXC |
| 13L39 (Blue Nun bottle) | Yes | **IDENT** | NC |
| 13L40 (Blue Nun bottle) | Yes | **IDENT** | NC |
| 13L41 (Blue Nun bottle) | No | ---------------------------- | ---------------------------- |
| 4L42 (broken drink glass) | No | ---------------------------- | ---------------------------- |
| 4L43 (broken drink glass) | Yes | EXC | NC |
| 4L44 (broken drink glass) | No | ---------------------------- | ---------------------------- |
| 9L45 (drink glass) | Yes | EXC | NC |
| 9L46 (drink glass) | No | ---------------------------- | ---------------------------- |



*"SEEKING TRUTH THROUGH SCIENCE"*

**LABORATORY #:** L15-0654 Report #3
**AGENCY CASE #:** 87-037611

| Latent Print # | **Analysis:** Suitable for Identification (Yes/No) | **Comparison and Evaluation Results:** Key: IDENT - compared, subject identified as source of the latent print *- see SABIS statement in report; EXC - compared, subject excluded as source of the latent print; INC - inconclusive comparison, subject neither identified nor excluded as source of the latent print (area of additional known prints required for conclusive comparison indicated); NC - subject not compared. The latent print(s) were compared to the following known prints bearing the name(s): | |
|---|---|---|---|
| | | **Hector Rivas** | **John N. Cassano, Jr.** |
| 9L47 (drink glass) | Yes | EXC | NC |
| 9L48 (drink glass) | Yes | EXC | NC |
| 4L49 (broken drink glass) | Yes | EXC | NC |
| 9L50 (drink glass) | Yes | EXC | NC |
| 7L51 (Bacardi bottle) | Yes | INC (need major case prints) | INC (need major case prints) |
| 21L52 (blue film canister cover) | Yes | **IDENT** | NC |
| 21L53 (blue film canister cover) | Yes | **IDENT** | NC |
| 21L54 (film canister without cover) | No | ---------------------------- | ---------------------------- |
| 9L55 (drink glass) | No | ---------------------------- | ---------------------------- |
| 5L56 (matchbook) | Yes | EXC | NC |
| 17L57 (Post-it note) | Yes | EXC | NC |
| 18L58 (paper with writing) | No | ---------------------------- | ---------------------------- |
| 19L59 (lined paper with writing) | Yes | **IDENT** | NC |
| 10L60 (page from book) | Yes | EXC | NC |
| 10L61 (page from book) | Yes | EXC | NC |
| 10L62 (page from book) | No | ---------------------------- | ---------------------------- |
| 10L63 (page from book) | Yes | EXC | NC |
| 10L64 (page from book) | No | ---------------------------- | ---------------------------- |
| 10L65 (page from book) | No | ---------------------------- | ---------------------------- |
| 10L66 (page from book) | Yes | INC (need fully recorded sides of fingers) | NC |
| 10L67 (page from book) | No | ---------------------------- | ---------------------------- |

**LABORATORY #:** L15-0654 Report #3
**AGENCY CASE #:** 87-037611

| Latent Print # | Analysis: Suitable for Identification (Yes/No) | Comparison and Evaluation Results: Key: IDENT - compared, subject identified as source of the latent print *- see SABIS statement in report; EXC - compared, subject excluded as source of the latent print; INC - inconclusive comparison, subject neither identified nor excluded as source of the latent print (area of additional known prints required for conclusive comparison indicated); NC - subject not compared. The latent print(s) were compared to the following known prints bearing the name(s): | |
|---|---|---|---|
| | | **Hector Rivas** | **John N. Cassano, Jr.** |
| 10L68 (plastic book jacket) | Yes | EXC | NC |
| 10L69 (plastic book jacket) | Yes | EXC | NC |
| 10L70 (plastic book jacket) | Yes | EXC | NC |
| 10L71 (plastic book jacket) | Yes | EXC | NC |
| 10L73 (plastic book jacket) | Yes | NC | NC |
| 10L74 (plastic book jacket) | Yes | **IDENT** | NC |
| 10L76 (plastic book jacket) | Yes | NC | NC |
| 10L77 (plastic book jacket) | Yes | **IDENT** | NC |
| 16L84 (paper with writing) | Yes | NC | NC |
| 16L86 (paper with writing) | Yes | EXC | NC |
| 16L87 (paper with writing) | Yes | NC | NC |
| 16L88 (paper with writing) | Yes | NC | NC |

Analysis of latent prints 10L72, 10L75, 10L78 through 10L83, 16L85, and 3L89 through 3L113 for suitability for identification, as well as comparison of latent prints 10L73, 10L76, 16L84, 16L87, and 16L88 has been deferred at this time per Assistant District Attorney Robert Moran. Examination of the purple envelope from Item 3 has also been deferred at this time per Assistant District Attorney Robert Moran. If further examination would significantly aid in the investigation, please contact the author of this report.

A Statewide Automated Biometric Identification System (SABIS) analysis of the remaining unidentified latent prints from the above listed items determined that there are latent prints suitable for SABIS entry. A SABIS search has been deferred pending the availability of elimination fingerprints and palmprints of Valerie Hill.

If elimination prints of Valerie Hill, or additional known prints of Hector Rivas or John N. Cassano Jr. become available for comparison, please contact the author of this report.

**LABORATORY #:** L15-0654 Report #3
**AGENCY CASE #:** 87-037611

**REMARKS:**

The digitally captured latent prints from Items 3, 4, 5, 7, 9, 10, 11, 13, 16, 17, 18, 19, and 21 have been preserved and retained at the CFS Laboratories.

Digital scans of the handwriting from Items 3, 16, 17, 18, and 19 have been preserved and retained at the CFS Laboratories.

Apparent hairs/fibers were observed in the adhesive of the Post-it note in Item 17 and were retained in the original packaging.

Please see www.criminaljustice.ny.gov/forensic/labreportstandards.htm for definitions of significant terms used in this report.

This report contains the conclusions, opinions and interpretations of the certifying examiner whose signature appears on the report. This report does not constitute the entire case record. The case record may be comprised of worksheets, images, analytical data, and other documents. I certify that this report accurately reflects the results of an examination, comparison, or test performed by me. False statements made herein are punishable as a class A misdemeanor pursuant to Section 210.45 of the Penal Law of the State of New York.

AFFIRMED UNDER PENALTY OF PERJURY

**Results Certified By:** [signature] **Date:** 04/05/2016

Ashley Mull
Latent Print Examiner

Wallie Howard, Jr.
Center for Forensic Sciences
100 ELIZABETH BLACKWELL ST.
SYRACUSE, NY 13210
PHONE 315-435-3800 FAX 315-435-5048

# REPORT OF LABORATORY ANALYSIS
Report #4

FORENSIC BIOLOGY/DNA SECTION

JOANNE M. MAHONEY
County Executive

INDU GUPTA, MD, MPH
Commissioner of Health

KATHLEEN CORRADO, PhD
Director of Laboratories

**LABORATORY #:** L15-0654
**AGENCY CASE #:** 87-037611

**INVESTIGATING AGENCY:** Syracuse Police Department
511 South State Street
Syracuse, NY 13202

## ITEMS FOR EXAMINATION:

| ITEM # | RECEIVED | ITEM DESCRIPTION |
|---|---|---|
| 3 | 06/10/2015 | Miscellaneous papers including envelope with red/brown stains and keys |
| 8 | 06/10/2015 | Lighter |
| 14 | 06/10/2015 | Tape lifts from left and right legs of Valerie Hill |
| 20.4 | 12/11/2015 | Oral swab from Valerie Hill (previously extracted) |
| 21 | 06/10/2015 | Pipes (2) and film canisters (2) |
| 22 | 06/10/2015 | Blanket |
| 23 | 06/10/2015 | Robe |
| 24 | 06/10/2015 | 5 microscope slides reading "pubic H. Rivas" with apparent hairs |
| 25.1 | 12/08/2015 | Swabbing from end of belt (previously extracted) |
| 34 | 03/30/2016 | 6 empty pill boxes, 6 microscope slides with apparent hairs |
| 35 | 03/30/2016 | Telephone |
| 37 | 03/30/2016 | Bottle |
| 38 | 03/30/2016 | Bottle |
| 39 | 03/30/2016 | Bottle |
| 41 | 03/30/2016 | Empty pill box |
| 43 | 03/30/2016 | Bottle |
| 45 | 03/31/2016 | Shirt |

