**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

FLOR RIVAS, Executor of the Estate of Hector Rivas, also known as FLORA RIVAS, formerly known as SIDNEY MANES, administrator of the estate of Hector Rivas,

Plaintiff,

5:19-cv-00844 (BKS/CBF)

v.

ONONDAGA COUNTY and DR. ERIK MITCHELL,

Defendants.

---

**Appearances:**

*For Plaintiff:*
Rob Rickner
Joshua S. Moskovitz
Rickner Moskovitz LLP
14 Wall Street, Suite 4C
New York, New York 10005

Scott A. Korenbaum
The Law Offices of Scott A. Korenbaum
14 Wall Street, Suite 4C
New York, New York 10005

*For Defendant Onondaga County:*
John G. Powers
Mary L. D'Agostino
Hancock Estabrook LLP
100 Madison Street, Suite 1800
Syracuse, New York 13202

*For Defendant Mitchell:*
Robert F. Julian
Robert F. Julian, P.C.
2037 Genesee Street
Utica, New York 13501

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

## I. INTRODUCTION

Plaintiff Flor Rivas, executor of Hector Rivas's estate, brought this 42 U.S.C. § 1983 action against Defendants, stemming from Hector's prosecution for the murder of Valerie Hill. A jury trial on Plaintiff's remaining claims is set for November 30, 2026. (Dkt. No. 200). In May 2026, the Court granted Defendants leave to submit briefing requesting that certain of the remaining claims be dismissed as a matter of law as barred by the statute of limitations. (*See* May 20, 2026 Minute Entry). Presently before the Court is that request, which is fully briefed. (Dkt. Nos. 213, 225, 227).[1] For the reasons that follow, the request is denied.[2]

## II. BACKGROUND

The Court assumes the parties' familiarity with the factual and legal background of this case, discussing below only those facts necessary to explain its decision. (*See generally* Dkt. No. 165 (summary judgment memorandum-decision and order)). The relevant facts—drawn primarily from the parties' submissions and the Court's September 2025 summary judgment decision—are undisputed. (*See* Dkt. No. 213, at 3; *see also* Dkt. No. 225, at 2–12).

A state jury convicted Hector Rivas of Hill's murder in March 1993. (*See* Dkt. No. 165, at 9, 11). After extensive post-conviction litigation, the Second Circuit issued a March 2015 decision reversing a federal district court's denial of 28 U.S.C. § 2254 relief. *See Rivas v. Fischer*, 780 F.3d 529, 552 (2d Cir. 2015). The Second Circuit concluded that New York courts had unreasonably applied federal law in denying Rivas's ineffective assistance of counsel claim.

---

[1] Defendant Mitchell joined in the County's briefing. (Dkt. No. 212, at 4; Dkt. No. 226, at 1).

[2] At the October 16, 2026 video hearing, the Court informed the parties that it expected to deny Defendants' request in a written decision. This is that decision.

*Id.* Accordingly, it ordered the district court to issue Rivas a writ of habeas corpus within 60 days unless New York State took "concrete and substantial steps expeditiously to retry" him. *Id.*

In accordance with the Second Circuit's decision, the county court vacated Rivas's conviction on April 20, 2015. (Dkt. No. 213-2, at 2, 5). Although prosecutors planned to retry Rivas, he passed away on July 10, 2016, before a second trial could commence. (Dkt. No. 213-4, at 2). Having "received notice that [Rivas] was deceased," the county court dismissed the indictment on July 14, 2016. (Dkt. No. 213-5, at 2).

Plaintiff commenced this civil action on July 13, 2019. (Dkt. No. 1). The following claims are set for trial: (1) Plaintiff's fair-trial fabricated evidence claim against Mitchell in his individual capacity; (2) Plaintiff's fair-trial fabricated evidence claim against the County pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978); and (3) Plaintiff's claim under *Brady v. Maryland*, 373 U.S. 83 (1963), against the County pursuant to *Monell*.[3] (*See* Dkt. No. 165, at 42–43).

