UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

FLOR RIVAS, Executor of the Estate of Hector Rivas, also known as FLORA RIVAS, formerly known as SIDNEY MANES, Administrator of the Estate of Hector Rivas,

Plaintiff,

v.

ONONDAGA COUNTY and ERIK MITCHELL,

Defendants.

Civil Action No.: 5:19-cv-844 (BKS/CBF)

**MEMORANDUM OF LAW IN SUPPORT OF ONONDAGA COUNTY'S MOTIONS *IN LIMINE* #2, #22, AND #35**

Date: November 4, 2026

John G. Powers, Esq.
Mary L. D'Agostino, Esq.
Amanda C. Nardozza, Esq.
Hancock Estabrook LLP
1800 AXA Tower 1, 100 Madison Street
Syracuse, NY 13202
Tel: (315) 565-4500

*Attorneys for Defendant Onondaga County*

## LEGAL STANDARD

"The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *Leonel Cruz v. United Auto. Workers Union Loc. 2300*, No. 3:18CV-0048, 2019 WL 3239843, at *26 (N.D.N.Y. July 18, 2019) (Suddaby, C.J.) (citing *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984)). This aids the trial process by narrowing evidentiary issues and decreasing trial interruptions. *See Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996).

## ARGUMENT

### II. Motion *in Limine* #2: Plaintiff should be precluded from offering post-trial "bad acts" by Dr. Mitchell

Defendant Onondaga County (the "County") respectfully moves to preclude Plaintiff from introducing evidence of any unrelated misconduct allegedly committed by Dr. Erik Mitchell after the conclusion of Hector Rivas's criminal trial on March 25, 1993—including but not limited to subsequent allegations, investigations, administrative proceedings, lawsuits, and disciplinary matters. Such evidence is irrelevant to Plaintiff's remaining constitutional claims, Fed. R. Evid. 401–402, and its admission would create a substantial risk of unfair prejudice, jury confusion, and undue delay, Fed. R. Evid. 403. In addition, it would also invite impermissible propensity reasoning under Rule 404(b).

The remaining claims against the County concern Dr. Mitchell's alleged fabrication of evidence regarding Valerie Hill's time of death and District Attorney Fitzpatrick's alleged failure to disclose impeachment material concerning Dr. Mitchell in violation of *Brady* and *Giglio*. Neither claim is established by allegations that Dr. Mitchell engaged in unrelated misconduct after the conclusion of Mr. Rivas's criminal trial in March 1993.

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402; *see United States v. Dennis*, 132 F.4th 214, 239 (2d Cir. 2025).

As to fabrication, the relevant inquiry concerns Dr. Mitchell's conduct and state of mind when he prepared and communicated the allegedly fabricated evidence in March or April of 1987 regarding the time of Valerie Hill's death.[1] *See Morse v. Fusto*, 804 F.3d 538, 547 (2d Cir. 2015). Allegations that Dr. Mitchell engaged in unrelated misconduct years later do not make it more or less likely that he knowingly or recklessly fabricated evidence in this case.

Nor is such evidence relevant to Plaintiff's *Brady/Giglio* claim. That claim turns on whether favorable impeachment information existed, whether it was suppressed, and whether any suppression resulted in prejudice. *See Poventud v. City of New York*, 750 F.3d 121, 133 (2d Cir. 2014) (en banc). onduct occurring after the 1993 trial could not have been disclosed beforehand and sheds no light on what District Attorney Fitzpatrick knew, or was obligated to disclose, at the time of trial. Consequently, evidence of post-trial misconduct is irrelevant under Rules 401 and 402.

*Even if* the Court finds some marginal relevance, exclusion is still warranted under Rule 403. Admission of unrelated allegations, investigations, or disciplinary proceedings regarding Dr. Mitchell would necessitate extensive litigation over collateral matters, creating a substantial risk of a "trial within a trial." Defendants would be forced to defend against separate accusations arising from different events, time periods, and circumstances that have little bearing on the issues before

---

[1] The Court previously determined that Dr. Mitchell had absolute immunity for his grand jury and trial testimony. *See Rivas v. Onondaga Cnty.*, No. 5:19-CV-00844 (BKS/TWD), 2025 WL 2675826, at *11 (N.D.N.Y. Sept. 18, 2025).

the jury. The resulting danger of unfair prejudice, juror confusion, delay, and waste of time substantially outweighs any limited probative value such evidence may have.

he evidence is also inadmissible under Rule 404(b). Plaintiff may not use later allegations of misconduct to argue that Dr. Mitchell had a propensity for improper forensic practices or evidence fabrication and therefore likely acted similarly during the Hector Rivas investigation. That is precisely the character-based inference prohibited by Rule 404(b)(1). *See generally United States v. Ramirez*, 894 F.2d 565, 569 (2d Cir. 1990). There is simply no permissible non-propensity purpose under Rule 404(b)(2) that would justify admission of these unrelated incidents.