## RESULTS:

Presumptive phenolphthalein tests for the presence of blood were positive in stains from the robe (Item 23) and shirt (Item 45). Using the presumptive phenolphthalein test, blood was not detected on the envelope (from Item 3). Trace evidence was collected from the robe (Item 23) and shirt (Item 45). The collected trace evidence was retained with the original items. Potential trace evidence was preserved with the blanket (Item 22). The miscellaneous papers and keys (from Item 3), tape lifts from left and right legs of Valerie Hill (Item 14), film canisters (from Item 21), blanket (Item 22), 5 microscope slides reading "pubic H. Rivas" with apparent hairs (Item 24), 6 empty pill boxes, 6 microscope slides with apparent hairs (Item 34), telephone (Item 35), bottle (Item 37), bottle (Item 38), bottle (Item 39), empty pill box (Item 41) and bottle (Item 43) were not analyzed.

DNA was extracted from the lighter (Item 8) and pipes (from Item 21) and stains from the robe (Item 23) and shirt (Item 45) using a QIAamp kit and quantified using a Plexor HY Human and Male DNA Quantification Kit. The DNA from one of the pipes (from Item 21), the oral swab from Valerie Hill (Item 20.4.1), belt ends (item 25.1) and stains from the robe (Item 23) and shirt (Item 45) was amplified by the Polymerase Chain Reaction (PCR) utilizing the AmpFlSTR Identifiler Plus kit for the following loci: D8S1179, D21S11, D7S820, CSF1PO, D3S1358, TH01, D13S317, D16S539, D2S1338, D19S433, vWA, TPOX, D18S51, D5S818, FGA and the gender marker Amelogenin (AMEL). Separation and visualization of the Short Tandem Repeat (STR) fragments was achieved using an ABI 3130 Genetic Analyzer unit.

The DNA profiles obtained from the stains from the robe (Item 23) and shirt (Item 45) were contributed by the same female donor.

The DNA profile obtained from the belt ends (Item 25.1) is indicative of a mixture of at least 2 contributors.

The major component of the DNA profile obtained from the belt ends (Items 25.1) and the DNA profiles obtained from the stains from the robe (Item 23) and shirt (Item 45) were contributed by the same female donor. The major component of the DNA profile obtained from the belt ends (Items 25.1) and the DNA profiles obtained from the stains from the robe (Item 23) and shirt (Item 45) match, at 15 STR loci, the DNA profile obtained from Valerie Hill (item 20.4). The probability of an unrelated individual having an STR profile matching the obtained DNA profile is less than 1 in 3.96 quadrillion. It can be concluded that Valerie Hill is the source of the major component of the DNA profile obtained from the belt ends (Items 25.1) and the DNA profiles obtained from the stains from the robe (Item 23) and shirt (Item 45) (excluding identical siblings).

The major component of the DNA profile obtained from the belt ends (Items 25.1) and the DNA profiles obtained from the stains from the robe (Item 23) and shirt (Item 45) do not match the DNA profiles obtained from Hector Rivas (Item 32, see report #2), Icie Hill (Item 27, see report #2) or David Hill (Item 31, see report #2). Therefore, Hector Rivas (Item 32, see report #2), Icie Hill (Item 27, see report #2) and David Hill (Item 31, see report #2) are excluded as possible donors of the major component of the DNA profile obtained from the belt ends (Items 25.1) and the DNA profiles obtained from the stains from the robe (Item 23) and shirt (Item 45).

Based on current laboratory interpretation guidelines, the remainder of the DNA profile obtained from the belt ends (Item 25.1) is not suitable for comparison due to the low level activity and number of contributors observed in the profile. It may be possible to further interpret this profile using a different method. If this is of interest and a known standard is available for comparison, please contact the laboratory.

The DNA profile obtained from one of the pipes (from Item 21) is indicative of a mixture of at least 3 contributors. Based on current laboratory interpretation guidelines, the DNA profile obtained from one of the pipes (from Item 21) is not suitable for comparison due to the low level activity and number of contributors observed in the profile. It may be possible to further interpret this profile using a different method. If this is of interest and a known standard is available for comparison, please contact the laboratory.

Due to an insufficient amount of human DNA for PCR analysis, one of the pipes (from Item 21) was not profiled.

No DNA was detected on the lighter (Item 8); therefore the lighter (Item 8) was not profiled.

Based on the observation that donor of the DNA profile obtained from the cigarette butt (from Item 26, see report #1) shares an allele, at 13 STR loci, with Valerie Hill (Item 20.4), the donor of the DNA profile obtained from the cigarette butt (from Item 26, see report #1) cannot be excluded as the biological father of Valerie Hill (Item 20.4). No interpretable DNA profile was obtained from the cigarette butt (from Item 26, see report #1) at the CSF1PO or D2S1338 loci, therefore these loci will not be used for statistical interpretation. It is 119 thousand times more likely that the genotype of Valerie Hill (Item 20.4) would be observed if the donor of the DNA profile obtained from the cigarette butt (from Item 26, see report #1) is the biological father, than if a random, unrelated male in the Caucasian population is the biological father of Valerie Hill (Item 20.4).

**LABORATORY #:** L15-0654 Report #4
**AGENCY CASE #:** 87-037611

The DNA from the belt ends (Item 25.1) was amplified by the Polymerase Chain Reaction (PCR) utilizing the AmpFlSTR Y-filer kit for the following loci: DYS456, DYS389I, DYS390, DYS389II, DYS458, DYS19, DYS385 a/b, DYS393, DYS391, DYS439, DYS635, DYS392,YGATA H4, DYS437, DYS438, and DYS448. Separation and visualization of the Short Tandem Repeat (STR) fragments was achieved using an ABI 3130 Genetic Analyzer unit.

A mixture of partial Y-STR DNA profiles from at least 3 male contributors was obtained from the belt ends (Item 25.1). Due to the low level activity and the number of contributors observed in the profile, the DNA profile obtained is not suitable for comparison.

The major component of the DNA profile obtained from the belt ends (Item 25.1), the DNA profiles obtained from the stains from the robe (Item 23) and shirt (Item 45) and the DNA profile obtained from one of the pipes (from item 21) are not eligible for entry into the CODIS database.

**If further analysis is desired, please contact the Forensic Biology/DNA section at 435-3800. Please allow a minimum of 12 weeks from the submission of additional evidence for DNA analysis.**

**DISPOSITION OF EVIDENCE:** The swabbings from the pipes (from Item 21) and lighter (Item 8) and cuttings from the robe (Item 23) and shirt (Item 45) stains and remaining DNA extracts will be retained at the laboratory. The remaining evidence will be returned to the submitting agency.

Please see www.criminaljustice.ny.gov/forensic/labreportstandards.htm for definitions of significant terms used in this report.

This report contains the conclusions, opinions and interpretations of the certifying examiner whose signature appears on the report. This report does not constitute the entire case record. The case record may be comprised of worksheets, images, analytical data, and other documents. I certify that this report accurately reflects the results of an examination, comparison, or test performed by me. False statements made herein are punishable as a class A misdemeanor pursuant to Section 210.45 of the Penal Law of the State of New York.