## III. DISCUSSION

"The statute of limitations for § 1983 actions arising in New York is three years." *Lucente v. Cnty. of Suffolk*, 980 F.3d 284, 308 (2d Cir. 2020). "Although courts look to state law for the length of the limitations period, the time at which a § 1983 claim accrues 'is a question of federal law,' 'conforming in general to common-law tort principles.'" *McDonough v. Smith*, 588 U.S. 109, 115 (2019) (quoting *Wallace v. Kato*, 549 U.S. 384, 388 (2007)). The parties here disagree as to when Plaintiff's claims accrued. Defendants argue that they accrued either on April 20, 2015, the date the county court vacated Rivas's conviction, or July 10, 2016, the date

[3] In a subsequently-filed sanctions motion, Plaintiff contends that an additional claim remains for trial, a § 1983 prolonged detention claim against the County pursuant to *Monell*. (Dkt. No. 234-1, at 8). That claim is not discussed here. This decision, like the parties' statute of limitations briefing, addresses only the fabricated evidence and *Brady* claims.

Rivas passed away. (Dkt. No. 213, at 4–11). Plaintiff maintains that the claims accrued on July 14, 2016, the date the county court dismissed the indictment. (Dkt. No. 225, at 6–12). Given the three-year statute of limitations, this action—commenced on July 13, 2019—is timely only if the claims accrued upon the indictment's dismissal on July 14, 2016. *See Lucente*, 980 F.3d at 308. The Court addresses accrual as to the fabricated evidence and *Brady* claims separately, in turn. *Cf. McDonough*, 588 U.S. at 115 n.2 (declining to "address what the accrual rule would be for" fabricated-evidence claims "rooted in other types of harm" not before the Court).

As to the fabricated evidence claims, the Supreme Court in *McDonough*—as interpreted by the Second Circuit—held that, "[w]here the plaintiff asserts a section 1983 fair-trial claim based on fabricated evidence, all that is required [for accrual] is that the underlying criminal proceeding be terminated in such a manner that the lawsuit does not impugn an *ongoing* prosecution or *outstanding* conviction." *See Smalls v. Collins*, 10 F.4th 117, 139 (2d Cir. 2021) (citing *McDonough*, 588 U.S. at 119, 123), *abrogated on other grounds by Thompson v. Clark*, 596 U.S. 36, 39 (2022). Although the county court vacated Rivas's conviction in April 2015, the prosecution—prompted in part by Mitchell's allegedly fabricated time of death estimation, (*see* Dkt. No. 165, at 5–8)—remained ongoing as the district attorney's office prepared to retry Rivas. Any successful fabricated evidence claim would have impugned that ongoing prosecution, until the county court dismissed the indictment on July 14, 2016. *See Smalls*, 10 F.4th at 139; *see also McDonough*, 588 U.S. at 119. Because the fabricated evidence claim accrued on that date, it was timely asserted on July 13, 2019. *See Lucente*, 980 F.3d at 308.

Resisting this conclusion, Defendants point to certain language in *Smalls*. (*See* Dkt. No. 213, at 4; Dkt. No. 227, at 2–7). Specifically, they highlight the Second Circuit's observation that *McDonough* "phrased its accrual rule disjunctively, making clear that invalidation of a

conviction within the meaning of *Heck or* termination of an ongoing criminal proceeding in the defendant's favor would be sufficient to trigger the statute of limitations." *Smalls*, 10 F.4th at 138. Read in proper context, however, that language explained the Second Circuit's holding that *McDonough*'s accrual rule was not "merely coextensive with malicious prosecution's favorable termination requirement." *See Smalls*, 10 F.4th at 135–39. Consistent with *McDonough* and *Smalls*, Plaintiff's fabricated evidence claims accrued upon dismissal of the indictment—the point at which no "conviction" or "pending charges" existed for those claims to impugn. *See id.* at 139, 140; *cf. McDonough*, 588 U.S. at 119 ("There is not a complete and present cause of action to bring a fabricated-evidence challenge to criminal proceedings while those criminal proceedings are ongoing." (citation modified)).