Finally, Rule 608(b) provides an independent basis for exclusion. To the extent Plaintiff seeks to prove specific instances of alleged misconduct through disciplinary records, investigative findings, civil lawsuits, or other extrinsic evidence to attack Dr. Mitchell's credibility, such proof is generally prohibited. Even assuming some of the alleged conduct bears on truthfulness (which they do not), Rule 608(b) does not permit impeachment through extrinsic evidence of those acts. Because the alleged post-trial misconduct did not result in a qualifying criminal conviction under Rule 609, Plaintiff cannot circumvent Rule 608(b)'s limitations through the introduction of collateral evidence.

Accordingly, the Court should preclude Plaintiff from introducing evidence of alleged misconduct by Dr. Mitchell occurring after March 25, 1993. At a minimum, Plaintiff should be required to identify a specific permissible purpose for any such evidence and obtain a ruling outside the presence of the jury before attempting to introduce it.

## XXII. Motion *in Limine* #22: Post-trial newspaper articles regarding Dr. Mitchell should be precluded

The County also moves to preclude newspaper articles published after March 25, 1993, concerning allegations against Dr. Mitchell. This includes, but is not limited to the June 14, 1995 *Post-Standard* article cited by Plaintiff in response to Defendant Fitzpatrick's Statement of Undisputed Facts. *See* Dkt. No. 148, at 14–15; *see also* D'Agostino Declaration, Exhibit A.

The article discusses investigations into Dr. Mitchell's alleged mishandling of human remains, including conduct dating to 1985–1989, and subsequent administrative actions involving the Medical Examiner's Office. However, its publication in 1995 does not establish what District Attorney Fitzpatrick knew or failed to disclose before Mr. Rivas's criminal trial concluded in March of 1993. Nor does the article independently establish the truth of the misconduct allegations it reports. Accordingly, absent a specific connection to information known or subject to disclosure during the criminal proceedings, the article lacks any sort of relevance under Rules 401 and 402.

Moreover, to the extent Plaintiff offers the article to establish the truth of the allegations reported, it constitutes inadmissible hearsay under Rules 801 and 802, potentially including multiple levels of hearsay. Its admission would also raise substantial concerns under Rule 403. The allegations concerning Dr. Mitchell's handling of human remains are inflammatory and risk diverting the jury from the constitutional claims at issue. Defendants would necessarily seek to contest the reported allegations and explain the investigations' outcomes, creating a collateral "trial within a trial."

Even assuming some limited relevance, admission would create substantial Rule 403 concerns. The articles contain potentially inflammatory allegations and accounts of later investigations whose accuracy and significance Defendants would be entitled to contest. This

would invite collateral litigation concerning matters unrelated to the claims being tried, unnecessarily prejudicing Defendants, confusing the jury, and prolonging the trial.

Accordingly, the County respectfully requests that the Court preclude Plaintiff from introducing the June 14, 1995 *Post-Standard* article, or any other post-trial newspaper accounts concerning Dr. Mitchell.

**XXXV. Motion *in Limine* #35: Dr. Mitchell's September 2, 2026 Deposition in the *Buchhorn* Litigation Should Be Precluded.**

The County respectfully moves to preclude Plaintiff from introducing Dr. Mitchell's September 2, 2026 deposition testimony from *Buchhorn v. Board of County Commissioners of Douglas County, Kansas*, No. 2:24-cv-02580 (D. Kan.). *See* D'Agostino Declaration, Ex. B. This deposition of Dr. Mitchell does not involve the same subject matter between the same parties, as required under Fed. R. Civ. P. 32(a)(8). In addition, it constitutes inadmissible hearsay. *See* Fed. R. Evid. 801.

Under Federal Rule of Civil Procedure 32(a)(8), a deposition from an earlier action *may be* used in a subsequent action involving the same subject matter and parties, or their representatives or successors in interest. The relevant inquiry includes whether the party opposing admission had a comparable opportunity and motive to examine the witness. *See Bunnenberg v. Liberty Mut. Fire Ins. Co.*, No. 25-313-cv, 2026 WL 183866, at *3 (2d Cir. Jan. 23, 2026) (summary order).

Here, the subject matter of the forthcoming trial bears no meaningful resemblance to the issues presented in *Buckhorn*. *Buckhorn* concerns allegations that evidence was fabricated in connection with the 2016 autopsy of an infant, O.O., in the State of Kansas. *See Buckhorn*, No. 2:24-cv-02580-KHV-TJJ, Dkt. 59, at 6-7. By contrast, the upcoming jury trial in this case has no

connection whatsoever to O.O.'s death, the autopsy at issue in *Buckhorn*, or Mrs. Buckhorn's conviction. The sole commonality between the two matters is that both involve allegations against Dr. Mitchell. That similarity, standing alone, is insufficient to establish a related subject matter. Even when the concept of relatedness is "construed liberally in light of the twin goals of fairness and efficiency," *Fed. Hous. Fin. Agency v. Merrill Lynch & Co.*, No. 11 Civ. 6202 (DLC), 2014 WL 798385, at *1 (S.D.N.Y. Feb. 28, 2014) (quoting *Hub v. Sun Valley Co.*, 682 F.2d 776, 778 (9th Cir. 1982)), the two cases involve entirely different underlying facts, events, and issues. Accordingly, they cannot reasonably be considered "related" for purposes of the forthcoming trial.

Additionally, the parties in this case are not the same, nor is Defendant County a successor in interest to any party in the prior action. The September 2, 2026 deposition was taken in *Buchhorn v. The Board of County Commissioners of Douglas County, Kansas, et al.*, a case brought by Carrody M. Buchhorn against Dr. Erik Mitchell and others. In contrast, this action is brought by Flora Rivas against Dr. Erik Mitchell and others. Because the parties differ, the deposition is admissible only if Defendant County qualifies as a successor in interest to the prior party-opponent.

It does not. As the Second Circuit recently explained, "[t]he touchstone of Rule 32(a)(8) is whether 'the party-opponent in the earlier case had the same interest and motive in her cross-examination that the present opponent now has.'" *Bunnenberg*, No. 25-313-CV, 2026 WL 183866, at *3 (quoting 8A Wright & Miller, *Federal Practice and Procedure* § 2150 (3d ed. 2025)). The record establishes that no such identity of interest or motive existed here. In the *Buchhorn* deposition, the cross-examination occupied only approximately three pages of a 285-page transcript and was directed toward establishing that Dr. Mitchell's report reflected not only his own conclusions, but also findings attributable to Dr. Mackey-Bojack and laboratory personnel. *See* D'Agostino Declaration, Exxhibit B at 173. Notably absent was any meaningful examination

concerning the allegations raised during direct examination regarding the validity of Dr. Mitchell's findings in the *Rivas* matter.

The County's interest in this case is fundamentally different. Here, Defendant County seeks to establish the validity and reliability of Dr. Mitchell's findings as they relate to the claims asserted by Ms. Rivas. That interest was neither represented nor advanced during the deposition. Indeed, the prior party-opponent's failure to cross-examine Dr. Mitchell regarding the allegations concerning his work in *Rivas* underscores the absence of a shared motive. Because the prior party-opponent lacked the same interest and motive that Defendant County has in this litigation, Rule 32(a)(8)'s successor-in-interest requirement is not satisfied.

Nor does Rule 804(b)(1) furnish an independent basis for admission against the County. Dr. Mitchell is expected to testify at trial. Accordingly, Dr. Mitchell's prior deposition testimony should be excluded. Alternatively, Plaintiff should be required to identify the specific excerpts it intends to offer and establish their admissibility outside the presence of the Jury.

Dated: November 4, 2026
Syracuse, New York

Respectfully submitted,

HANCOCK ESTABROOK LLP

By: [signature]

Mary L. D'Agostino, Esq.
John G. Powers, Esq.
Amanda C. Nardozza, Esq.
1800 AXA Tower I
100 Madison Street
Syracuse, New York 13202
(315) 565-4500

COUNSEL FOR DEFENDANT ONONDAGA COUNTY