AFFIRMED UNDER PENALTY OF PERJURY

**Results Certified By:** [signature] **Date:** 04/19/2016

Daniel Cowen, MFS
Forensic Scientist-Forensic Biology/DNA

Wallie Howard, Jr.
Center for Forensic Sciences
100 ELIZABETH BLACKWELL ST.
SYRACUSE, NY 13210
PHONE 315-435-3800 FAX 315-435-5048

# REPORT OF LABORATORY ANALYSIS
## Report #5

## LATENT PRINT SECTION

JOANNE M. MAHONEY
County Executive

INDU GUPTA, MD, MPH
Commissioner of Health

KATHLEEN CORRADO, PhD
Director of Laboratories

**LABORATORY #:** L15-0654
**AGENCY CASE #:** 87-037611

**INVESTIGATING AGENCY:** Syracuse Police Department
511 South State Street
Syracuse, NY 13202

**ITEMS FOR EXAMINATION:**

| ITEM # | RECEIVED | ITEM DESCRIPTION |
|---|---|---|
| 3 | 06/10/2015 | One key ring containing seven keys and one paper keychain labeled "5", five Post-it notes with handwriting, one torn piece of white paper with handwriting, one torn piece of blank white paper, one purple envelope addressed to "Ms. Valerie Hill", and ten pages of handwritten letters |
| 4 | 06/10/2015 | One broken drinking glass and two paper towels |
| 5 | 06/10/2015 | Two BENNIGAN'S matchbooks containing matches |
| 7 | 06/10/2015 | One BACARDI Superior Rum glass bottle received with one piece of lift tape adhered to side |
| 9 | 06/10/2015 | One clear drinking glass |
| 10 | 06/10/2015 | One Stephen King "The Dark Tower: The Gunslinger" book, one clear plastic book jacket, two brown paper book covers, one pink Mid-York library card, one piece of paper with handwriting, and one brown envelope addressed to the Cazenovia Library |
| 11 | 06/10/2015 | One clear drinking glass |
| 13 | 06/10/2015 | One empty BLUE NUN White Wine glass bottle received with four pieces of lift tape adhered to side |
| 17 | 06/10/2015 | One yellow Post-it note with handwriting |
| 33 | 12/14/2015 | One inked fingerprint card and two inked palmprint cards bearing the name Hector M. Rivas (DOB 02/20/1952, date printed 11/25/1992) |
| 35 | 03/30/2016 | One CONAIRPHONE push button telephone |
| 36 | 03/30/2016 | One NYNEX phone book |
| 37 | 03/30/2016 | Indicated on Evidence Submission Receipt as one bottle of Triple Sec |
| 38 | 03/30/2016 | Indicated on Evidence Submission Receipt as one bottle of table wine |
| 39 | 03/30/2016 | Indicated on Evidence Submission Receipt as one bottle of brandy |
| 40 | 03/30/2016 | One metal ashtray received with one piece of lift tape adhered to bottom |
| 40.1 | 03/30/2016 | One latent print lift card containing the lift tape removed from the metal ashtray |
| 42 | 03/30/2016 | Miscellaneous contents including two library cards purported as being from the victim's trashcan |
| 43 | 03/30/2016 | Indicated on Evidence Submission Receipt as one bottle of vodka |

**LABORATORY #:** L15-0654 Report #5
**AGENCY CASE #:** 87-037611

Two live-scan fingerprint cards bearing the name Hector Rivas (NYSID #01375082H, DOB 02/20/1952, dates fingerprinted 03/24/2015 and 04/17/2015) obtained at the CFS Laboratories via the OCSO RICI System

Four copies of inked fingerprint cards bearing the name Richard F. Conte (NYSID #4107732R, DOB 12/30/1956, dates of arrest 05/10/1980, 06/24/1981, 07/13/1984, and 10/06/1992) received 04/15/2016 from the New York State Division of Criminal Justice Services

One copy of an inked fingerprint card bearing the name Richard Francis Conte (FBI #361734R1) received 04/11/2016 from the Federal Bureau of Investigation's Criminal Justice Information Services Division

One copy of an inked fingerprint card bearing the NYSID #04107732R obtained at the CFS Laboratories via the Statewide Automated Biometric Identification System (SABIS)

One copy of an inked fingerprint card bearing the name Pasquale Barricilla (NYSID #4497062K, DOB 03/22/1961, date of arrest 10/28/1979) received 04/15/2016 from the New York State Division of Criminal Justice Services

One copy of an inked fingerprint card bearing the name Pasquale Barracella (FBI #716323V11) received 04/11/2016 from the Federal Bureau of Investigation's Criminal Justice Information Services Division

One copy of an inked fingerprint card bearing the NYSID #04497062K obtained at the CFS Laboratories via the Statewide Automated Biometric Identification System (SABIS)

**RESULTS:**

Item 36 (exterior cover of phone book only) was visually examined for the presence of latent prints. No latent prints were observed on Item 36.

Items 35, 40, and 42 (library cards only) were examined for the presence of latent prints utilizing visual, physical, and chemical methods. Twenty-eight latent prints were digitally captured and labeled as follows:

- Item 40 (ashtray) – Latent prints 40L114 through 40L124, 40L138 through 40L140
- Item 35 (telephone) – Latent prints 35L125 through 35L137
- Item 42 (library card) – Latent print 42L141

Examinations of latent prints were conducted using the Analysis, Comparison, Evaluation, and Verification (ACE-V) process with the results indicated in the following tables on pages 3 through 8.

**LABORATORY #:** L15-0654 Report #5
**AGENCY CASE #:** 87-037611

| Latent Print # | Analysis: Suitable for Identification (Yes/No) | Comparison and Evaluation Results: Key: IDENT - compared, subject identified as source of the latent print *- see SABIS statement in report; EXC - compared, subject excluded as source of the latent print; INC - inconclusive comparison, subject neither identified nor excluded as source of the latent print (area of additional known prints required for conclusive comparison indicated); NC - subject not compared. The latent print(s) were compared to the following known prints bearing the name(s): | | |
|---|---|---|---|---|
| | | Hector M. Rivas | Pasquale Barracella (alias: Pasquale Barricilla) | Richard Francis Conte |
| 4L1 (broken drink glass) | Yes | See Report of Laboratory Analysis - Report #3 | EXC | EXC |
| 4L3 (broken drink glass) | Yes | See Report of Laboratory Analysis - Report #3 | EXC | EXC |
| 4L4 (broken drink glass) | Yes | See Report of Laboratory Analysis - Report #3 | EXC | EXC |
| 4L5 (broken drink glass) | Yes | See Report of Laboratory Analysis - Report #3 | INC (need fully recorded tips and joints of fingers) | INC (need fully recorded tips and joints of fingers) |
| 4L6 (broken drink glass) | Yes | See Report of Laboratory Analysis - Report #3 | INC (need fully recorded sides of fingers) | EXC |
| 7L10 (Bacardi bottle) | Yes | See Report of Laboratory Analysis - Report #3 | INC (need major case prints) | INC (need major case prints) |
| 7L11 (Bacardi bottle) | Yes | See Report of Laboratory Analysis - Report #3 | EXC | EXC |
| 7L12 (Bacardi bottle) | Yes | See Report of Laboratory Analysis - Report #3 | EXC | EXC |
| 7L13 (Bacardi bottle) | Yes | See Report of Laboratory Analysis - Report #3 | EXC | EXC |
| 9L14 (drink glass) | Yes | See Report of Laboratory Analysis - Report #3 | EXC | EXC |
| 9L15 (drink glass) | Yes | See Report of Laboratory Analysis - Report #3 | EXC | EXC |
| 9L16 (drink glass) | Yes | See Report of Laboratory Analysis - Report #3 | EXC | EXC |
| 9L18 (drink glass) | Yes | See Report of Laboratory Analysis - Report #3 | EXC | EXC |
| 9L20 (drink glass) | Yes | See Report of Laboratory Analysis - Report #3 | EXC | EXC |
| 9L21 (drink glass) | Yes | See Report of Laboratory Analysis - Report #3 | EXC | EXC |
| 11L26 (drink glass) | Yes | See Report of Laboratory Analysis - Report #3 | EXC | EXC |
| 11L27 (drink glass) | Yes | See Report of Laboratory Analysis - Report #3 | INC (need fully recorded tips and sides of fingers) | EXC |
| 11L28 (drink glass) | Yes | See Report of Laboratory Analysis - Report #3 | INC (need fully recorded sides of fingers) | EXC |
| 11L29 (drink glass) | Yes | See Report of Laboratory Analysis - Report #3 | EXC | EXC |
| 11L30 (drink glass) | Yes | See Report of Laboratory Analysis - Report #3 | EXC | EXC |
| 13L34 (Blue Nun bottle) | Yes | See Report of Laboratory Analysis - Report #3 | INC (need fully recorded tips of fingers) | EXC |

**LABORATORY #:** L15-0654 Report #5
**AGENCY CASE #:** 87-037611

| Latent Print # | Analysis: Suitable for Identification (Yes/No) | Comparison and Evaluation Results: Key: IDENT - compared, subject identified as source of the latent print *- see SABIS statement in report; EXC - compared, subject excluded as source of the latent print; INC - inconclusive comparison, subject neither identified nor excluded as source of the latent print (area of additional known prints required for conclusive comparison indicated); NC - subject not compared. The latent print(s) were compared to the following known prints bearing the name(s): | | |
|---|---|---|---|---|
| | | **Hector M. Rivas** | **Pasquale Barracella (alias: Pasquale Barricilla)** | **Richard Francis Conte** |
| 7L38 (Bacardi bottle) | Yes | See Report of Laboratory Analysis - Report #3 | INC (need fully recorded tips and sides of fingers) | EXC |
| 4L43 (broken drink glass) | Yes | See Report of Laboratory Analysis - Report #3 | EXC | EXC |
| 9L45 (drink glass) | Yes | See Report of Laboratory Analysis - Report #3 | EXC | EXC |
| 9L47 (drink glass) | Yes | See Report of Laboratory Analysis - Report #3 | EXC | EXC |
| 9L48 (drink glass) | Yes | See Report of Laboratory Analysis - Report #3 | EXC | EXC |
| 4L49 (broken drink glass) | Yes | See Report of Laboratory Analysis - Report #3 | EXC | EXC |
| 9L50 (drink glass) | Yes | See Report of Laboratory Analysis - Report #3 | EXC | EXC |
| 7L51 (Bacardi bottle) | Yes | See Report of Laboratory Analysis - Report #3 | INC (need major case prints) | INC (need major case prints) |
| 5L56 (matchbook) | Yes | See Report of Laboratory Analysis - Report #3 | INC (need fully recorded sides of fingers) | INC (need fully recorded sides of fingers) |
| 17L57 (Post-it note) | Yes | See Report of Laboratory Analysis - Report #3 | EXC | EXC |
| 10L60 (page from book) | Yes | See Report of Laboratory Analysis - Report #3 | EXC | EXC |
| 10L61 (page from book) | Yes | See Report of Laboratory Analysis - Report #3 | EXC | EXC |
| 10L63 (page from book) | Yes | See Report of Laboratory Analysis - Report #3 | EXC | EXC |
| 10L66 (page from book) | Yes | See Report of Laboratory Analysis - Report #3 | INC (need fully recorded sides of fingers) | INC (need fully recorded sides of fingers) |
| 10L68 (plastic book jacket) | Yes | See Report of Laboratory Analysis - Report #3 | EXC | EXC |
| 10L69 (plastic book jacket) | Yes | See Report of Laboratory Analysis - Report #3 | EXC | EXC |
| 10L70 (plastic book jacket) | Yes | See Report of Laboratory Analysis - Report #3 | EXC | EXC |
| 10L71 (plastic book jacket) | Yes | See Report of Laboratory Analysis - Report #3 | EXC | EXC |
| 10L72 (plastic book jacket) | No | ---------------------- | ---------------------- | ---------------------- |
| 10L73 (plastic book jacket) | Yes | INC (need major case prints) | INC (need major case prints) | INC (need major case prints) |
| 10L75 (plastic book jacket) | No | ---------------------- | ---------------------- | ---------------------- |

**LABORATORY #:** L15-0654 Report #5
**AGENCY CASE #:** 87-037611

| Latent Print # | Analysis: Suitable for Identification (Yes/No) | Comparison and Evaluation Results: Key: IDENT - compared, subject identified as source of the latent print *- see SABIS statement in report; EXC - compared, subject excluded as source of the latent print; INC - inconclusive comparison, subject neither identified nor excluded as source of the latent print (area of additional known prints required for conclusive comparison indicated); NC - subject not compared. The latent print(s) were compared to the following known prints bearing the name(s): | | |
|---|---|---|---|---|
| | | **Hector M. Rivas** | **Pasquale Barracella (alias: Pasquale Barricilla)** | **Richard Francis Conte** |
| 10L76 (plastic book jacket) | Yes | EXC | EXC | EXC |
| 10L78 (plastic book jacket) | Yes | EXC | EXC | EXC |
| 10L79 (plastic book jacket) | Yes | **IDENT** | NC | NC |
| 10L80 (plastic book jacket) | No | --------------------- | --------------------- | --------------------- |
| 10L81 (plastic book jacket) | No | --------------------- | --------------------- | --------------------- |
| 10L82 (plastic book jacket) | Yes | **IDENT** | NC | NC |
| 10L83 (plastic book jacket) | No | --------------------- | --------------------- | --------------------- |
| 16L84 (paper with writing) | Yes | EXC | NC (need fully recorded palmprints) | NC (need fully recorded palmprints) |
| 16L85 (paper with writing) | No | --------------------- | --------------------- | --------------------- |
| 16L86 (paper with writing) | Yes | See Report of Laboratory Analysis - Report #3 | EXC | EXC |
| 16L87 (paper with writing) | Yes | INC (need fully recorded sides of fingers) | INC (need fully recorded sides of fingers) | EXC |
| 16L88 (paper with writing) | Yes | EXC | NC (need fully recorded palmprints) | NC (need fully recorded palmprints) |
| 3L89 (Post-it with writing) | No | --------------------- | --------------------- | --------------------- |
| 3L90 (Post-it with writing) | Yes | EXC | INC (need fully recorded tips and sides of fingers) | EXC |
| 3L91 (Post-it with writing) | Yes | **IDENT** | NC | NC |
| 3L92 (hand-written letter) | Yes | EXC | EXC | EXC |
| 3L93 (hand-written letter) | Yes | EXC | EXC | EXC |
| 3L94 (hand-written letter) | Yes | EXC | EXC | EXC |
| 3L95 (hand-written letter) | Yes | EXC | EXC | EXC |
| 3L96 (hand-written letter) | Yes | **IDENT** | NC | NC |
| 3L97 (hand-written letter) | Yes | INC (need fully recorded writer's palms) | NC (need fully recorded palmprints) | NC (need fully recorded palmprints) |

**LABORATORY #:** L15-0654 Report #5
**AGENCY CASE #:** 87-037611

| Latent Print # | Analysis: Suitable for Identification (Yes/No) | Comparison and Evaluation Results: Key: IDENT - compared, subject identified as source of the latent print *- see SABIS statement in report; EXC - compared, subject excluded as source of the latent print; INC - inconclusive comparison, subject neither identified nor excluded as source of the latent print (area of additional known prints required for conclusive comparison indicated); NC - subject not compared. The latent print(s) were compared to the following known prints bearing the name(s): | | |
|---|---|---|---|---|
| | | **Hector M. Rivas** | **Pasquale Barracella (alias: Pasquale Barricilla)** | **Richard Francis Conte** |
| 3L98 (hand-written letter) | No | --------------------- | --------------------- | --------------------- |
| 3L99 (hand-written letter) | No | --------------------- | --------------------- | --------------------- |
| 3L100 (hand-written letter) | No | --------------------- | --------------------- | --------------------- |
| 3L101 (Post-it with writing) | Yes | **IDENT** | NC | NC |
| 3L102 (Post-it with writing) | Yes | EXC | EXC | EXC |
| 3L103 (Post-it with writing) | Yes | EXC | EXC | EXC |
| 3L104 (hand-written letter) | No | --------------------- | --------------------- | --------------------- |
| 3L105 (hand-written letter) | Yes | **IDENT** | NC | NC |
| 3L106 (hand-written letter) | No | --------------------- | --------------------- | --------------------- |
| 3L107 (hand-written letter) | Yes | EXC | EXC | EXC |
| 3L108 (hand-written letter) | Yes | **IDENT** | NC | NC |
| 3L109 (hand-written letter) | No | --------------------- | --------------------- | --------------------- |
| 3L110 (hand-written letter) | Yes | **IDENT** | NC | NC |
| 3L111 (hand-written letter) | No | --------------------- | --------------------- | --------------------- |
| 3L112 (Post-it with writing) | No | --------------------- | --------------------- | --------------------- |
| 3L113 (hand-written letter) | Yes | EXC | EXC | EXC |
| 40L114 (ashtray) | Yes | **IDENT** | NC | NC |
| 40L115 (ashtray) | Yes | EXC | EXC | EXC |
| 40L116 (ashtray) | Yes | **IDENT** | NC | NC |
| 40L117 (ashtray) | Yes | EXC | EXC | EXC |
| 40L118 (ashtray) | Yes | EXC | EXC | EXC |

**LABORATORY #:** L15-0654 Report #5
**AGENCY CASE #:** 87-037611

| Latent Print # | Analysis: Suitable for Identification (Yes/No) | Comparison and Evaluation Results: Key: IDENT - compared, subject identified as source of the latent print *- see SABIS statement in report; EXC - compared, subject excluded as source of the latent print; INC - inconclusive comparison, subject neither identified nor excluded as source of the latent print (area of additional known prints required for conclusive comparison indicated); NC - subject not compared. The latent print(s) were compared to the following known prints bearing the name(s): | | |
|---|---|---|---|---|
| | | **Hector M. Rivas** | **Pasquale Barracella (alias: Pasquale Barricilla)** | **Richard Francis Conte** |
| 40L119 (ashtray) | Yes | EXC | INC (need fully recorded sides of fingers) | EXC |
| 40L120 (ashtray) | No | --------------------- | --------------------- | --------------------- |
| 40L121 (ashtray) | No | --------------------- | --------------------- | --------------------- |
| 40L122 (ashtray) | No | --------------------- | --------------------- | --------------------- |
| 40L123 (ashtray) | Yes | **IDENT** | NC | NC |
| 40L124 (ashtray) | Yes | EXC | INC (need fully recorded tips of fingers) | EXC |
| 35L125 (telephone) | Yes | EXC | EXC | EXC |
| 35L126 (telephone) | No | --------------------- | --------------------- | --------------------- |
| 35L127 (telephone) | Yes | INC (need fully recorded tips of fingers) | INC (need fully recorded tips of fingers) | INC (need fully recorded tips of fingers) |
| 35L128 (telephone) | Yes | EXC | EXC | EXC |
| 35L129 (telephone) | No | --------------------- | --------------------- | --------------------- |
| 35L130 (telephone) | No | --------------------- | --------------------- | --------------------- |
| 35L131 (telephone) | Yes | INC (need major case prints) | INC (need major case prints) | INC (need major case prints) |
| 35L132 (telephone) | Yes | INC (need major case prints) | INC (need major case prints) | INC (need major case prints) |
| 35L133 (telephone) | Yes | EXC | INC (need fully recorded palmprints) | INC (need fully recorded palmprints) |
| 35L134 (telephone) | Yes | EXC | EXC | EXC |
| 35L135 (telephone) | Yes | EXC | EXC | EXC |
| 35L136 (telephone) | Yes | EXC | INC (need fully recorded tips of fingers) | EXC |
| 35L137 (telephone) | No | --------------------- | --------------------- | --------------------- |
| 40L138 (ashtray) | Yes | EXC | EXC | EXC |
| 40L139 (ashtray) | No | --------------------- | --------------------- | --------------------- |

**LABORATORY #:** L15-0654 Report #5
**AGENCY CASE #:** 87-037611

| Latent Print # | Analysis: Suitable for Identification (Yes/No) | Comparison and Evaluation Results: Key: IDENT - compared, subject identified as source of the latent print *- see SABIS statement in report; EXC - compared, subject excluded as source of the latent print; INC - inconclusive comparison, subject neither identified nor excluded as source of the latent print (area of additional known prints required for conclusive comparison indicated); NC - subject not compared. The latent print(s) were compared to the following known prints bearing the name(s): | | |
|---|---|---|---|---|
| | | **Hector M. Rivas** | **Pasquale Barracella (alias: Pasquale Barricilla)** | **Richard Francis Conte** |
| 40L140 (ashtray) | Yes | **IDENT** | NC | NC |
| 42L141 (library card) | No | --------------------- | --------------------- | --------------------- |

A Statewide Automated Biometric Identification System (SABIS) analysis of the remaining unidentified latent prints determined that there are latent prints suitable for SABIS entry. A SABIS search has been deferred at this time per Assistant District Attorney Robert Moran. Examination of Items 37, 38, 39, and 43, as well as examination of the remaining trash contents from Item 42 have also been deferred at this time per Assistant District Attorney Robert Moran. If further examination would significantly aid in the investigation, please contact the author of this report.

If elimination prints of Valerie Hill, or additional known fingerprints or palmprints of Hector M. Rivas, Pasquale Barracella (alias: Pasquale Barricilla), or Richard Francis Conte become available for comparison, please contact the author of this report.

**REMARKS:**
The digitally captured latent prints from Items 3, 4, 5, 7, 9, 10, 11, 13, 16, 17, 35, 40, and 42 have been preserved and retained at the CFS Laboratories.

Apparent hairs/fibers were observed in Item 42 (trash contents) and retained in the original packaging.

Please see www.criminaljustice.ny.gov/forensic/labreportstandards.htm for definitions of significant terms used in this report.

This report contains the conclusions, opinions and interpretations of the certifying examiner whose signature appears on the report. This report does not constitute the entire case record. The case record may be comprised of worksheets, images, analytical data, and other documents. I certify that this report accurately reflects the results of an examination, comparison, or test performed by me. False statements made herein are punishable as a class A misdemeanor pursuant to Section 210.45 of the Penal Law of the State of New York.

AFFIRMED UNDER PENALTY OF PERJURY

**Results Certified By:** ______________________ **Date:** 06/09/2016

Ashley Mull
Latent Print Examiner

Wallie Howard, Jr.
Center for Forensic Sciences
100 ELIZABETH BLACKWELL ST.
SYRACUSE, NY 13210
PHONE 315-435-3800 FAX 315-435-5048

# REPORT OF LABORATORY ANALYSIS
## Report #5

## LATENT PRINT SECTION

JOANNE M. MAHONEY
County Executive

INDU GUPTA, MD, MPH
Commissioner of Health

KATHLEEN CORRADO, PhD
Director of Laboratories

---

**LABORATORY #:** L15-0654
**AGENCY CASE #:** 87-037611

**INVESTIGATING AGENCY:** Syracuse Police Department
511 South State Street
Syracuse, NY 13202

---

**ITEMS FOR EXAMINATION:**

| ITEM # | RECEIVED | ITEM DESCRIPTION |
|---|---|---|
| 3 | 06/10/2015 | One key ring containing seven keys and one paper keychain labeled "5", five Post-it notes with handwriting, one torn piece of white paper with handwriting, one torn piece of blank white paper, one purple envelope addressed to "Ms. Valerie Hill", and ten pages of handwritten letters |
| 4 | 06/10/2015 | One broken drinking glass and two paper towels |
| 5 | 06/10/2015 | Two BENNIGAN'S matchbooks containing matches |
| 7 | 06/10/2015 | One BACARDI Superior Rum glass bottle received with one piece of lift tape adhered to side |
| 9 | 06/10/2015 | One clear drinking glass |
| 10 | 06/10/2015 | One Stephen King "The Dark Tower: The Gunslinger" book, one clear plastic book jacket, two brown paper book covers, one pink Mid-York library card, one piece of paper with handwriting, and one brown envelope addressed to the Cazenovia Library |
| 11 | 06/10/2015 | One clear drinking glass |
| 13 | 06/10/2015 | One empty BLUE NUN White Wine glass bottle received with four pieces of lift tape adhered to side |
| 17 | 06/10/2015 | One yellow Post-it note with handwriting |
| 33 | 12/14/2015 | One inked fingerprint card and two inked palmprint cards bearing the name Hector M. Rivas (DOB 02/20/1952, date printed 11/25/1992) |
| 35 | 03/30/2016 | One CONAIRPHONE push button telephone |
| 36 | 03/30/2016 | One NYNEX phone book |
| 37 | 03/30/2016 | Indicated on Evidence Submission Receipt as one bottle of Triple Sec |
| 38 | 03/30/2016 | Indicated on Evidence Submission Receipt as one bottle of table wine |
| 39 | 03/30/2016 | Indicated on Evidence Submission Receipt as one bottle of brandy |
| 40 | 03/30/2016 | One metal ashtray received with one piece of lift tape adhered to bottom |
| 40.1 | 03/30/2016 | One latent print lift card containing the lift tape removed from the metal ashtray |
| 42 | 03/30/2016 | Miscellaneous contents including two library cards purported as being from the victim's trashcan |
| 43 | 03/30/2016 | Indicated on Evidence Submission Receipt as one bottle of vodka |

**LABORATORY #:** L15-0654 Report #5
**AGENCY CASE #:** 87-037611

Two live-scan fingerprint cards bearing the name Hector Rivas (NYSID #01375082H, DOB 02/20/1952, dates fingerprinted 03/24/2015 and 04/17/2015) obtained at the CFS Laboratories via the OCSO RICI System

Four copies of inked fingerprint cards bearing the name Richard F. Conte (NYSID #4107732R, DOB 12/30/1956, dates of arrest 05/10/1980, 06/24/1981, 07/13/1984, and 10/06/1992) received 04/15/2016 from the New York State Division of Criminal Justice Services

One copy of an inked fingerprint card bearing the name Richard Francis Conte (FBI #361734R1) received 04/11/2016 from the Federal Bureau of Investigation's Criminal Justice Information Services Division

One copy of an inked fingerprint card bearing the NYSID #04107732R obtained at the CFS Laboratories via the Statewide Automated Biometric Identification System (SABIS)

One copy of an inked fingerprint card bearing the name Pasquale Barricilla (NYSID #4497062K, DOB 03/22/1961, date of arrest 10/28/1979) received 04/15/2016 from the New York State Division of Criminal Justice Services

One copy of an inked fingerprint card bearing the name Pasquale Barracella (FBI #716323V11) received 04/11/2016 from the Federal Bureau of Investigation's Criminal Justice Information Services Division

One copy of an inked fingerprint card bearing the NYSID #04497062K obtained at the CFS Laboratories via the Statewide Automated Biometric Identification System (SABIS)

**RESULTS:**

Item 36 (exterior cover of phone book only) was visually examined for the presence of latent prints. No latent prints were observed on Item 36.

Items 35, 40, and 42 (library cards only) were examined for the presence of latent prints utilizing visual, physical, and chemical methods. Twenty-eight latent prints were digitally captured and labeled as follows:

- Item 40 (ashtray) – Latent prints 40L114 through 40L124, 40L138 through 40L140
- Item 35 (telephone) – Latent prints 35L125 through 35L137
- Item 42 (library card) – Latent print 42L141

Examinations of latent prints were conducted using the Analysis, Comparison, Evaluation, and Verification (ACE-V) process with the results indicated in the following tables on pages 3 through 8.

**LABORATORY #:** L15-0654 Report #5
**AGENCY CASE #:** 87-037611

| Latent Print # | Analysis: Suitable for Identification (Yes/No) | Comparison and Evaluation Results: Key: IDENT - compared, subject identified as source of the latent print *- see SABIS statement in report; EXC - compared, subject excluded as source of the latent print; INC - inconclusive comparison, subject neither identified nor excluded as source of the latent print (area of additional known prints required for conclusive comparison indicated); NC - subject not compared. The latent print(s) were compared to the following known prints bearing the name(s): | | |
|---|---|---|---|---|
| | | **Hector M. Rivas** | **Pasquale Barracella (alias: Pasquale Barricilla)** | **Richard Francis Conte** |
| 4L1 (broken drink glass) | Yes | See Report of Laboratory Analysis - Report #3 | EXC | EXC |
| 4L3 (broken drink glass) | Yes | See Report of Laboratory Analysis - Report #3 | EXC | EXC |
| 4L4 (broken drink glass) | Yes | See Report of Laboratory Analysis - Report #3 | EXC | EXC |
| 4L5 (broken drink glass) | Yes | See Report of Laboratory Analysis - Report #3 | INC (need fully recorded tips and joints of fingers) | INC (need fully recorded tips and joints of fingers) |
| 4L6 (broken drink glass) | Yes | See Report of Laboratory Analysis - Report #3 | INC (need fully recorded sides of fingers) | EXC |
| 7L10 (Bacardi bottle) | Yes | See Report of Laboratory Analysis - Report #3 | INC (need major case prints) | INC (need major case prints) |
| 7L11 (Bacardi bottle) | Yes | See Report of Laboratory Analysis - Report #3 | EXC | EXC |
| 7L12 (Bacardi bottle) | Yes | See Report of Laboratory Analysis - Report #3 | EXC | EXC |
| 7L13 (Bacardi bottle) | Yes | See Report of Laboratory Analysis - Report #3 | EXC | EXC |
| 9L14 (drink glass) | Yes | See Report of Laboratory Analysis - Report #3 | EXC | EXC |
| 9L15 (drink glass) | Yes | See Report of Laboratory Analysis - Report #3 | EXC | EXC |
| 9L16 (drink glass) | Yes | See Report of Laboratory Analysis - Report #3 | EXC | EXC |
| 9L18 (drink glass) | Yes | See Report of Laboratory Analysis - Report #3 | EXC | EXC |
| 9L20 (drink glass) | Yes | See Report of Laboratory Analysis - Report #3 | EXC | EXC |
| 9L21 (drink glass) | Yes | See Report of Laboratory Analysis - Report #3 | EXC | EXC |
| 11L26 (drink glass) | Yes | See Report of Laboratory Analysis - Report #3 | EXC | EXC |
| 11L27 (drink glass) | Yes | See Report of Laboratory Analysis - Report #3 | INC (need fully recorded tips and sides of fingers) | EXC |
| 11L28 (drink glass) | Yes | See Report of Laboratory Analysis - Report #3 | INC (need fully recorded sides of fingers) | EXC |
| 11L29 (drink glass) | Yes | See Report of Laboratory Analysis - Report #3 | EXC | EXC |
| 11L30 (drink glass) | Yes | See Report of Laboratory Analysis - Report #3 | EXC | EXC |
| 13L34 (Blue Nun bottle) | Yes | See Report of Laboratory Analysis - Report #3 | INC (need fully recorded tips of fingers) | EXC |

**LABORATORY #:** L15-0654 Report #5
**AGENCY CASE #:** 87-037611

| Latent Print # | Analysis: Suitable for Identification (Yes/No) | Comparison and Evaluation Results:<br>Key: IDENT - compared, subject identified as source of the latent print *- see SABIS statement in report<br>EXC - compared, subject excluded as source of the latent print<br>INC - inconclusive comparison, subject neither identified nor excluded as source of the latent print (area of additional known prints required for conclusive comparison indicated)<br>NC - subject not compared<br>The latent print(s) were compared to the following known prints bearing the name(s): | | |
|---|---|---|---|---|
| | | **Hector M. Rivas** | **Pasquale Barracella (alias: Pasquale Barricilla)** | **Richard Francis Conte** |
| 7L38 (Bacardi bottle) | Yes | See Report of Laboratory Analysis - Report #3 | INC (need fully recorded tips and sides of fingers) | EXC |
| 4L43 (broken drink glass) | Yes | See Report of Laboratory Analysis - Report #3 | EXC | EXC |
| 9L45 (drink glass) | Yes | See Report of Laboratory Analysis - Report #3 | EXC | EXC |
| 9L47 (drink glass) | Yes | See Report of Laboratory Analysis - Report #3 | EXC | EXC |
| 9L48 (drink glass) | Yes | See Report of Laboratory Analysis - Report #3 | EXC | EXC |
| 4L49 (broken drink glass) | Yes | See Report of Laboratory Analysis - Report #3 | EXC | EXC |
| 9L50 (drink glass) | Yes | See Report of Laboratory Analysis - Report #3 | EXC | EXC |
| 7L51 (Bacardi bottle) | Yes | See Report of Laboratory Analysis - Report #3 | INC (need major case prints) | INC (need major case prints) |
| 5L56 (matchbook) | Yes | See Report of Laboratory Analysis - Report #3 | INC (need fully recorded sides of fingers) | INC (need fully recorded sides of fingers) |
| 17L57 (Post-it note) | Yes | See Report of Laboratory Analysis - Report #3 | EXC | EXC |
| 10L60 (page from book) | Yes | See Report of Laboratory Analysis - Report #3 | EXC | EXC |
| 10L61 (page from book) | Yes | See Report of Laboratory Analysis - Report #3 | EXC | EXC |
| 10L63 (page from book) | Yes | See Report of Laboratory Analysis - Report #3 | EXC | EXC |
| 10L66 (page from book) | Yes | See Report of Laboratory Analysis - Report #3 | INC (need fully recorded sides of fingers) | INC (need fully recorded sides of fingers) |
| 10L68 (plastic book jacket) | Yes | See Report of Laboratory Analysis - Report #3 | EXC | EXC |
| 10L69 (plastic book jacket) | Yes | See Report of Laboratory Analysis - Report #3 | EXC | EXC |
| 10L70 (plastic book jacket) | Yes | See Report of Laboratory Analysis - Report #3 | EXC | EXC |
| 10L71 (plastic book jacket) | Yes | See Report of Laboratory Analysis - Report #3 | EXC | EXC |
| 10L72 (plastic book jacket) | No | ---------------------- | ---------------------- | ---------------------- |
| 10L73 (plastic book jacket) | Yes | INC (need major case prints) | INC (need major case prints) | INC (need major case prints) |
| 10L75 (plastic book jacket) | No | ---------------------- | ---------------------- | ---------------------- |

**LABORATORY #:** L15-0654 Report #5
**AGENCY CASE #:** 87-037611

| Latent Print # | Analysis: Suitable for Identification (Yes/No) | Comparison and Evaluation Results: Key: IDENT - compared, subject identified as source of the latent print *- see SABIS statement in report; EXC - compared, subject excluded as source of the latent print; INC - inconclusive comparison, subject neither identified nor excluded as source of the latent print (area of additional known prints required for conclusive comparison indicated); NC - subject not compared. The latent print(s) were compared to the following known prints bearing the name(s): | | |
|---|---|---|---|---|
| | | **Hector M. Rivas** | **Pasquale Barracella (alias: Pasquale Barricilla)** | **Richard Francis Conte** |
| 10L76 (plastic book jacket) | Yes | EXC | EXC | EXC |
| 10L78 (plastic book jacket) | Yes | EXC | EXC | EXC |
| 10L79 (plastic book jacket) | Yes | **IDENT** | NC | NC |
| 10L80 (plastic book jacket) | No | ---------------------- | ---------------------- | ---------------------- |
| 10L81 (plastic book jacket) | No | ---------------------- | ---------------------- | ---------------------- |
| 10L82 (plastic book jacket) | Yes | **IDENT** | NC | NC |
| 10L83 (plastic book jacket) | No | ---------------------- | ---------------------- | ---------------------- |
| 16L84 (paper with writing) | Yes | EXC | NC (need fully recorded palmprints) | NC (need fully recorded palmprints) |
| 16L85 (paper with writing) | No | ---------------------- | ---------------------- | ---------------------- |
| 16L86 (paper with writing) | Yes | See Report of Laboratory Analysis - Report #3 | EXC | EXC |
| 16L87 (paper with writing) | Yes | INC (need fully recorded sides of fingers) | INC (need fully recorded sides of fingers) | EXC |
| 16L88 (paper with writing) | Yes | EXC | NC (need fully recorded palmprints) | NC (need fully recorded palmprints) |
| 3L89 (Post-it with writing) | No | ---------------------- | ---------------------- | ---------------------- |
| 3L90 (Post-it with writing) | Yes | EXC | INC (need fully recorded tips and sides of fingers) | EXC |
| 3L91 (Post-it with writing) | Yes | **IDENT** | NC | NC |
| 3L92 (hand-written letter) | Yes | EXC | EXC | EXC |
| 3L93 (hand-written letter) | Yes | EXC | EXC | EXC |
| 3L94 (hand-written letter) | Yes | EXC | EXC | EXC |
| 3L95 (hand-written letter) | Yes | EXC | EXC | EXC |
| 3L96 (hand-written letter) | Yes | **IDENT** | NC | NC |
| 3L97 (hand-written letter) | Yes | INC (need fully recorded writer's palms) | NC (need fully recorded palmprints) | NC (need fully recorded palmprints) |

**LABORATORY #:** L15-0654 Report #5
**AGENCY CASE #:** 87-037611

<table>
<tr><th rowspan="2">Latent Print #</th><th rowspan="2"><u>Analysis:</u> Suitable for Identification (Yes/No)</th><th colspan="3"><u>Comparison and Evaluation Results:</u><br>Key: IDENT - compared, subject identified as source of the latent print *- see SABIS statement in report<br>EXC - compared, subject excluded as source of the latent print<br>INC - inconclusive comparison, subject neither identified nor excluded as source of the latent print (area of additional known prints required for conclusive comparison indicated)<br>NC - subject not compared<br>The latent print(s) were compared to the following known prints bearing the name(s):</th></tr>
<tr><th>Hector M. Rivas</th><th>Pasquale Barracella (alias: Pasquale Barricilla)</th><th>Richard Francis Conte</th></tr>
<tr><td>3L98 (hand-written letter)</td><td>No</td><td>--------------------</td><td>--------------------</td><td>--------------------</td></tr>
<tr><td>3L99 (hand-written letter)</td><td>No</td><td>--------------------</td><td>--------------------</td><td>--------------------</td></tr>
<tr><td>3L100 (hand-written letter)</td><td>No</td><td>--------------------</td><td>--------------------</td><td>--------------------</td></tr>
<tr><td>3L101 (Post-it with writing)</td><td>Yes</td><td>IDENT</td><td>NC</td><td>NC</td></tr>
<tr><td>3L102 (Post-it with writing)</td><td>Yes</td><td>EXC</td><td>EXC</td><td>EXC</td></tr>
<tr><td>3L103 (Post-it with writing)</td><td>Yes</td><td>EXC</td><td>EXC</td><td>EXC</td></tr>
<tr><td>3L104 (hand-written letter)</td><td>No</td><td>--------------------</td><td>--------------------</td><td>--------------------</td></tr>
<tr><td>3L105 (hand-written letter)</td><td>Yes</td><td>IDENT</td><td>NC</td><td>NC</td></tr>
<tr><td>3L106 (hand-written letter)</td><td>No</td><td>--------------------</td><td>--------------------</td><td>--------------------</td></tr>
<tr><td>3L107 (hand-written letter)</td><td>Yes</td><td>EXC</td><td>EXC</td><td>EXC</td></tr>
<tr><td>3L108 (hand-written letter)</td><td>Yes</td><td>IDENT</td><td>NC</td><td>NC</td></tr>
<tr><td>3L109 (hand-written letter)</td><td>No</td><td>--------------------</td><td>--------------------</td><td>--------------------</td></tr>
<tr><td>3L110 (hand-written letter)</td><td>Yes</td><td>IDENT</td><td>NC</td><td>NC</td></tr>
<tr><td>3L111 (hand-written letter)</td><td>No</td><td>--------------------</td><td>--------------------</td><td>--------------------</td></tr>
<tr><td>3L112 (Post-it with writing)</td><td>No</td><td>--------------------</td><td>--------------------</td><td>--------------------</td></tr>
<tr><td>3L113 (hand-written letter)</td><td>Yes</td><td>EXC</td><td>EXC</td><td>EXC</td></tr>
<tr><td>40L114 (ashtray)</td><td>Yes</td><td>IDENT</td><td>NC</td><td>NC</td></tr>
<tr><td>40L115 (ashtray)</td><td>Yes</td><td>EXC</td><td>EXC</td><td>EXC</td></tr>
<tr><td>40L116 (ashtray)</td><td>Yes</td><td>IDENT</td><td>NC</td><td>NC</td></tr>
<tr><td>40L117 (ashtray)</td><td>Yes</td><td>EXC</td><td>EXC</td><td>EXC</td></tr>
<tr><td>40L118 (ashtray)</td><td>Yes</td><td>EXC</td><td>EXC</td><td>EXC</td></tr>
</table>

**LABORATORY #:** L15-0654 Report #5
**AGENCY CASE #:** 87-037611

| Latent Print # | Analysis: Suitable for Identification (Yes/No) | Comparison and Evaluation Results: Key: IDENT - compared, subject identified as source of the latent print *- see SABIS statement in report; EXC - compared, subject excluded as source of the latent print; INC - inconclusive comparison, subject neither identified nor excluded as source of the latent print (area of additional known prints required for conclusive comparison indicated); NC - subject not compared. The latent print(s) were compared to the following known prints bearing the name(s): | | |
|---|---|---|---|---|
| | | **Hector M. Rivas** | **Pasquale Barracella (alias: Pasquale Barricilla)** | **Richard Francis Conte** |
| 40L119 (ashtray) | Yes | EXC | INC (need fully recorded sides of fingers) | EXC |
| 40L120 (ashtray) | No | --------------------- | --------------------- | --------------------- |
| 40L121 (ashtray) | No | --------------------- | --------------------- | --------------------- |
| 40L122 (ashtray) | No | --------------------- | --------------------- | --------------------- |
| 40L123 (ashtray) | Yes | **IDENT** | NC | NC |
| 40L124 (ashtray) | Yes | EXC | INC (need fully recorded tips of fingers) | EXC |
| 35L125 (telephone) | Yes | EXC | EXC | EXC |
| 35L126 (telephone) | No | --------------------- | --------------------- | --------------------- |
| 35L127 (telephone) | Yes | INC (need fully recorded tips of fingers) | INC (need fully recorded tips of fingers) | INC (need fully recorded tips of fingers) |
| 35L128 (telephone) | Yes | EXC | EXC | EXC |
| 35L129 (telephone) | No | --------------------- | --------------------- | --------------------- |
| 35L130 (telephone) | No | --------------------- | --------------------- | --------------------- |
| 35L131 (telephone) | Yes | INC (need major case prints) | INC (need major case prints) | INC (need major case prints) |
| 35L132 (telephone) | Yes | INC (need major case prints) | INC (need major case prints) | INC (need major case prints) |
| 35L133 (telephone) | Yes | EXC | INC (need fully recorded palmprints) | INC (need fully recorded palmprints) |
| 35L134 (telephone) | Yes | EXC | EXC | EXC |
| 35L135 (telephone) | Yes | EXC | EXC | EXC |
| 35L136 (telephone) | Yes | EXC | INC (need fully recorded tips of fingers) | EXC |
| 35L137 (telephone) | No | --------------------- | --------------------- | --------------------- |
| 40L138 (ashtray) | Yes | EXC | EXC | EXC |
| 40L139 (ashtray) | No | --------------------- | --------------------- | --------------------- |

**LABORATORY #:** L15-0654 Report #5
**AGENCY CASE #:** 87-037611

| Latent Print # | **Analysis:** Suitable for Identification (Yes/No) | **Comparison and Evaluation Results:** Key: IDENT - compared, subject identified as source of the latent print *- see SABIS statement in report; EXC - compared, subject excluded as source of the latent print; INC - inconclusive comparison, subject neither identified nor excluded as source of the latent print (area of additional known prints required for conclusive comparison indicated); NC - subject not compared. The latent print(s) were compared to the following known prints bearing the name(s): | | |
|---|---|---|---|---|
| | | **Hector M. Rivas** | **Pasquale Barracella (alias: Pasquale Barricilla)** | **Richard Francis Conte** |
| 40L140 (ashtray) | Yes | **IDENT** | NC | NC |
| 42L141 (library card) | No | ---------------------- | ---------------------- | ---------------------- |

A Statewide Automated Biometric Identification System (SABIS) analysis of the remaining unidentified latent prints determined that there are latent prints suitable for SABIS entry. A SABIS search has been deferred at this time per Assistant District Attorney Robert Moran. Examination of Items 37, 38, 39, and 43, as well as examination of the remaining trash contents from Item 42 have also been deferred at this time per Assistant District Attorney Robert Moran. If further examination would significantly aid in the investigation, please contact the author of this report.

If elimination prints of Valerie Hill, or additional known fingerprints or palmprints of Hector M. Rivas, Pasquale Barracella (alias: Pasquale Barricilla), or Richard Francis Conte become available for comparison, please contact the author of this report.

**REMARKS:**
The digitally captured latent prints from Items 3, 4, 5, 7, 9, 10, 11, 13, 16, 17, 35, 40, and 42 have been preserved and retained at the CFS Laboratories.

Apparent hairs/fibers were observed in Item 42 (trash contents) and retained in the original packaging.

Please see www.criminaljustice.ny.gov/forensic/labreportstandards.htm for definitions of significant terms used in this report.

This report contains the conclusions, opinions and interpretations of the certifying examiner whose signature appears on the report. This report does not constitute the entire case record. The case record may be comprised of worksheets, images, analytical data, and other documents. I certify that this report accurately reflects the results of an examination, comparison, or test performed by me. False statements made herein are punishable as a class A misdemeanor pursuant to Section 210.45 of the Penal Law of the State of New York.

AFFIRMED UNDER PENALTY OF PERJURY

**Results Certified By:** Ashley Mull (signature)
Ashley Mull
Latent Print Examiner

**Date:** 06/09/2016