Likewise, Plaintiff's *Brady* claim is timely because it, too, accrued when the county court dismissed the indictment on July 14, 2016. *See Lucente*, 980 F.3d at 308. To be sure, as Defendants point out, (Dkt. No. 213, at 8), the Second Circuit has stated in the *Brady* context that, "when a defendant is retried, a § 1983 suit concerning the earlier trial could not impeach the new trial's result." *Poventud v. City of New York*, 750 F.3d 121, 134 (2d Cir. 2014) (en banc). This is so, the Circuit explained, because a § 1983 suit "would not impugn a retrial, which on its face could not replicate the constitutional violations at issue (since the defendant must, by definition, have been made aware of the *Brady* material before vacatur)." *Id.* (emphasis omitted).

But *Poventud* concerned only whether the claims at issue there could proceed under *Heck v. Humphrey*, 512 U.S. 477 (1994), not the accrual of § 1983 *Brady* claims. *See Poventud*, 750 F.3d at 127 (holding that "*Heck* [did] not bar [the plaintiff's] § 1983 suit because his claim [did] not necessarily imply the invalidity of his outstanding conviction"). On that issue, other Circuits have held—notwithstanding *Heck*—that "the statute of limitations for a *Brady* claim does not

accrue until the criminal proceedings terminate in the defendant's favor." *Camm v. Faith*, 937 F.3d 1096, 1111 (7th Cir. 2019); *see also Jordan v. Blount Cnty.*, 885 F.3d 413, 415 (6th Cir. 2018) ("A *Brady* claim under § 1983 cannot accrue . . . until the criminal proceeding so terminates."); *Owens v. Balt. City State's Att'ys Off.*, 767 F.3d 379, 390–92 (4th Cir. 2014). Indeed, as the Seventh Circuit has explained, this rule is consistent with *McDonough*'s claim accrual "reasoning" in the fabricated evidence context; the "considerations" guiding the Supreme Court's decision there "have just as much force in the *Brady* context." *See Camm*, 937 F.3d at 1110–11. Here, then, the proceedings terminated when the county court dismissed the indictment. *See Jordan*, 885 F.3d at 415 (holding that *Brady* claim "did not accrue until" plaintiff's acquittal in retrial, not following vacatur of conviction); *cf. id.* (explaining that analogous claim in prior instructive decision accrued upon indictment's dismissal, not grant of post-conviction relief (citing *King v. Harwood*, 852 F.3d 568, 579 (6th Cir. 2017)).

Finally, the Court is unpersuaded that the claims accrued upon Rivas's July 10, 2016 death. As Plaintiff notes, (Dkt. No. 225, at 11), the New York Court of Appeals has explained that a criminal defendant's death "requires that the judgment of conviction be vacated and the indictment dismissed," which "should be done by the trial court on its own motion or on application by the District Attorney or on application by the Attorneys who appeared for the defendant." *People v. Mintz*, 20 N.Y.2d 770, 771 (1967) (emphasis omitted); *People v. Hildreth*, 94 A.D.3d 777, 777 (2d Dep't 2012) (dismissing appeal as academic after defendant died, and remanding "for further proceedings consistent with *People v Mintz*"); *People v. Santiago*, 67 A.D.2d 843, 843 (1st Dep't 1979) (same). In any event, "the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law"—such as the state-law abatement principles Defendants cite, (Dkt. No. 213, at 9–11; Dkt. No. 227, at 8–10)—

but instead using "federal rules conforming in general to common-law tort principles." *See Wallace*, 549 U.S. at 388. In light of the federal-law principles discussed above, the Court concludes that Plaintiff's claims are not barred by the statute of limitations.

## IV. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Defendants' request for dismissal of the fabricated evidence and *Brady* claims as barred by the statute of limitations (Dkt. Nos. 212, 213) is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 20, 2026
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge